UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIANN BONOAN,<br><br>           Plaintiff,<br><br>   v.<br><br>ADOBE, INC.,<br><br>           Defendant. | Case No. 19-cv-01068-RS   (SK)<br><br>**ORDER REGARDING DISCOVERY DISPUTE**<br><br>Regarding Docket No. 57 |

Now before the Court is the discovery dispute addressed by the parties in their joint letter brief filed on October 25, 2019. Plaintiff Viann Bonoan ("Plaintiff") seeks to compel production of documents responsive to Requests for Production of Documents Nos. 6, 8, 10, 11, 14, 27 and 31. In this case, Plaintiff alleges that she received telephone calls from Defendant Adobe, Inc. ("Defendant") in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Specifically, Plaintiff alleges that Defendant made telephone calls to Plaintiff's cellular telephone number, (281) XXX-9685, by using an automatic telephone dialing system and an artificial or prerecorded voice, that Plaintiff is not a customer of Adobe, and that she does not have any business relationship with Adobe. (Dkt. 46.)

Request No. 10 seeks "[p]ermits or licenses Defendant received from a state public utilities commission or other organization for the use of an automatic dial announcing device or other automatic equipment used to make telephone calls." (Dkt. 57-1.) Defendant objects on the grounds that the request calls for a legal conclusion based on certain terms that are not contained in the request: "automatic telephone dialing system," "predictive dialer," or "artificial or prerecorded voice." It is clear that Defendant created one set of boilerplate objections and applied them to many different requests for production of documents, regardless of the actual terminology used in the request. Plaintiff argues that the language in Request No. 10 is the language used by

the public utilities in California and Texas, where Defendant does business. (Dkt. 57.) Plaintiff is correct. Publicly available information from the California Public Utility Commission and Texas Public Utility Commission use the language contained in Request No. 10. Defendant should be able to respond whether Defendant has any permits or licenses based on the terminology of state agencies.

Defendant also objects that Request No. 10 seeks documents that are not relevant to this litigation. The Court finds that the documents Plaintiff seeks are relevant. Although the permits or licenses are not central to this case, they do shed light on Defendant's internal assessment about the nature of its telephone calls. If Defendant sought and obtained licenses from the California Public Utility Commission and Texas Public Utility Commission for use of automatic dial announcing devices or other automatic equipment to make telephone calls, that information might show that Defendant believed that its practices required such a permit or license.

With regard to Requests Nos. 6, 8, 11, 14 and 27, Defendant objects to production on the same basis – that they call for a legal conclusion. Defendant bases its position on this Court's previous rulings in which the Court found that certain interrogatories called for legal conclusions. (Dkts. 55; 59.) However, Requests Nos. 6, 8, 11, 14 and 27, as modified during the process of meeting and conferring, are now narrower than earlier written and narrower than the earlier interrogatories and do not call for legal conclusions. After meeting and conferring, Plaintiff agreed to remove certain terms from Requests Nos. 6, 8, 11, 14 and 27, and Plaintiff now seeks only documents using an "artificial or prerecorded voice." In contrast, the interrogatories that called for legal conclusions asked both about the "artificial or prerecorded voice" and telephone calls made by an "automatic telephone dialing system" or a "predictive dialer." The term "artificial or prerecorded voice" does not call for a legal conclusion, although the other two that Plaintiff has abandoned do call for a legal conclusion. Determining whether a voice is artificial or prerecorded does not require legal analysis.

Defendant also argues that Requests Nos. 6, 8, 11, 14 and 27 are duplicative of other requests. This objection seems meaningless. If Defendant has produced or will produce documents responsive to Requests Nos. 6, 8, 11, 14 and 27 in response to other requests, then

2

Defendant can inform Plaintiff that those documents will be produced.

The Court GRANTS the motion to compel and ORDERS Defendant to produce documents responsive to Document Requests Nos. 6, 8, 10, 11, 14 and 27 by November 29, 2019.

**IT IS SO ORDERED**.

Dated: October 29, 2019

_____
SALLIE KIM
United States Magistrate Judge