1   Gary M. Klinger (*pro hac vice*)
2   MASON LIETZ & KLINGER LLP
    227 W. Monroe Street, Suite 2100
3   Chicago, Illinois 60606
    Phone: 202-429-2290
4

5   Aaron D. Radbil (*pro hac vice*)
    GREENWALD DAVIDSON RABDIL PLLC
6   401 Congress Avenue, Suite 1540
    Austin, Texas 78701
7   Phone: (512) 803-1578
    Fax: (561) 961-5684
8   aradbil@gdrlawfirm.com

9
    *Attorneys for Plaintiff and the Proposed Class*
10  *(Additional Counsel Listed on Signature Page)*

11              **UNITED STATES DISTRICT COURT**
12          **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

13  VIANN BONOAN, individually and on behalf      **CLASS ACTION**
    of others similarly situated,
14                                                 Case No. 3:19-cv-01068-RS
15
                        Plaintiff,                 Hearing Date: September 24, 2020
16                                                 Hearing Time: 1:30 p.m.
            v.                                     Hearing Place: Courtroom #3, 17th Floor
17                                                 Judge: Hon. Richard Seeborg
18  ADOBE, INC.,
                                                   **PLAINTIFF'S UNOPPOSED MOTION**
19                                                 **FOR PRELIMINARY APPROVAL OF**
                                                   **CLASS ACTION SETTLEMENT,**
20                      Defendant.                 **NOTICE OF MOTION, AND**
                                                   **MEMORANDUM IN SUPPORT OF**
21                                                 **MOTION**
22

23

24

25

26

27

28

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, NOTICE OF MOTION, AND
MEMORANDUM IN SUPPORT OF MOTION - i

MASON LIETZ & KLINGER LLP
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290

1

## **TABLE OF CONTENTS**

I.    INTRODUCTION ............................................................................................... 2

II.   STATEMENT OF FACTS AND PROCEDURAL HISTORY................................. 2

    a. The TCPA .............................................................................................. 2

    b. Procedural Posture ............................................................................... 3

    c. Discovery ............................................................................................... 4

    d. Mediation ............................................................................................... 4

III.  SUMMARY OF SETTLEMENT .......................................................................... 5

    a. Settlement Benefits ............................................................................... 5

    b. Notice and Claims Administration......................................................... 6

       i.   CAFA Notice ................................................................................. 6

       ii.  The Claims Administrator .............................................................. 6

       iii. Direct Mail Notice, Publication, Toll-Free Telephone Number and a Settlement Website .................................................................................... 7

    c. Claims, Requests for Exclusion, and Objections................................... 8

    d. Release .................................................................................................. 8

    e. Fees, Costs, and Service Awards ......................................................... 9

IV.   LEGAL AUTHORITY ......................................................................................... 9

V.    LEGAL DISCUSSION ....................................................................................... 10

    a. The Settlement Class Should be Preliminarily Approved. .................... 10

       i.   The proposed Class is sufficiently numerous. ............................. 11

       ii.  Questions of law and fact are common to the Class. ................... 11

       iii. Plaintiff's claims and defenses are typical to those of the Settlement Class. ............. 12

       iv.  Plaintiff will adequately protect the interests of the Class........................ 12

       v.   Common issues predominate over individualized ones............................. 13

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, NOTICE OF MOTION, AND
MEMORANDUM IN SUPPORT OF MOTION - ii

**MASON LIETZ & KLINGER LLP**
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290

vi. A class action is superior to other methods for the fair and efficient adjudication of the claims of Plaintiff and the class. ................................................................... 14

b. The Settlement Terms are Fair, Adequate, and Reasonable. .............................................. 14

i.   The strengths of Plaintiff's case, risks inherent in continued litigation against Adobe, and the difficulty in winning and maintaining class action certification favor preliminary approval. ........................................................................................................................... 16

ii.  The immediate, meaningful cash relief afforded by the Settlement favors preliminary approval. ........................................................................................................................... 17

iii. The posture of this case and experience of counsel favor preliminary approval. ........ 19

iv.  The Settlement treats Settlement Class Members equitably. ....................................... 20

c. This Court Should Approve the Parties' Proposed Notice Plan. ....................................... 21

VI.   CONCLUSION. ............................................................................................................. 22

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, NOTICE OF MOTION, AND
MEMORANDUM IN SUPPORT OF MOTION - iii

MASON LIETZ & KLINGER LLP
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290

## TABLE OF AUTHORITIES

**CASES**

*Adams v. Allianceone Receivables Mgmt., Inc.*, No. 3:08-cv-00248-JAH-WVG (S.D. Cal. Apr. 23, 2012) ................................................................................................................ 19

*Agne v. Papa John's Int'l, et al.*, No. 2:10-cv-01139 (W.D. Wash.)........................................... 19

*Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997)......................................................... 11, 14

*Arthur v. Sallie Mae, Inc.*, 10–CV198–JLR, 2012 WL 4075238 (W.D. Wash. Sept. 17, 2012).. 19

*Barr v. Am. Ass'n of Political Consultants, Inc.* No. 19-631, 2020 WL 3633780 (U.S. July 6, 2020) ...................................................................................................................................... 17

*Butler v. Sears, Roebuck & Co.*, 727 F.3d 796 (7th Cir. 2013) .................................................. 13

*Bykov v. DC Trans. Services, Inc.*, No. 2:18-cv-1692 DB, 2019 WL 1430984 (E.D. Cal. Mar. 29, 2019)......................................................................................................................... 15, 20

*Clark v. Payless ShoeSource, Inc.*, No. 2:09-cv-00915 (W.D. Wash.)........................................ 19

*Class Plaintiffs v. City of Seattle*, 955 F.2d 1268 (9th Cir. 1992) ................................................ 10

*Connor v. JPMorgan Chase Bank*, No. 10 CV1284 (S.D. Cal. May 30, 2014) ........................... 19

*Cubbage v. The Talbots, Inc. et al.*, No. 2:09-cv-00911 (W.D. Wash.) ...................................... 19

*Eisen v. Carlisle & Jacquelin*, 417 U.S. 156 (1974)................................................................... 21

*Facebook, Inc. v. Duguid*, No. 19-511, 2020 WL 3865252 (U.S. July 9, 2020)...................... 17

*Franklin v. Kaypro Corp.*, 884 F.2d 1222 (9th Cir. 1989) ......................................................... 16

*Garret v. Sharps Compliance, Inc.*, No. 1:10-cv-04030 (N.D. Ill.)........................................... 19

*Gautreaux v. Pierce*, 690 F.2d 616 (7th Cir. 1982) .................................................................. 15

*Gehrich v. Chase Bank USA, N.A.*, 316 F.R.D. 215 (N.D. Ill. 2016) ......................................... 19

*Grant v. Capital Mgmt. Servs., L.P.*, 449 F. App'x 598 (9th Cir. 2011) ....................................... 2

*Gribble v. Cool Transports Inc.*, No. CV 06-4863 GAF (SHx), 2008 WL 5281665 (C.D. Cal. Dec. 15, 2008)......................................................................................................................... 15

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998) .................................................. 13, 15

*Hartranft v. TVI, Inc.*, No. 15-01081-CJC-DFM, 2019 WL 1746137 (C.D. Cal. Apr. 18, 2019) ...................................................................................................................................... 22

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, NOTICE OF MOTION, AND
MEMORANDUM IN SUPPORT OF MOTION - iv

MASON LIETZ & KLINGER LLP
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290

*Holly v. Alta Newport Hospital*, Case No.2:19cv07496, 2020 WL 1853308 (April 10, 2020).... 11

*In re Capital One Tel. Consumer Prot. Act Litig.*, 80 F. Supp. 3d 781 (N.D. Ill. 2015) .............. 18

*In re Capital One Tel. Consumer Protec. Act Litig.*, 80 F. Supp. 3d 781 (N.D. Ill. 2015).............. 4

*In re Jiffy Lube Int'l, Inc.*, No. 11-02261 (S.D. Cal.) .................................................... 19

*Ira Holtzman, C.P.A. v. Turza*, 728 F.3d 682 (7th Cir. 2013) ...................................... 13

*James v. JPMorgan Chase Bank, N.A.*, No. 8:15-cv-2424-T-23JSS, 2016 WL 6908118 (M.D. Fla. Nov. 22, 2016) ......................................................................... 18, 21

*Johnson v. Navient Solutions, Inc., f/k/a Sallie Mae, Inc.*, No. 1:15-cv-0716-LJM (S.D. Ind.) ... 18

*Keegan v. Am. Honda Motor Co.*, 284 F.R.D. 504 (C.D. Cal. 2012) ............................................ 13

*Lucas v. Kmart Corp.*, 234 F.R.D. 688 (D. Colo. 2006)........................................................ 15

*Malta v. Fed. Home Loan Mortg. Corp.*, No. 10-CV-1290 BEN NLS, 2013 WL 444619 (S.D. Cal. Feb. 5, 2013) ....................................................................... 12, 13

*Manno v. Healthcare Revenue Recovery Grp.*, LLC, 289 F.R.D. 674 (S.D. Fla. 2013) .............. 14

*Markos v. Wells Fargo Bank, N.A.*, No. 1:15-cv-01156-LMM, 2017 WL 416425 (N.D. Ga. Jan. 30, 2017)......................................................................... 19

*Meyer v. Portfolio Recovery Assocs.*, LLC, 707 F.3d 1036 (9th Cir. 2012)................................ 12

*Murillo v. Pacific Gas & Elec. Co.*, 266 F.R.D. 468 (E.D. Cal. 2010)........................................ 15

*Nat'l Rural Telecomms. Coop. v. DirecTV, Inc.*, 221 F.R.D. 523 (C.D. Cal. 2004) ................... 20

*Ogbuehi v. Comcast of Cal./Colo./Fla./Or., Inc.*, 303 F.R.D. 337 (E.D. Cal. 2014).................... 15

*Orantes-Hernandez v. Smith*, 541 F. Supp. 351 (C.D. Cal. 1982)................................................ 11

*Picchi v. World Fin. Network Bank*, No. 11-CV-61797-CIV-Altonaga/O'Sullivan (S.D. Fla. Jan. 30, 2015)......................................................................... 18

*Pine v. A Place for Mom, Inc.*, Case No. C17-1826-TSZ (W.D. Wash.) ...................................... 6

*Rannis v. Recchia*, 380 F. App'x 646 (9th Cir. 2010) .................................................... 11

*Revitch v. Citibank, N.A.*, C 17-06907 WHA, 2019 WL 1903247 (N.D. Cal. Apr. 28, 2019)..... 17

*Rodriguez v. West Publ'g Corp.*, 563 F.3d 948 (9th Cir. 2009) .................................................... 20

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, NOTICE OF MOTION, AND
MEMORANDUM IN SUPPORT OF MOTION - v

**MASON LIETZ & KLINGER LLP**
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290

*Rose v. Bank of Am. Corp.*, Nos. 11 C 2390 & 12 C 4009, 2014 WL 4273358 (N.D. Cal. Aug. 29, 2014) .................................................................................................................. 18

*Schuchardt v. Law Office of Rory W. Clark*, 314 F.R.D. 673 (N.D. Cal. 2016).......................... 20

*Spencer v. #1 A LifeSafer of Ariz., LLC*, No. CV-18-02225-PHX-BSB, 2019 WL 1034451 (D. Ariz. Mar. 4, 2019) .............................................................................................................. 22

*Spillman v. RPM Pizza, LLC*, No. 10-349, 2013 WL 2286076 (M.D. La. May 23, 2013) .......... 19

*Steinfeld v. Discover Fin. Servs.*, No. C 12-01118 JSW, 2014 WL 1309352 (N.D. Cal. Mar. 31, 2014) ............................................................................................................................ 19

*Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037 (9th Cir. 2017)...................................... 3

*Wilkins v. HSBC Bank Nev., N.A.*, No. 14-190, 2015 WL 890566 (N.D. Ill. Feb. 27, 2015)... 4, 19

*Williams v. Bluestem Brands, Inc.*, No. 8:17-cv-1971-T-27AAS, 2019 WL 1450090 (M.D. Fla. Apr. 2, 2019) ................................................................................................... 18, 21

**STATUTES**

28 U.S.C. § 1715 ........................................................................................................................... 6

47 U.S.C. § 227 .................................................................................................................. 2, 3, 16

**OTHER AUTHORITIES**

4 *Newberg on Class Actions* (4th ed. 2002).................................................................................. 10

*Manual for Complex Litigation (Fourth)* (2004) .................................................................. 10, 22

Wright, et al., Fed. Prac. and Proc. § 1777 (2d ed. 1986)........................................................... 13

**RULES**

Fed. R. Civ. P. 23 ............................................................................................................... passim

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, NOTICE OF MOTION, AND
MEMORANDUM IN SUPPORT OF MOTION - vi

MASON LIETZ & KLINGER LLP
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

NOTICE IS HEREBY GIVEN that on **September 24, 2020 at 1:30 p.m**. or as soon thereafter as the matter may be heard, in the Courtroom of Honorable Richard Seeborg of the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California 94102, Courtroom #3, 17th Floor, Viann Bonoan ("Plaintiff") on behalf of herself and all others similarly situated, by and through her undersigned counsel, requests that this Court grant preliminary approval of the parties' proposed class action Settlement Agreement. Adobe, Inc., ("Defendant" or "Adobe") does not oppose this motion.

Plaintiff's request is based on this Notice of Motion, the Memorandum of Points and Authorities in Support thereof, and the exhibits thereto including but not limited to the Settlement Agreement and all exhibits thereto, the Proposed Order Granting Preliminary Approval of Class Action Settlement, the Declaration of Gary M. Klinger, the Declaration of Aaron D. Radbil, the pleadings and papers filed in this case, and any oral argument this Court permits.

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, NOTICE OF MOTION, AND
MEMORANDUM IN SUPPORT OF MOTION - 1

**MASON LIETZ & KLINGER LLP**
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.     INTRODUCTION**

Plaintiff submits this Memorandum in Support of her Unopposed Motion for Preliminary Approval of Class Action Settlement. This case arises from Plaintiff's allegation that Adobe maintained a pattern and practice of using an automatic telephone dialing system to place calls—without prior express consent—to cellular telephone numbers of proposed Settlement Class Members in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A). Adobe denies all wrong-doing.

After extensive arms' length negotiations and with the assistance of an independent third-party mediator, Hon. James Holderman (Ret.) of JAMS, the parties reached a Settlement Agreement that provides for a $1,000,000 non-reversionary common fund from which Settlement Class Members will receive payments. *See generally* Exhibit A. Ms. Bonoan and her counsel firmly believe that the Settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class. This is especially so in light of the substantial risks and uncertainties of protracted litigation, and the meaningful cash payments (an estimated $400-$800 each) that participating Settlement Class Members stand to receive as a result of the Settlement. As discussed below, the proposed settlement would resolve all claims in this action, for both Plaintiff and the Settlement Class.

Adobe does not oppose this relief.

**II.     STATEMENT OF FACTS AND PROCEDURAL HISTORY**

**a.     The TCPA**

"The TCPA prohibits persons from (1) making 'any call,' (2) 'using any automatic telephone dialing system or an artificial or prerecorded voice,' (3) 'to any telephone number assigned to a . . . cellular telephone service. . . .'" *Grant v. Capital Mgmt. Servs., L.P.*, 449 F. App'x 598, 600 (9th Cir. 2011) (internal citation omitted); 47 U.S.C. § 227(b)(1)(A)(iii).

A caller has a complete defense to a TCPA claim if it can demonstrate that it made the subject calls with the prior express consent of the called party. *See Van Patten v. Vertical Fitness*

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, NOTICE OF MOTION, AND
MEMORANDUM IN SUPPORT OF MOTION - 2

**MASON LIETZ & KLINGER LLP**
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290

*Grp., LLC*, 847 F.3d 1037, 1044 (9th Cir. 2017).[1]

### b. Procedural Posture

Plaintiff filed her Complaint on February 27, 2019 in this Court alleging violations of the TCPA on behalf of herself and all similarly situated individuals. ECF No. 1; *see also* Declaration of Gary M. Klinger in Support of Pl.'s Unopposed Mot. for Prelim. App. ("Klinger Dec."), ¶ 20, attached as Exhibit B. Specifically, Plaintiff alleged that Adobe made multiple calls to her cellular telephone by way of an automatic telephone dialing system ("ATDS"), without her consent. ECF No. 1 at ¶¶ 10-18.

On May 3, 2019, Adobe moved to dismiss Plaintiff's Complaint and/or stay the case. ECF No. 18. Adobe argued that Plaintiff had failed to state sufficient facts to allow the Court to infer that an ATDS was used. *Id.* Adobe further maintained that the Court should stay the case pending an anticipated FCC order regarding (a) what type of equipment qualifies as an ATDS, and (b) treatment of reassigned numbers under the TCPA's exemption for calls made with prior express consent. *Id.* In addition, Adobe maintained the case should be stayed pending the Ninth Circuit's decision on the constitutionality of content-based auto dialer restrictions in the TCPA. *Id.* The Court granted Adobe's motion to dismiss Plaintiff's claims on July 12, 2019, giving Plaintiff leave to amend. ECF No. 38.

Plaintiff filed her Amended Class Action Complaint on August 29, 2019, alleging claims under the TCPA on behalf of both herself and a class of:

> All persons throughout the United States (1) to whom Adobe, Inc. placed, or caused to be placed, a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to a current or former Adobe, Inc. accountholder, (3) by using an automatic telephone dialing system, or an artificial prerecorded voice, (4) from February 27, 2015 through the date of class certification.

ECF No. 40.

Through its Answer, filed on August 12, 2019, Adobe denied Plaintiff's claims and asserted numerous affirmative defenses including that Plaintiff and any putative class members

---

[1]   The TCPA also exempts from liability calls "made for emergency purposes[.]" 47 U.S.C. § 227(b)(1)(A). The "emergency purposes" defense is not at issue here.

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, NOTICE OF MOTION, AND
MEMORANDUM IN SUPPORT OF MOTION - 3

**MASON LIETZ & KLINGER LLP**
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290

are barred from making claims to the extent they provided prior express consent, and that the system used to make the calls at issue is not an ATDS covered by the statute. ECF No. 41.

### c.  Discovery

On July 11, 2019, Plaintiff served Adobe with discovery requests including 18 interrogatories, 37 requests for production, and requests for admission. Klinger Dec. at ¶ 29. Approximately 60-days later, Adobe served its objections and responses. *Id*. at ¶ 33. As Plaintiff found the responses to be deficient, on September 24, 2019, the Parties met and conferred by telephone about the purported deficiencies. *Id*. at ¶ 34. The Parties did not reach an agreement. *Id*.

Additional meet and confer calls, as well as multiple rounds of briefings followed, including multiple Joint Statements to the Court, and competing proposed protective orders. *Id*. at ¶¶ 35-46. Adobe was eventually required to provide supplemental responses to some requests. *Id*. Ultimately, Adobe produced more than 2,000 pages of documents in discovery. *Id*.

The Parties also took oral discovery. On February 28, 2020 and May 22, 2020, Counsel for Plaintiff deposed Adobe's 30(b)(6) representatives who testified about more than 60 noticed topics, including those pertaining to Adobe's systems, databases, and outgoing calls. *Id*. at ¶ 48.

Plaintiff also responded to Adobe's written discovery requests, produced hundreds of pages of documents, and appeared for deposition, testifying on June 5, 2020. *Id*. at ¶ 49.

### d.  Mediation

With the onset of COVID-19, this Court issued a General Order regarding civil cases before Judge Seeborg on May 18, 2020. *Id*. at ¶ 47. In response, the Parties filed a Joint Report, notifying the Court of their intent to mediate the case with Hon. James Holderman (Ret.) of JAMS on June 23, 2020.[2] *Id*.

Mediation went forward as planned, though it was conducted virtually. *Id*. at ¶ 50. At the end of a full day of negotiations, and with the assistance of Judge Holderman, the Parties reached a tentative Settlement Agreement. *Id*. Therefore, on June 29, 2020, Plaintiff filed a Notice of

---

[2]      Judge Holderman is the former Chief Judge of the United States District Court for the Northern District of Illinois. *See* https://www.jamsadr.com/holderman/. Judge Holderman presided over two of the largest TCPA settlements ever recorded. *See In re Capital One Tel. Consumer Protec. Act Litig.*, 80 F. Supp. 3d 781 (N.D. Ill. 2015) (Holderman, J.); *Wilkins v. HSBC Bank Nevada, N.A.*, 14 C 190, 2015 WL 890566, at *12 (N.D. Ill. Feb. 27, 2015) (Holderman, J.).

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, NOTICE OF MOTION, AND
MEMORANDUM IN SUPPORT OF MOTION - 4

**MASON LIETZ & KLINGER LLP**
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290

Settlement, seeking 45-days to finalize the class-action settlement agreement and for Plaintiff to file her motion for preliminary approval of the settlement. *Id.* at ¶ 50. Even with the tentative agreement in place, negotiations on the final form and substance of the Settlement Agreement continued over the course of the next six weeks. *Id.* at ¶ 54. The Settlement Agreement was finalized on August 14, 2020. *Id.*

## III.  SUMMARY OF SETTLEMENT

### a.  Settlement Benefits

The Settlement Agreement negotiated on behalf of Plaintiff and the proposed Settlement Class requires Adobe to create a non-reversionary common fund of $1,000,000. *Id.* at ¶ 56.

The Settlement Class is defined as:

All persons in the United States (1) who are not current or former Adobe, Inc. customers, and (2) to whom Adobe, Inc. placed a call, (3) by using the Genesys OB dialer, (4) directed to a number assigned to a cellular telephone service, (5) from February 27, 2015 through March 9, 2020.

*Id.* at ¶ 57.

The class definition was revised from that asserted in the Amended Complaint to reflect findings made during discovery—namely, that the Genesys OB dialer was the exact system used by Adobe in contacting Plaintiff and Settlement Class Members, and that as of March 9, 2020 Adobe stopped using the Genesys OB dialer system that resulted in the calls to Plaintiff's cellular telephone. *Id.* at ¶ 58. The class is estimated to comprise approximately 12,000 individuals. *Id.* at ¶ 59.

Participating Settlement Class Members will receive a pro rata share of the fund after deducting notice and administration costs as approved by the Court; attorneys' fees, costs, and expenses as awarded by the Court; and an incentive award to Plaintiff as approved by the Court. *Id.* at ¶ 60. In light of historical claims rates in TCPA cases, proposed Settlement Class Counsel estimates that Settlement Class Members stand to receive meaningful cash payments of an estimated $400 to $800 each. *Id.* at ¶ 61. To the extent any money remains in the Settlement Fund after these payments are made, a second round of *pro rata* payments will be made to the Settlement Class Members, as long as such funds are sufficient to distribute an additional amount of at least

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, NOTICE OF MOTION, AND
MEMORANDUM IN SUPPORT OF MOTION - 5

**MASON LIETZ & KLINGER LLP**
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290

$5.00 to every valid claimant. *Id.* ¶ 62. The remaining funds will be paid as a *cy pres* award to The State Bar of California's Access to Justice Program (the Justice Gap Fund) subject to the Court's approval. *Id.* at ¶ 62. The State Bar of California's Access to Justice Program funds various legal aid and access to justice programs throughout the state, including Bay Area Legal Aid. *Id.*

### b.   Notice and Claims Administration

#### i.   CAFA Notice

Adobe has agreed to serve the Class Action Fairness Act notice required by 28 U.S.C. § 1715 within ten days after Plaintiff files her motion for preliminarily approval of the settlement. *Id.* at ¶ 63. Adobe has committed to provide Class Counsel with a copy of the CAFA notice no later than two days after it is served. *Id.* Adobe has also committed to filing a notice attesting to its compliance with CAFA at least thirty days prior to the Fairness Hearing. *Id.*

#### ii.   The Claims Administrator

During a competitive bidding process, Plaintiff reviewed bids from 3 different claims administration companies, all of which proposed a combination of direct mail postcard notice, publication notice, the creation and maintenance of a settlement website, and the establishment of a toll-free telephone number, as well as the direct payment to any Settlement Class Member who makes a valid claim by the claims deadline. *Id.* at ¶ 64. Counsel for Adobe reviewed 2 of these bids. *Id.* After consideration of all proposed bids and plans, proposed Settlement Class Counsel and Counsel for Defendant agreed to use Kurtzman Carson Consultants LLC ("KCC" or the "Claims Administrator") as the settlement and claims administrator in this case. *Id.*

Over the past two years, proposed Settlement Class Counsel has used the services of KCC 4 times, and on each occasion KCC has successfully implemented notice to class members and claims administration, including in TCPA matters. *Id.* at ¶ 65; *see also Pine v. A Place for Mom, Inc.*, Case No. C17-1826-TSZ (W.D. Wash.). The Claims Administrator will be responsible for disseminating notice to potential class members and administering the Settlement payments. *Id.* at ¶ 65. Notice and Claims Administration is anticipated to cost a maximum of $125,000, subject to approval by the Court. *Id.* at ¶ 66. The costs for notice and claims administration will be deducted from the Settlement Fund prior to distribution to the Settlement Class Members. *Id.* This cost is

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, NOTICE OF MOTION, AND
MEMORANDUM IN SUPPORT OF MOTION - 6

**MASON LIETZ & KLINGER LLP**
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290

1  reasonable in light of the number of class members whose addresses must be determined and

2  confirmed by performing reverse searches for addresses, and the approximate 12,000 postcard

3  notices that will be sent to each individual Settlement Class Member via direct mail. Moreover, it

4  represents just 12.5% of the total Settlement Fund.

5                    iii.  Direct Mail Notice, Publication, Toll-Free Telephone Number and a

6                          Settlement Website

7          The Settlement Agreement requires notice to be provided to the class that is the best

8  practicable notice under the circumstances. *Id.* at ¶ 67. Notice will clearly communicate: contact

9  information for Class Counsel; the address of the Settlement Website which will contain links to

10 relevant documents and information including notice, motions for approval, and motions for

11 attorneys' fees and costs; instructions on how to access the Court's docket; the date of the final

12 approval hearing, and a warning to Settlement Class Members that the date may change. *Id.* at ¶

13 68; *see also* Ex. A; Website Notice, attached as Exhibit C; and Postcard Notice, attached as Exhibit

14 D. Notice will additionally provide Settlement Class Members with instructions on how to make

15 a claim, opt-out, or object to the Settlement. Klinger Dec. at ¶ 68. Spanish versions of the Notice

16 will be accessible on the Settlement Website. Klinger Dec. at ¶ 69.

17         Individual notice will be mailed by the Claims Administrator to all Settlement Class

18 Members for whom a physical address is available. *Id.* at ¶ 70. To get physical addresses for the

19 Settlement Class Members, the Claims Administrator will perform an initial reverse lookup

20 process for the telephone numbers identified by Adobe as associated with potential members of

21 the Settlement Class. *Id.* at ¶ 71. Depending on the results of the initial reverse lookup process,

22 and to ensure appropriate reach, the Claims Administrator may perform a second reverse look up

23 process for telephone numbers identified by Adobe as associated with potential members of the

24 Settlement Class. *Id.*

25         The mailing will include a Postcard Notice with a detachable Claim Form to make it simple

26 and easy for Settlement Class Members to make a claim. *Id.* at ¶¶ 73-74; *see also* Ex. D; Claim

27 Form, attached as Exhibit E.

28         In addition to the direct mailing, the Claims Administrator will arrange for publication of

---

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, NOTICE OF MOTION, AND
MEMORANDUM IN SUPPORT OF MOTION - 7

**MASON LIETZ & KLINGER LLP**
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290

the notice in a manner agreed to by the Parties, and will maintain a toll-free telephone number by which Settlement Class Members can obtain additional information. Klinger Dec. at ¶¶ 75-76. The Claims Administrator will also maintain a Settlement Website by which Settlement Class Members can access relevant documents including: Settlement Agreement; the Class Notice; a Claim Form; Plaintiff's Petition for Attorneys' Fees, Costs, and Service Award; the Preliminary Approval Order; Plaintiff's Amended Class Action Complaint; and, when filed, the Final Order and Judgment. *Id.* at ¶ 77.

### c.  Claims, Requests for Exclusion, and Objections

The Settlement Agreement is structured to allow Settlement Class Members sufficient time to review pertinent documents and determine whether they wish to make a claim, request to be excluded, object to the Settlement Agreement, or do nothing at all. *Id.* at ¶ 78.

Settlement Class Members will have 60-days from the Notice Date to submit a completed Claim Form. *Id.* at ¶ 79. The Claim Form is clear and simply written. *Id.*; Ex. E.

Settlement Class Members will have the same number of days to request exclusion from or "opt-out" of the Settlement. *Id.* at ¶ 80. Subject to this Court's approval, to opt-out, a Settlement Class Member must mail a written request for exclusion to the Claims Administrator that includes his or her name, address, cellular telephone number called by Defendant, and a statement that he or she wishes to be excluded from the settlement. *Id.*

Objections must also be made no later than 60-days from the Notice Date to object to the Settlement Agreement. *Id.* at ¶ 81. Subject to this Court's approval, to be considered, objections must be in writing, sent to the Court, and must include: the Settlement Class Member's full name; address; cellular telephone number called by Defendant and a statement that the Objector is not a current or former Adobe customer (to demonstrate that he or she is a member of the Settlement Class); a statement of the objection; and a statement noting whether the member intends to appear at the Fairness Hearing. *Id.*

### d.  Release

The Release negotiated is tied to the allegations made and single cause of action asserted in Plaintiff's operative complaint. *Id.* at ¶ 82. Upon the Court's entry of a Final Order, any

PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, NOTICE OF MOTION, AND MEMORANDUM IN SUPPORT OF MOTION - 8

MASON LIETZ & KLINGER LLP
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290

Settlement Class Member that has not excluded themselves from the Settlement Agreement will release, forever discharge, and be forever barred from asserting, instituting, or maintaining any claim that Settlement Class Members may have had against Adobe or any of its affiliates for violations of the TCPA. *Id.*

### e.  Fees, Costs, and Service Awards

No later than 35-days prior to the deadline for Settlement Class Members to make a claim, request exclusion, or object to the Settlement, Plaintiff will file a motion seeking approval of requested attorneys' fees, costs, and a service award for Plaintiff. *Id.* at ¶ 83.

The Settlement Agreement provides for a service award to be paid, from the Settlement Fund and with this Court's approval, to Plaintiff in the amount of $5,000. *Id.* at ¶ 84. The requested service award is meant to promote the public policy of taking on representative actions, as well as to provide some additional compensation for Plaintiff's efforts in bringing about both the case and the agreed-upon Settlement. *Id.*

The Settlement Agreement further provides for counsel for Plaintiff to seek approval of fees in an amount not to exceed one-third of the Settlement Fund, or $333,333.33, and for reimbursement of actual and reasonable costs not to exceed $25,000. *Id.* at ¶ 85. The Settlement Notice will disclose the maximum amount of the Settlement Fund to be sought as attorneys' fees, costs, and service awards. *Id.* at ¶ 87. As of the date of filing, Proposed Settlement Class Counsel have worked a combined 780.3 hours, accrued a lodestar of $390,150 and costs in the amount of $13,528.95. *Id.* at ¶ 86. Counsel expect to accrue an additional lodestar of $50,000 in completing claims and notice administration, and preparing for the Final Approval Hearing. As such, the currently contemplated requested fee represents an estimated multiplier of 0.75. *Id.*

## IV.  LEGAL AUTHORITY

Plaintiff brings this motion pursuant to Federal Rule Civil Procedure 23(e), under which court approval is required to finalize a class action settlement. Courts, including those in this Circuit, endorse a three-step procedure for approval of class action settlements: (1) preliminary approval of the proposed settlement followed by (2) dissemination of court-approved notice to the class and (3) a final fairness hearing at which class members may be heard regarding the settlement

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, NOTICE OF MOTION, AND
MEMORANDUM IN SUPPORT OF MOTION - 9

**MASON LIETZ & KLINGER LLP**
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290

and at which evidence may be heard regarding the fairness, adequacy, and reasonableness of the settlement. *Manual for Complex Litigation* (Fourth) (2004) § 21.63.

Here, Plaintiff requests the Court take the first step, and grant preliminary approval of the proposed Settlement Agreement.

## V.    LEGAL DISCUSSION

Federal courts strongly favor and encourage settlements, particularly in class actions and other complex matters, where the inherent costs, delays, and risks of continued litigation might otherwise overwhelm any potential benefit the class could hope to obtain. *See Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992) (noting the "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned"); 4 *Newberg on Class Actions* § 11.41 (4th ed. 2002) (citing cases). More traditional means of handling claims like those at issue here—individual litigation—would unduly tax the court system, require massive expenditures of resources, and given the relatively small value of the claims of the individual class members, would be impracticable. Thus, a settlement—and specifically the Settlement Agreement proposed here—provides the best vehicle for Settlement Class Members to receive the relief to which they are entitled in a prompt and efficient manner.

### a.    The Settlement Class Should be Preliminarily Approved.

The *Manual for Complex Litigation (Fourth)* advises that in cases presented for both preliminary approval and class certification, the "judge should make a preliminary determination that the proposed class satisfies the criteria." § 21.632. Plaintiff here seeks certification of a Settlement Class consisting of:

> All persons in the United States (1) who are not current or former Adobe, Inc. customers, and (2) to whom Adobe, Inc. placed a call, (3) by using the Genesys OB dialer, (4) directed to a number assigned to a cellular telephone service, (5) from February 27, 2015 through March 9, 2020.

Klinger Dec., ¶ 57.

The Settlement Class is defined near identically to the class defined in Plaintiff's Amended Complaint. The class definition was revised from that asserted in the Amended Complaint only to reflect findings made during discovery—namely, that Genesys OB dialer was the exact system

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, NOTICE OF MOTION, AND
MEMORANDUM IN SUPPORT OF MOTION - 10

**MASON LIETZ & KLINGER LLP**
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290

1  used by Adobe in contacting Plaintiff, and that as of March 9, 2020 Adobe stopped using the

2  Genesys OB dialer system that resulted in the calls to Plaintiff's cellular telephone. *Id.* at ¶ 58.

3       Because a court evaluating certification of a class action that settled is considering

4  certification only in the context of settlement, the court's evaluation is somewhat different than in

5  a case that has not yet settled. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997). In some

6  ways, the court's review of certification of a settlement-only class is lessened: as no trial is

7  anticipated in a settlement-only class case, the case management issues inherent in the

8  ascertainable class determination need not be confronted. *See id.* Other certification issues

9  however, such as "those designed to protect absentees by blocking unwarranted or overbroad class

10  definitions" require heightened scrutiny in the settlement-only class context "for a court asked to

11  certify a settlement class will lack the opportunity, present when a case is litigated, to adjust the

12  class, informed by the proceedings as they unfold." *Id*. The proposed class here meets the

13  requirements of Rule 23(a) and 23(b)(3) for settlement purposes.

14                    i.   The proposed Class is sufficiently numerous.

15       While there is no fixed point where the numerosity requirement is met, Courts find

16  numerosity where there are so many class members as to make joinder impracticable. *See* Fed. R.

17  Civ. P. 23(a)(1). "Where the exact size of the class is unknown but general knowledge and common

18  sense indicate that it is large, the numerosity requirement is satisfied." *Orantes-Hernandez v.*

19  *Smith*, 541 F. Supp. 351, 370 (C.D. Cal. 1982). Generally, Courts will find numerosity is satisfied

20  where a class includes at least 40 members. *Holly v. Alta Newport Hospital,* Case No.2:19cv07496,

21  2020 WL 1853308, at *7 (April 10, 2020), *citing Rannis v. Recchia,* 380 F. App'x 646, 651 (9th

22  Cir. 2010). Numbering approximately 12,000 individuals, the proposed settlement class easily

23  satisfies Rule 23's numerosity requirement. Joinder of the 12,000 individuals is clearly

24  impracticable—thus the numerosity prong is satisfied.

25                    ii.   Questions of law and fact are common to the Class.

26       The commonality requirement is satisfied because there are many questions of law and fact

27  common to the Settlement Class that center on Adobe's alleged use of an automated dialing system

28  to call Class Members. *See* Fed. R. Civ. P. 23(a)(2). Courts in the Ninth Circuit likewise relied

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, NOTICE OF MOTION, AND
MEMORANDUM IN SUPPORT OF MOTION - 11

**MASON LIETZ & KLINGER LLP**
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290

1  upon almost identical common questions to find that commonality was satisfied in similar cases

2  in which consumers alleged violations of the TCPA. *See, e.g.*, *Meyer v. Portfolio Recovery Assocs.*,

3  LLC, 707 F.3d 1036, 1041-42 (9th Cir. 2012) (upholding finding of commonality in TCPA action);

4  *Malta v. Fed. Home Loan Mortg. Corp.*, No. 10-CV-1290 BEN NLS, 2013 WL 444619, at *2

5  (S.D. Cal. Feb. 5, 2013) (finding common questions of fact "in that the calls were made by Wells

6  Fargo to class members . . . using auto-dialing equipment or with a prerecorded voice message"

7  and common questions of law "including: (1) whether Wells Fargo negligently violated the TCPA;

8  (2) whether Wells Fargo willfully or knowingly violated the TCPA; and (3) whether Wells Fargo

9  had "prior express consent" for the calls."). Such common questions are central to this case as well,

10  and can be addressed on a class-wide basis. Thus, Plaintiff has met the commonality requirement

11  of Rule 23.

12                    iii.   Plaintiff's claims and defenses are typical to those of the Settlement Class.

13        Plaintiff satisfies the typicality requirement of Rule 23 because Plaintiff's TCPA claims,

14  which are based on Defendants' alleged systematic use of automated calls to Plaintiff and all

15  members of the Class, are "reasonably coextensive with those of the absent class members." *See*

16  Fed. R. Civ. P. 23(a)(3); *Meyer*, 707 F.3d at 1041-42 (9th Cir. 2012) (upholding typicality finding);

17  *Malta*, 2013 WL 444619, at *3 (finding typicality where TCPA claims stemmed from the same

18  course of conduct and were based on the same legal theory).

19                    iv.   Plaintiff will adequately protect the interests of the Class.

20        The adequacy requirement of Rule 23 is satisfied where (1) there are no antagonistic or

21  conflicting interests between named plaintiffs and their counsel and the absent class members; and

22  (2) the named plaintiffs and their counsel will vigorously prosecute the action on behalf of the

23  class. Fed. R. Civ. Proc. 23(a)(4); *see also Meyer*, 707 F.3d at 1041-42 (9th Cir. 2012) (upholding

24  typicality finding); *Malta*, 2013 WL 444619, at *3 (same).

25        Here, Plaintiff is a member of the Class who has experienced the same injuries and seeks,

26  like other Class Members, compensation for Adobe's alleged violation of the TCPA. As such, her

27  interests and the interests of her counsel are not inconsistent with those of other Class Members.

28        Further, counsel for Plaintiff have decades of combined experience as vigorous class action

---

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, NOTICE OF MOTION, AND
MEMORANDUM IN SUPPORT OF MOTION - 12

**MASON LIETZ & KLINGER LLP**
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290

1   litigators and are well suited to advocate on behalf of the Class. *See* Klinger Dec. ¶¶ 5-18;

2   Declaration of Aaron Radbil, ¶¶ 9-24, attached hereto as Exhibit F. Thus, Plaintiff satisfies the

3   requirement of adequacy.

v.   <u>Common issues predominate over individualized ones.</u>

5        The predominance requirement "tests whether proposed classes are sufficiently cohesive

6   to warrant adjudication by representation." *Amchem*, 521 U.S. at 623 (citing Wright, et al., Fed.

7   Prac. and Proc. § 1777, p. 518-19 (2d ed. 1986)). "If common questions 'present a significant

8   aspect of the case and they can be resolved for all members of the class in a single adjudication,'

9   then 'there is clear justification for handling the dispute on a representative rather than on an

10  individual basis,' and the predominance test is satisfied." *See Keegan v. Am. Honda Motor Co.*,

11  284 F.R.D. 504, 526 (C.D. Cal. 2012) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1022

12  (9th Cir. 1998)). To satisfy this requirement, "common issues need only predominate, not

13  outnumber individual issues." *Butler v. Sears, Roebuck & Co.*, 727 F.3d 796, 801 (7th Cir. 2013)

14  (quotations omitted). Moreover, "[c]lass certification is normal in litigation under [the TCPA]."

15  *Ira Holtzman, C.P.A. v. Turza*, 728 F.3d 682, 684 (7th Cir. 2013). This case is no different.

16       Here, the central legal issue is whether Adobe's calling of individuals who did not provide

17  their phone numbers to Adobe, as Plaintiff alleges in her Complaint, is a violation of the TCPA.

18  This is sufficient to satisfy the predominance requirement for purposes of settlement. *See* Fed. R.

19  Civ. P. 23(b)(3); *Malta*, 2013 WL 444619, at *4.

20       Because the claims are being certified for purposes of settlement, there are no issues with

21  manageability, and resolution of thousands of claims in one action is far superior to individual

22  lawsuits and promotes consistency and efficiency of adjudication. *See* Fed. R. Civ. P. 23(b)(3);

23  *Malta*, 2013 WL 444619, at *3 (superiority met where "considerations of judicial economy favor

24  litigating a predominant common issue once in a class action instead of many times in separate

25  lawsuits" and the "small individual claims of class members" made it "unlikely that individual

26  actions will be filed"). For these reasons, certification of the Settlement Class for purposes of

27  settlement is appropriate.

28

Plaintiff's Unopposed Motion for
Preliminary Approval of Class Action
Settlement, Notice of Motion, and
Memorandum in Support Of Motion - 13

**MASON LIETZ & KLINGER LLP**
227 W. Monroe Street, Ste. 2100
Chicago, IL 60606
Phone.: (202) 429-2290

1
2

      vi.  <u>A class action is superior to other methods for the fair and efficient adjudication of the claims of Plaintiff and the class.</u>

3

      Rule 23(b)(3) also requires that a district court determine that "a class action is superior to

4

other available methods for the fair and efficient adjudication of the controversy." In determining

5

whether the "superiority" requirement is satisfied, a court may consider: (1) the interest of

6

members of the class in individually controlling the prosecution or defense of separate actions; (2)

7

the extent and nature of any litigation concerning the controversy already commenced by or against

8

members of the class; (3) the desirability or undesirability of concentrating the litigation of the

9

claims in the particular forum; and (4) the difficulties likely to be encountered in the management

10

of a class action. Fed. R. Civ. P. 23(b)(3).

11

      Because Plaintiffs seek to certify a class in the context of a settlement, this Court need not

12

consider any possible management-related problems as it otherwise would. *See Amchem Prods.*,

13

521 U.S. at 620 ("Confronted with a request for settlement-only class certification, a district court

14

need not inquire whether the case, if tried, would present intractable management problems, see

15

Fed. R. Civ. P. 23(b)(3)(D), for the proposal is that there be no trial.").

16

      In any event, no one member of the class has an interest in controlling the prosecution of

17

this action because Plaintiff's claims and the claims of the members of the class are the same.

18

Alternatives to a class action are either no recourse for thousands of individuals, or a multiplicity

19

of suits resulting in an inefficient and possibly disparate administration of justice. A class action

20

is therefore superior to other methods for the fair and efficient adjudication of the claims of

21

Plaintiff and the Class. *See Manno v. Healthcare Revenue Recovery Grp.*, LLC, 289 F.R.D. 674,

22

690 (S.D. Fla. 2013) ("In addition, the Court finds that the large number of claims, along with the

23

relatively small statutory damages, the desirability of adjudicating these claims consistently, and

24

the probability that individual members would not have a great interest in controlling the

25

prosecution of these claims, all indicate that [a] class action would be the superior method of

26

adjudicating the plaintiffs' claims under the . . . TCPA.").

27

     **b.  The Settlement Terms are Fair, Adequate, and Reasonable.**

28

      "In evaluating a proposed settlement at the preliminary approval stage, some district courts

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, NOTICE OF MOTION, AND
MEMORANDUM IN SUPPORT OF MOTION - 14

**MASON LIETZ & KLINGER LLP**
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290

. . . have stated that the relevant inquiry is whether the settlement 'falls within the range of possible approval' or 'within the range of reasonableness.'" *Bykov v. DC Trans. Services, Inc.*, No. 2:18-cv-1692 DB, 2019 WL 1430984, at *2 (E.D. Cal. Mar. 29, 2019). That is, "preliminary approval of a settlement has both a procedural and a substantive component." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1080 (N.D. Cal. 2007).

As to the procedural component, "a presumption of fairness applies when settlements are negotiated at arm's length, because of the decreased chance of collusion between the negotiating parties." *Gribble v. Cool Transports Inc.*, No. CV 06-4863 GAF (SHx), 2008 WL 5281665, at *9 (C.D. Cal. Dec. 15, 2008). Likewise, "participation in mediation tends to support the conclusion that the settlement process was not collusive." *Ogbuehi v. Comcast of Cal./Colo./Fla./Or., Inc.*, 303 F.R.D. 337, 350 (E.D. Cal. 2014).

With respect to the substantive component, "[a]t this preliminary approval stage, the court need only 'determine whether the proposed settlement is within the range of possible approval.'" *Murillo v. Pacific Gas & Elec. Co.*, 266 F.R.D. 468, 479 (E.D. Cal. 2010) (*quoting Gautreaux v. Pierce*, 690 F.2d 616, 621 n.3 (7th Cir. 1982)).

In sum, "the purpose of the preliminary approval process is to determine whether there is any reason not to notify the class members of the proposed settlement and to proceed with a fairness hearing." *Lucas v. Kmart Corp.*, 234 F.R.D. 688, 693 (D. Colo. 2006). In any event, while a complete fairness evaluation is unnecessary at this early juncture, Ms. Bonoan and her counsel strongly believe that the resolution reached here is in the Settlement Class's best interests.

To that end, the Ninth Circuit has identified eight factors to consider in analyzing the fairness, reasonableness, and adequacy of a class settlement: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement. *Hanlon,* 150 F.3d at 1026. As well, Rule 23(e) requires a court to consider several additional factors, including that the class representative and class counsel have adequately

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, NOTICE OF MOTION, AND
MEMORANDUM IN SUPPORT OF MOTION - 15

**MASON LIETZ & KLINGER LLP**
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290

1   represented the class, and that the settlement treats class members equitably relative to one another.

2   Fed. R. Civ. P. 23(e).

3   In applying these factors, this Court should be guided foremost by the general principle

4   that settlements of class actions are favored by federal courts. *See Franklin v. Kaypro Corp.*, 884

5   F.2d 1222, 1229 (9th Cir. 1989) ("It hardly seems necessary to point out that there is an overriding

6   public interest in settling and quieting litigation. This is particularly true in class action suits").

7   Here, the relevant factors support the conclusion that the negotiated settlement is fundamentally

8   fair, reasonable, and adequate, and should be preliminarily approved.

9          i.   The strengths of Plaintiff's case, risks inherent in continued litigation
10              against Adobe, and the difficulty in winning and maintaining class action
11              certification favor preliminary approval.

12  The first, second, and third *Hanlon* factors support preliminary approval. Of course, every

13  class action involves some level of uncertainty, both on the merits and on the appropriateness of

14  certification. This case is no different, as there is no guarantee that Plaintiff would be able to obtain

15  and maintain certification of the class through trial, or that this Court, or the trier of fact, would

16  find in her favor as to liability.

17  Plaintiff and proposed Settlement Class Counsel strongly believe in the strength of

18  Plaintiff's claims, and note that the TCPA allows a plaintiff to bring "an action to recover for actual

19  monetary loss from [a violation of the TCPA], or to receive $500 in damages for each such

20  violation, whichever is greater." 47 U.S.C. § 227(b)(3)(B). Damages are trebled where a plaintiff

21  can show the violation as knowing or willful. 47 U.S.C. § 227(b)(3)(C).

22  However, Adobe vigorously denies its liability. In fact, Adobe has already raised a host of

23  defenses, both on the merits and to the maintenance of class certification including that Plaintiff

24  and any putative class members are barred from making claims to the extent they provided prior

25  consent, and that the system used to make the calls is not an ATDS system covered by the statute.

26  Klinger Dec., ¶ 32.

27  In addition to the defenses Adobe raises pertaining to the merits of the claims, it will also

28  fight any motion for certification filed by Plaintiff. Inability to obtain certification or pretrial

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, NOTICE OF MOTION, AND
MEMORANDUM IN SUPPORT OF MOTION - 16

**MASON LIETZ & KLINGER LLP**
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290

1   decertification would lead to class members being unable to recover anything at all. And at least

2   one court in this District has denied class certification in a "wrong number" TCPA case. *See*

3   *Revitch v. Citibank, N.A.*, C 17-06907 WHA, 2019 WL 1903247, at *1 (N.D. Cal. Apr. 28, 2019).

4   Moreover, Plaintiff and proposed Settlement Class Counsel faced external risks emanating

5   from the ever-changing legal landscape of the TCPA. The risk was real, as opposed to hypothetical.

6   This is, in part, because during the pendency of this case—and around the time the Parties agreed

7   to mediate this matter—the Supreme Court, in *Barr v. Am. Ass'n of Political Consultants, Inc.*,

8   was considering the constitutionality of the TCPA as a whole. No. 19-631, 2020 WL 3633780

9   (U.S. July 6, 2020). And if the Court would have found the TCPA to be unconstitutional, Plaintiff's

10   and class members' claims would have suddenly ceased to exist—extinguishing any hope of a

11   recovery.[3] Similarly, the U.S. Supreme Court has recently granted certiorari in *Facebook, Inc. v.*

12   *Duguid*, to resolve the Circuit split regarding the definition of an ATDS under the TCPA—one of

13   the defenses that Adobe raised here. No. 19-511, 2020 WL 3865252, at *1 (U.S. July 9, 2020).

14   The Supreme Court's decision will likely come in the first half of 2021.

15   Thus, there can be little question that Plaintiff faces real risk in prevailing on her claims

16   and maintaining certification through trial. The $1,000,000 Settlement Fund provides a guaranteed

17   and valuable benefit to each class member that they would risk losing should the Parties proceed

18   through litigation.

19         ii.  <u>The immediate, meaningful cash relief afforded by the Settlement favors</u>

20                <u>preliminary approval.</u>

21   The Settlement Agreement provides significant guaranteed relief to Settlement Class

22   Members, particularly in light of the uncertainty of prevailing at certification or on the merits as

23   discussed above. For this reason, the fourth *Hanlon* factor favors the Court's preliminary approval

24   of the Settlement.

25   Despite the obstacles Plaintiff faced, she and proposed Settlement Class Counsel, with the

---

26   [3]   Ultimately, the Court did not find the TCPA unconstitutional, but instead severed a portion

27   of the statute not at issue here. In other words, the Court "conclude[d] that the entire 1991 robocall restriction should not be invalidated, but rather that the 2015 government-debt exception must be invalidated and severed from the remainder of the statute." *Id.* at *2 (Kavanaugh, J.). Stated yet

28   another way, the Court "sever[ed] the 2015 government-debt exception and le[ft] in place the longstanding robocall restriction." *Id.* at *13.

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, NOTICE OF MOTION, AND
MEMORANDUM IN SUPPORT OF MOTION - 17

**MASON LIETZ & KLINGER LLP**
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290

assistance of a highly respected mediator, negotiated an agreement that sees the creation of a $1,000,000 non-reversionary Settlement Fund. This Settlement exceeds many analogous TCPA class action settlements. *See* Klinger Dec., ¶ 88, Ex. A. Specifically, dividing the Settlement Fund ($1,000,000) by 12,000 (the estimated number of Settlement Class Members) amounts to just over $83 per person.

In comparison, in *Picchi v. World Fin. Network Bank*, No. 11-CV-61797-CIV-Altonaga/O'Sullivan (S.D. Fla. Jan. 30, 2015), the court granted final approval in a similar wrong-number TCPA class action for $2.63 per person (settling claims of 3 million class members for $7.9 million)—a small fraction of the amount Settlement Class Members will receive here. *See also Williams v. Bluestem Brands, Inc.*, No. 8:17-cv-1971-T-27AAS, 2019 WL 1450090, at *2 (M.D. Fla. Apr. 2, 2019) (preliminary approval of wrong-number TCPA settlement amounting to $1.269 million, or approximately $7 per class member); *James v. JPMorgan Chase Bank, N.A.*, No. 8:15-cv-2424-T-23JSS, 2016 WL 6908118, at *1 (M.D. Fla. Nov. 22, 2016) (preliminary approval of wrong-number TCPA settlement for $5.55 per person); *Johnson v. Navient Solutions, Inc., f/k/a Sallie Mae, Inc.*, No. 1:15-cv-0716-LJM (S.D. Ind.) (approximately $46 per class member).

Indeed, the settlement provides immediate cash relief to the Settlement Class. After deducting the requested attorneys' fees, litigation costs and expenses, and incentive award, class counsel estimate that participating Settlement Class Members should receive between $400 and $800 each, an amount on the higher end of TCPA settlements generally. *See James*, 2016 WL 6908118, at *2 ("Discounting the statutory award by the probability that Chase successfully defends some class members' claims, a recovery of $50 per person fairly resolves this action.") (citing *In re Capital One Tel. Consumer Prot. Act Litig.*, 80 F. Supp. 3d 781, 789 (N.D. Ill. 2015) (finding that $34.60 per person falls "within the range of recoveries" in a TCPA class action)).

Per-claimant recoveries in other TCPA class actions often fall within a lower range. *See, e.g.*, *Rose v. Bank of Am. Corp.*, Nos. 11 C 2390 & 12 C 4009, 2014 WL 4273358 (N.D. Cal. Aug. 29, 2014) (approving TCPA class settlement where claimants received between $20 and $40 each); *Steinfeld v. Discover Fin. Servs.*, No. C 12-01118 JSW, 2014 WL 1309352 (N.D. Cal. Mar. 31,

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, NOTICE OF MOTION, AND
MEMORANDUM IN SUPPORT OF MOTION - 18

MASON LIETZ & KLINGER LLP
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290

2014) (less than $50 per TCPA claimant); *Arthur v. Sallie Mae, Inc.,* 10–CV198–JLR, 2012 WL 4075238 (W.D. Wash. Sept. 17, 2012) ($20-$40 per participating class member); *Adams v. Allianceone Receivables Mgmt.*, *Inc.*, No. 3:08-cv-00248-JAH-WVG, ECF No. 113 (S.D. Cal. Apr. 23, 2012) (approximately $1.48 per class member).[4]

In sum, the settlement here constitutes an objectively fair result for the Settlement Class. *See Markos v. Wells Fargo Bank, N.A.*, No. 1:15-cv-01156-LMM, 2017 WL 416425, at *4 (N.D. Ga. Jan. 30, 2017) (finding that the cash recovery of $24 per claimant in a TCPA class action— far less than the expected recovery here—is "an excellent result when compared to the issues Plaintiffs would face if they had to litigate the matter").

                    iii.   <u>The posture of this case and experience of counsel favor preliminary approval.</u>

Next, the fifth and sixth *Hanlon* factors likewise support preliminary approval. After over nearly a year and one-half of contested litigation—which included written discovery, depositions, and significant motion practice—the settlement here was achieved with a clear view as to the strengths and weaknesses of Plaintiff's claims.

Thus, both proposed Settlement Class Counsel—who have substantial experience in litigating class actions, particularly under consumer protection statutes—and this Court are adequately informed to evaluate the fairness of the settlement. Moreover, both Plaintiff and proposed Settlement Class Counsel firmly believe that the settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class. Klinger Dec. ¶ 4; *see Nat'l Rural*

---

[4] *See also Gehrich v. Chase Bank USA, N.A.*, 316 F.R.D. 215, 227-28 (N.D. Ill. 2016) ($34 million for more than 32 million class members); *Wilkins v. HSBC Bank Nev., N.A.*, No. 14-190, 2015 WL 890566, at *3 (N.D. Ill. Feb. 27, 2015) ($39.98 million for more than 9,065,262 class members); *Connor v. JPMorgan Chase Bank*, No. 10 CV1284, Doc. 113 (S.D. Cal. May 30, 2014) ($11.66 million for 2,684,518 class members); *Spillman v. RPM Pizza, LLC*, No. 10-349, 2013 WL 2286076, at *4 (M.D. La. May 23, 2013) (approving settlement that provides up to $15 cash payment for TCPA violation); *In re Jiffy Lube Int'l, Inc.*, No. 11-02261, Doc. 97 (S.D. Cal.) (class members entitled to vouchers for services valued at $17.29 or a cash payment of $12.97); *Garret v. Sharps Compliance, Inc.*, No. 1:10-cv-04030, Doc. 74 (N.D. Ill.) ($28.13 recovery per claimant); *Agne v. Papa John's Int'l, et al.*, No. 2:10-cv-01139, Doc. 389 (W.D. Wash.) ($50 recovery plus $13 merchandise per claimant); *Clark v. Payless ShoeSource, Inc.*, No. 2:09-cv-00915, Docs. 61 at 3, 72 (W.D. Wash.) ($10 merchandise certificate per claimant); *Cubbage v. The Talbots, Inc. et al.*, No. 2:09-cv-00911, Doc. 114 (W.D. Wash.) ($40 or $80 merchandise certificate per claimant).

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, NOTICE OF MOTION, AND
MEMORANDUM IN SUPPORT OF MOTION - 19

MASON LIETZ & KLINGER LLP
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290

*Telecomms. Coop. v. DirecTV, Inc.*, 221 F.R.D. 523, 528 (C.D. Cal. 2004) ("Great weight is accorded to the recommendation of counsel, who are most closely acquainted with the facts of the underlying litigation. This is because parties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in the litigation.").

Further, the parties' arm's-length settlement negotiations through experienced counsel, and after attending mediation with Judge Holderman, demonstrate the fairness of the settlement, and that the settlement is not a product of collusion. *See Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009) ("We put a good deal of stock in the product of an arms-length, non-collusive, negotiated resolution."); *Bykov*, 2019 WL 1430984, at *5-*6 ("participation in mediation tends to support the conclusion that the settlement process was not collusive"). As a result, Plaintiff and her counsel submit that the value of the recovery here—$1 million for a class of approximately 12,000 people—reflects their confidence in Plaintiff's claims. *See Schuchardt v. Law Office of Rory W. Clark*, 314 F.R.D. 673, 685 (N.D. Cal. 2016) ("Given Class Counsel's extensive experience in this field, and their assertion that the settlement is fair, adequate, and reasonable, this factor supports final approval of the Settlement Agreement.").

iv.   The Settlement treats Settlement Class Members equitably.

Finally, Rule 23(e)(2)(D) requires that this Court confirm that the settlement treats all class members equitably. The Advisory Committee's Note to Rule 23(e)(2)(D) advises that courts should consider "whether the apportionment of relief among class members takes appropriate account of differences among their claims, and whether the scope of the release may affect class members in different ways that bear on the apportionment of relief." Fed. R. Civ. P. 23(e), advisory comm.'s note (2018).

Here, each Settlement Class Member will be treated equitably as each participating Settlement Class Member will receive an equal portion of the $1,000,000 common fund after deducting attorneys' fees, costs, expenses, an incentive award to Plaintiff, and the costs of class notice and administration. The release too, is identical across all Settlement Class Members. As such, this factor supports preliminary approval.

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, NOTICE OF MOTION, AND
MEMORANDUM IN SUPPORT OF MOTION - 20

**MASON LIETZ & KLINGER LLP**
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290

1

      **c.  This Court Should Approve the Parties' Proposed Notice Plan.**

2

Pursuant to Rule 23(e), upon preliminary approval, this Court must "direct notice in a

3

reasonable manner to all class members who would be bound" by the proposed settlement. Such

4

notice must be the "best notice practicable," see Fed. R. Civ. P. 23(c)(2)(B), which means

5

"individual notice to all members who can be identified through reasonable effort." *Eisen v.*

6

*Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974).

7

Here, and after a competitive bid process, the parties have agreed to a robust notice program

8

to be administered by a well-respected third-party class administrator—KCC—which will use all

9

reasonable efforts to provide direct mail notice to each potential Settlement Class Member. *See*

10

Klinger Dec., ¶¶ 64-74.

11

After preliminary approval of the Settlement is granted, Adobe will provide telephone

12

numbers of potential Settlement Class Members to the Claims Administrator. *Id.* at ¶ 71. The

13

Claims Administrator will conduct reverse searches for addresses based on the phone numbers

14

provided. *Id.* Once in possession of the addresses, the Claims Administrator will send postcard

15

notice by mail to each Settlement Class Member. *Id.* at ¶ 72. The mailing will include not only the

16

notice by postcard, but also a detachable Claim Form to make it simple and easy for Settlement

17

Class Members to make a claim. *Id.*

18

Separately, the Claims Administrator will provide notice by publication—both online and

19

in-print—in a manner agreed to by the Parties, will establish and maintain a Settlement Website at

20

which Settlement Class Members can submit a claim form and access information and documents

21

pertaining to the Settlement, and will establish a toll-free telephone line. *Id.* at ¶ 75.

22

Thus, the parties have strived to make it as convenient as possible for Settlement Class

23

Members to learn of and participate in the settlement. *See Williams*, 2019 WL 1450090, at *5

24

(approving materially identical notice plan in wrong number TCPA class action); *James*, 2016 WL

25

6908118, at *2 (same).

26

The plan complies with Rule 23 and due process because, among other things, it informs

27

Settlement Class Members directly of: (1) the nature of this action; (2) the essential terms of the

28

settlement, including the class definition and claims asserted; (3) the binding effect of a judgment

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, NOTICE OF MOTION, AND
MEMORANDUM IN SUPPORT OF MOTION - 21

**MASON LIETZ & KLINGER LLP**
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290

if the Settlement Class Member does not request exclusion; (4) the process for objection or exclusion, including the time and method for objecting or requesting exclusion, and that Settlement Class Members may make an appearance through counsel; (5) information regarding Plaintiff's incentive award and her request for an award of attorneys' fees and expenses for her counsel; (6) the procedure for submitting claims to receive settlement benefits; and (7) how to make inquiries, and where to find additional information. Fed. R. Civ. P. 23(c)(2)(B); *Manual for Complex Litigation (Fourth)* § 21.312.

In short, because this notice plan ensures that Settlement Class Members' due process rights are amply protected, this Court should approve it. *See Hartranft v. TVI, Inc*., No. 15-01081-CJC-DFM, 2019 WL 1746137, at *3 (C.D. Cal. Apr. 18, 2019) ("The Court finds that the Class Notice and the manner of its dissemination described in Paragraph 7 above and Section VIII of the Agreement constitutes the best practicable notice under the circumstances and is reasonably calculated, under all the circumstances, to apprise Settlement Class Members of the pendency of this action, the terms of the Agreement, and their right to object to or exclude themselves from the Settlement Class."); *Spencer v. #1 A LifeSafer of Ariz., LLC*, No. CV-18-02225-PHX-BSB, 2019 WL 1034451, at *3 (D. Ariz. Mar. 4, 2019) (Bade, J.) (preliminarily approving class action settlement and finding "that the proposed notice program is clearly designed to advise the Class Members of their rights.").

## VI.   CONCLUSION

Plaintiff has negotiated a fair, adequate, and reasonable settlement that will provide Class Members with significant monetary relief. For all the above reasons, Plaintiff respectfully requests this Court grant Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement.

Dated: August 18, 2020

/s/ *Gary M. Klinger*

Gary M. Klinger (*admitted pro hac vice*)
**MASON LIETZ & KLINGER LLP**
227 W. Monroe St., Ste. 2100
Chicago, Illinois 60606
Tel: 202-975-0477
gklinger@masonllp.com

PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, NOTICE OF MOTION, AND MEMORANDUM IN SUPPORT OF MOTION - 22

**MASON LIETZ & KLINGER LLP**
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290

1

2  Aaron D. Radbil (*pro hac vice*)
   **GREENWALD DAVIDSON RABDIL PLLC**
3  401 Congress Avenue, Suite 1540
   Austin, Texas 78701
4  Phone: (512) 803-1578
   Fax: (561) 961-5684
5  aradbil@gdrlawfirm.com

6
   Michael Morrison
7  **Alexander Krakow & Glick LLP**
   401 Wilshire Boulevard, Suite 1000
8  Santa Monica, California 90401
   Phone: (310) 394-0888
9  Fax: (310) 394-0811
   mmorrison@akgllp.com
10

11 *Counsel for Plaintiff and the Class*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, NOTICE OF MOTION, AND
MEMORANDUM IN SUPPORT OF MOTION - 23

**MASON LIETZ & KLINGER LLP**
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290