1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

VIANN BONOAN, on behalf of herself
and others similarly situated,

    Plaintiff,

  v.

ADOBE, INC.,

    Defendant.

Case No. 3:19-cv-01068-RS

**ORDER PRELIMINARILY APPROVING**
**SETTLEMENT**

   The parties to this action, Viann Bonoan ("Plaintiff" or "Class Representative"), and Adobe, Inc. ("Defendant"), through their respective counsel, have agreed, subject to this Court's approval following notice to the settlement class members and a hearing, to settle the above-captioned lawsuit ("Lawsuit") upon the terms and conditions set forth in the parties' class action settlement agreement ("Agreement"), which Plaintiff filed with this Court:

   NOW, THEREFORE, based upon the Agreement and all of the files, records, and proceedings in this matter, and upon preliminary examination, the proposed settlement appearing to be fair, reasonable, and adequate, a hearing will be held on **February 18, 2021 at 1:30 p.m. PST**, after notice to the settlement class members, to confirm that the proposed settlement is fair, reasonable, and adequate, and to determine whether a final order and judgment should be entered in this Lawsuit:

   IT IS HEREBY ORDERED:

This Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties.

In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453, and 1711-1715, Defendant, through a claims administrator, will cause to be served written notice of the proposed class settlement on the United States Attorney General and the Attorneys General of each state in which any settlement class member resides.

This Court conditionally certifies this case as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of the following settlement class:

> All persons in the United States (1) who are not current or former Adobe, Inc. customers, and (2) to whom Adobe, Inc. placed a call, (3) by using the Genesys OB dialer, (4) directed to a number assigned to a cellular telephone service, (5) from February 27, 2015 through March 9, 2020.

This Court appoints Plaintiff as the representative for the settlement class, and appoints Aaron D. Radbil, of Greenwald Davidson Radbil PLLC, and Gary M. Klinger, of Mason Lietz & Klinger, LLP, as class counsel.

This Court preliminarily finds, for settlement purposes only, that this action satisfies the applicable prerequisites for class action treatment under Rule 23, namely:

A.      The settlement class members are so numerous and geographically dispersed that joinder of all of them is impracticable;

B.      There are questions of law and fact common to the settlement class members, which predominate over any individual questions;

C.      Plaintiff's claims are typical of the claims of the settlement class members;

D.      Plaintiff and class counsel have fairly and adequately represented and protected the interests of the settlement class members; and

E.      Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

This Court preliminarily finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is fundamentally fair, reasonable, adequate, and in the best interest of the settlement class members, when considering, in their totality, the following factors: "the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement." *See In re Volkswagen "Clean Diesel" Mktg., Sales Practices, and Prods. Liab. Litig.*, 895 F.3d 597, 610 n.18 (9th Cir. 2018) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)).

This Court also considered the following factors in preliminarily finding that the settlement of this action, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the settlement class members:

(A)     whether the class representatives and class counsel have adequately represented the class;

(B)     whether the proposal was negotiated at arm's length;

(C)     whether the relief provided for the class is adequate, taking into account:

    (i)     the costs, risks, and delay of trial and appeal;

    (ii)     the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

    (iii)     the terms of any proposed award of attorney's fees, including timing of payment; and

    (iv)     any agreement required to be identified under Rule 23(e)(3); and

(D)     whether the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

A third-party settlement administrator—KCC, LLC—will administer the settlement and notification to the settlement class members. The settlement administrator will be responsible for

mailing the approved class action notices and settlement checks to the settlement class members. All reasonable costs of notice and administration will be paid from the $1 million common settlement fund.

This Court approves the form and substance of the proposed notice of the class action settlement, which includes postcard notice, publication notice, a physical claim form, and the question-and-answer notice and online claim form, which will appear on the dedicated settlement website. To reach potential class members, KCC will perform reverse look-ups of available telephone numbers to identify persons who will receive direct mail notice. KCC will utilize established third-party vendors to obtain contact information for potential class members in a manner consistent with industry standard in wrong number TCPA class actions. KCC will also use publication notice in an effort to reach potential class members, consistent with the terms of the Agreement.

The proposed notice and method for notifying the settlement class members of the settlement and its terms and conditions meet the requirements of Rule 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all persons and entities entitled to the notice. *See* Fed. R. Civ. P. 23(c)(2)(B); Manual For Complex Litigation § 21.312; *see also Knapper v. Cox Communications, Inc.*, No. 2:17-cv-00913-SPL, ECF No. 120 (D. Ariz. Jul. 12, 2019) (approving the use of reverse look-ups, publication notice, and the form and substance of materially similar postcard notice, postcard claim form, and question and answer notice, and finding that the proposed form and method for notifying settlement class members of the settlement and its terms and conditions met the requirements of Rule 23(c)(2)(B) and due process, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled to the notice); *Williams v. Bluestem Brands, Inc.*, No. 8:17-cv-1971-T-27AAS, 2019 WL 1450090, at *2 (M.D. Fla. Apr. 2, 2019) (same); *James v. JPMorgan Chase Bank, N.A.*, No. 8:15-cv-2424-T-23JSS, 2016 WL 6908118, at *2 (M.D. Fla. Nov. 22, 2016) (same).

This Court additionally finds that the proposed notices are clearly designed to advise the

settlement class members of their rights.

In accordance with the Agreement, the settlement administrator will mail the notices to the settlement class members as expeditiously as possible, but in no event later than 30 days after this Court's entry of this order, *i.e.*, **November 8, 2020**.

Any settlement class member who desires to be excluded from the settlement must send a written request for exclusion to the settlement administrator with a postmark date no later than 90 days after the Court's entry of this order, *i.e.*, **no later than January 7, 2021**. To be effective, the written request for exclusion must state the settlement class member's full name, address, telephone number called by Defendant, and email address (if available), along with a statement that the settlement class member wishes to be excluded, and must be signed by the settlement class member. Any settlement class member who submits a valid and timely request for exclusion will not be bound by the terms of the Agreement. Any settlement class member who fails to submit a valid and timely request for exclusion will be considered a settlement class member and will be bound by the terms of the Agreement.

Any settlement class member who intends to object to the fairness of this settlement must file a written objection with the Court within 90 days after the Court's entry of this order, *i.e.*, **no later than January 7, 2021**. Any such settlement class member must submit the written objection to: Class Action Clerk, U.S. District Court for the Northern District of California, 450 Golden Gate Ave., San Francisco, CA 94102.

To be effective, a notice of intent to object to the settlement must include the settlement class member's:

    a.  Full name;

    b.  Address;

    c.  Cellular telephone number(s) called by Defendant and a statement that Objector is not a current or former Adobe customer, to demonstrate that the objector is a member of the Settlement Class;

d.   A statement of the objection; and

e.   A statement noting whether the member intends to appear at the Fairness Hearing.

Any settlement class member who has timely filed an objection may appear at the final approval hearing, in person or by counsel, to be heard to the extent allowed by this Court, applying applicable law, in opposition to the fairness, reasonableness and adequacy of the proposed settlement, and on the application for an award of attorneys' fees and costs. Any objection that includes a request for exclusion will be treated as an exclusion. Any settlement class member who submits both an exclusion and an objection will be treated as having excluded himself or herself from the settlement and will have no standing to object.

If this Court grants final approval of the settlement, the settlement administrator will mail a settlement check to each settlement class member who submits a valid, timely claim. Class members will have 60 days from the notice date to submit a Claim Form.

The Court will conduct a final approval hearing on **February 18, 2021**, at 1:30 p.m. PST at the United States District Court for the Northern District of California, San Francisco Courthouse, Courtroom 3 – 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, to review and rule upon the following issues:

A.   Whether this action satisfies the applicable prerequisites for class action treatment for settlement purposes under Rule 23;

B.   Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the settlement class members and should be approved by the Court;

C.   Whether a final order and judgment, as provided under the Agreement, should be entered, dismissing the Lawsuit with prejudice and releasing the released claims against the released parties; and

D.   To discuss and review other issues as the Court deems appropriate.

Attendance by settlement class members at the final approval hearing is not necessary.

Settlement class members need not appear at the hearing or take any other action to indicate their approval of the proposed class action settlement. Settlement class members wishing to be heard must file an objection in order to appear at the final approval hearing. The final approval hearing may be postponed, adjourned, transferred, or continued without further notice to the class members.

Memoranda in support of the proposed settlement must be filed with this Court no later than thirty-five days before the final approval hearing *i.e.*, **no later January 14, 2021**. Opposition briefs to any of the foregoing must be filed no later than fourteen days before the final approval hearing, *i.e.*, **no later than February 4, 2021**. Reply memoranda in support of the foregoing must be filed with this Court no later than seven days before the final approval hearing, *i.e.*, **no later than February 11, 2021**.

Memoranda in support of any petitions for attorneys' fees and reimbursement of costs and expenses by class counsel, or in support of an incentive award, must be filed with the Court no later than thirty-five days before the deadline for settlement class members to object to, or exclude themselves from, the settlement, *i.e.*, **no later than December 3, 2020**. Opposition briefs to any of the foregoing must be filed no later than the deadline for settlement class members to object to, or exclude themselves from, the settlement, *i.e.*, **no later than January 7, 2021**. Reply memoranda in support of the foregoing must be filed with this Court no later than fourteen days after the deadline for settlement class members to object to, or exclude themselves from, the settlement, *i.e.*, **no later than January 21, 2021**.

The Agreement and this order will be null and void if any of the parties terminates the Agreement per its terms. The events described in the Agreement, however, provide grounds for terminating the Agreement only after the parties have attempted and completed good faith negotiations to salvage the settlement but were unable to do so.

If the Agreement or this order are voided, then the Agreement will be of no force and effect and the parties' rights and defenses will be restored, without prejudice, to their respective positions as if the Agreement had never been executed and this order never entered.

The Court retains continuing and exclusive jurisdiction over the action to consider all

further matters arising out of or connected with the settlement, including the administration and enforcement of the Agreement.

The Court sets the following schedule:

| Date | Event |
|---|---|
| **October 9, 2020** | Preliminary Approval Order Entered |
| **November 8, 2020** | Notice Sent (thirty days after entry of Preliminary Approval Order) |
| **December 3, 2020** | Attorneys' Fees Petition Filed (thirty-five days before the deadline for settlement class members to object to, or exclude themselves from, the settlement) |
| **January 7, 2021** | Opposition to Attorneys' Fees Petition (ninety days after entry of Preliminary Approval Order) |
| **January 7, 2021** | Deadline to Submit Claims, Send Exclusion, or File Objection (ninety days after entry of Preliminary Approval Order) |
| **January 21, 2021** | Reply in Support of Attorneys' Fees Petition (fourteen days after the deadline for settlement class members to submit claims, object to, or exclude themselves from, the settlement) |
| **January 14, 2021** | Motion for Final Approval Filed (thirty-five days before final approval hearing) |
| **February 4, 2021** | Opposition to Motion for Final Approval Due (fourteen days before final approval hearing) |
| **February 11, 2021** | Reply in support of Motion for Final Approval Due (seven days before final approval hearing) |
| **February 18, 2021 at 1:30 p.m. PST** | Final Approval Hearing Held |

IT IS SO ORDERED.

Dated: October 9, 2020

_____
RICHARD SEEBORG
United States District Judge