GREENWALD DAVIDSON RADBIL PLLC
Aaron D. Radbil (*pro hac vice*)
aradbil@gdrlawfirm.com
401 Congress Avenue, Suite 1540
Austin, Texas 78701
Telephone: 512.803.1578

MASON LIETZ & KLINGER
Gary M. Klinger (*pro hac vice*)
gklinger@masonllp.com
227 W. Monroe Street, Suite 2100
Chicago, Illinois 60606
Telephone: 202.975.0477

ALEXANDER MORRISON & FEHR, LLP
Michael Morrison
mmorrison@akgllp.com
1900 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Telephone: 310.394.0888

*Attorneys for Plaintiff and the class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| VIANN BONOAN, *on behalf of herself and others similarly situated*,<br><br>　　　　　　Plaintiff,<br><br>　v.<br>ADOBE, INC.,<br><br>　　　　　　Defendant. | Case No. 3:19-cv-01068-RS<br><br>MOTION FOR ATTORNEYS' FEES, COSTS, EXPENSES, AND AN INCENTIVE AWARD |

# Table of Contents

Introduction ....................................................................................................................... 1

Argument ........................................................................................................................... 1

   I.    Class counsel's request for attorneys' fees in the amount of one-third of the common fund
      is reasonable and justified. ............................................................................................ 1

      A.    Class counsel obtained a tremendous result for the benefit of class members. ............. 2

      B.    This matter posed novel, and substantial litigation-related risks. ................................. 4

      C.    Class counsel litigated this matter on a contingent basis. ............................................. 6

      D.    Class counsel used their unique experience and skill in connection with their
          significant efforts throughout this matter. ................................................................... 8

      E.    The requested attorneys' fee award amounts to a discount on class counsel's
          lodestar. ........................................................................................................................ 9

      F.    Courts often award as attorneys' fees one third of the settlement fund in TCPA class
          actions. ....................................................................................................................... 12

      G.    Additional factors support class counsel's request for an award of attorneys' fees in
          the amount of one-third of the common fund. ....................................................... 14

   II.    This Court should approve the reimbursement of $14,290.10 in litigation costs and
      expenses. ....................................................................................................................... 16

   III.    This Court should approve an incentive award to Plaintiff in the amount of $5,000...... 16

Conclusion ....................................................................................................................... 18

1

**Table of Authorities**

2

**Cases**

3

*Allan v. Pennsylvania Higher Educ. Assistance Agency*, 968 F.3d 567 (6th Cir. 2020) ................ 5

4

*Allapattah Servs., Inc. v. Exxon Corp.*, 454 F. Supp. 2d 1185 (S.D. Fla. 2006)................. 7, 14, 15

5

*Allen v. JPMorgan Chase Bank, N.A.*, 13-cv-8285, Dkt. No. 93 (N.D. Ill. Oct. 21, 2015) .......... 14

6

*Barr v. Am. Ass'n of Political Consultants, Inc.*, No. 19-631, 2020 WL 3633780 (U.S. July 6,
    2020) .......................................................................................................................................... 5

7

8

*Been v. O.K. Indus., Inc.*, No. CIV–02–285–RAW, 2011 WL 4478766 (E.D. Okla. Aug. 16,
    2011) .......................................................................................................................................... 7

9

*Behrens v. Wometco Enters., Inc.*, 118 F.R.D. 534 (S.D. Fla. 1988)...................................... 8, 13

10

*Betancourt v. Advantage Human Resourcing, Inc.*, No. 14-CV-01788-JST, 2016 WL 344532
    (N.D. Cal. Jan. 28, 2016) ........................................................................................................ 11

11

12

*Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980)........................................................................... 2

13

*Burnthorne-Martinez v. Sephora USA, Inc.*, No. 4:16-CV-02843-YGR, 2018 WL 5310833
    (N.D. Cal. May 16, 2018) ........................................................................................................ 12

14

*Carlin v. DairyAmerica, Inc.*, 380 F. Supp. 3d 998 (E.D. Cal. 2019) ................................... 2, 16

15

*CE Design Ltd. v. Cy's Crab House N., Inc.*, 1:07-cv-5456, Dkt. No. 424 (N.D. Ill. Oct. 21,
    2011) ........................................................................................................................................ 14

16

17

*Charvat v. Valente*, No. 12-CV-05746, 2019 WL 5576932 (N.D. Ill. Oct. 28, 2019)................. 13

18

*Clark v. City of L.A.*, 803 F.2d 987 (9th Cir. 1986) ...................................................................... 8

19

*Columbus Drywall & Insulation, Inc. v. Masco Corp.*, No. 1:04-CV-3066-JEC, 2012 WL
    12540344, at *4 (N.D. Ga. Oct. 26, 2012).............................................................................. 8

20

21

*Couser v. Comenity Bank*, 125 F. Supp. 3d 1034 (S.D. Cal. 2015) ........................................... 2, 3

22

*Craftwood Lumber Co. v. Interline Brands, Inc.*, No. 11-CV-4462, 2015 WL 1399367 (N.D.
    Ill. Mar. 23, 2015) ................................................................................................................... 17

23

24

*Cross v. Wells Fargo Bank, N.A.*, No. 15-cv-1270, 2016 WL 5109533 (N.D. Ga. Sept. 13,
    2016) .......................................................................................................................................... 3

25

26

*Cummings v Sallie Mae*, 12 C-9984 (N.D. Ill. May 30, 2014) .................................................... 14

27

*Dakota Medical, Inc. v. RehabCare Grp., Inc.*, No. 1:14-cv-02081-DAD-BAM, 2017 WL
    4180497 (E.D. Cal. Sept. 21, 2017) .................................................................................... 7, 12

28

*Davis v. AT&T Corp.*, No. 15CV2342-DMS (DHB), 2017 WL 1155350 (S.D. Cal. Mar. 28, 2017) ............................................................................................................................ 6

*Desai v. ADT Sec. Servs., Inc.*, 1:11-cv-1925, Dkt. No. 243 (N.D. Ill. June 21, 2013) ................ 14

*Duke v. Bank of Am., N.A.*, No. 5:12-cv-04009, ECF Nos. 51, 59 (N.D. Cal. Feb., 19, 2014) ........ 3

*Duran v. La Boom Disco, Inc.*, 955 F.3d 279 (2d Cir. 2020) ........................................................ 5

*Facebook, Inc. v. Duguid*, No. 19-511 ........................................................................................ 5

*Flores v. ADT LLC*, No. 1:16-CV-0029-AWI-JLT, 2018 WL 1062854 (E.D. Cal. Feb. 27, 2018) .......................................................................................................................... 12

*Gadelhak v. AT&T Servs., Inc.*, 950 F.3d 458 (7th Cir. 2020) .................................................... 5

*Gehrich v. Chase Bank USA, N.A.*, 316 F.R.D. 215 (N.D. Ill. 2016) ........................................ 3

*Gevaerts v. TD Bank, N.A.*, No. 11:14-cv-20744-RLR, 2015 WL 6751061 (S.D. Fla. Nov. 5, 2015) ............................................................................................................................ 8

*Glasser v. Hilton Grand Vacations Co.*, 948 F.3d 1301 (11th Cir. 2020) .................................... 5

*Guarisma v. ADCAHB Med. Coverages, Inc.*, No. 13-cv-21016, Dkt. No. 95 (S.D. Fla. June 24, 2015) ........................................................................................................................ 14

*Gutierrez-Rodriguez v. RM Galicia, Inc.*, No. 16-CV-00182-H-BLM, 2018 WL 1470198 (S.D. Cal. Mar. 26, 2018) ........................................................................................................ 6

*Hageman v. AT & T Mobility LLC*, No. CV 13-50-BLG-RWA, 2015 WL 9855925 (D. Mont. Feb. 11, 2015) .......................................................................................................... 13

*Hanley v. Fifth Third Bank*, 1:12-cv-01612, Dkt. No. 86 (N.D. Ill. Dec. 23, 2013) .................... 14

*Hanley v. Tampa Bay Sports & Entm't LLC*, No. 819CV00550CEHCPT, 2020 WL 2517766 (M.D. Fla. Apr. 23, 2020) ........................................................................................ 13

*Hashw v. Dep't Stores Nat'l Bank*, 182 F. Supp. 3d 935 (D. Minn. 2016) .................................. 3

*Holtzman v. CCH*, No. 1:07-cv-7033, Dkt. No 33 (N.D. Ill. Sept. 30, 2009) .............................. 14

*In re Anthem, Inc. Data Breach Litig.*, No. 15-MD-02617-LHK, 2018 WL 3960068 (N.D. Cal. Aug. 17, 2018) ...................................................................................................... 7, 9

*In re Apollo Grp. Inc. Sec. Litig.*, No. CV 04-2147-PHX-JAT, 2012 WL 1378677 (D. Ariz. Apr. 20, 2012) .......................................................................................................... 2

*In re Capital One Tel. Consumer Prot. Act Litig.*, 80 F. Supp. 3d 781 (N.D. Ill. 2015) .......... 3, 13

*In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166 (S.D. Cal. 2007) .............................. 16

iv

*In re MetLife Demutualization Litig.*, 689 F. Supp. 2d 297 (E.D.N.Y. 2010) ............................... 9

*In re Omnivision Techs., Inc. Sec. Litig.*, No. 5:11-CV-05235-RMW, 2015 WL 3542413
(N.D. Cal. June 5, 2015) .................................................................................................... 9

*In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934 (9th Cir. 2015) ......................................... 8

*In re Thornburg Mortg., Inc. Sec. Litig.*, 912 F. Supp. 2d 1178 (D.N.M. 2012) ............................ 7

*James v. JPMorgan Chase Bank, N.A.*, No. 15-2424, 2016 WL 6908118 (M.D. Fla. Nov. 22,
2016) ................................................................................................................................. 3

*Kolinek v. Walgreen Co.*, 311 F.R.D. 483 (N.D. Ill. 2015).......................................................... 3, 13

*Krakauer v. Dish Network, L.L.C.*, No. 1:14-CV-333, 2019 WL 7066834 (M.D.N.C. Dec. 23,
2019) ................................................................................................................................. 13

*Locklear Elec., Inc. v. Norma L. Lay*, No. 3:09-cv-00531, Dkt. No. 67 (S.D. Ill. Sept. 8, 2010) . 14

*Lucken Family Ltd. P'ship, LLLP v. Ultra Res., Inc.*, No. 09-CV-01543-REB-KMT, 2010 WL
5387559 (D. Colo. Dec. 22, 2010) ...................................................................................... 8

*Luster v. Wells Fargo Dealer Servs., Inc.*, No. 15-1058, ECF No. 60 (N.D. Ga. Feb. 23, 2017) ... 3

*Markos v. Wells Fargo Bank, N.A.*, No. 15-1156, 2016 WL 4708028 (N.D. Ga. Sept. 7,
2016) .............................................................................................................................. 3, 4

*Marks v. Crunch San Diego, LLC*, 904 F.3d 1041 (9th Cir. 2018)................................................... 5

*Martin v. Dun & Bradstreet, Inc.*, No. 1:12–cv–215, 2014 WL 9913504 (N.D. Ill. Jan. 16,
2014) ........................................................................................................................... 14, 17

*McDonald v. Airport Terminal Servs., Inc.*, No. EDCV 11-1946VAP(SPX), 2013 WL
12251409 (C.D. Cal. Nov. 19, 2013) .................................................................................. 12

*Mora v. Cal W. Ag Servs., Inc.*, No. 115CV01490LJOEPG, 2019 WL 2084725 (E.D. Cal. May
13, 2019) ........................................................................................................................... 12

*Palm Beach Golf Center-Boca, Inc. v. Sarris*, 311 F.R.D. 688 (S.D. Fla. 2015) ........................... 4

*Prater v. Medicredit, Inc.*, No. 4:14-CV-00159-ERW, 2015 WL 8331602 (E.D. Mo. Dec. 7,
2015) ................................................................................................................................. 13

*Prather v. Wells Fargo Bank, N.A.*, No. 15-4231, 2017 WL 770132 (N.D. Ga. Feb. 24, 2017)..... 3

*Quezada v. Schneider Logistics Transloading & Distribution, Inc.*, No. CV122188CASDTBX,
2014 WL 12584436 (C.D. Cal. May 12, 2014) .................................................................. 12

*Revitch v. Citibank, N.A.*, No. C 18-06907 WHA, 2019 WL 1903247 (N.D. Cal. Apr. 28, 2019) . 6

v

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948 (9th Cir. 2009) ...................................................... 17

*Rose v. Bank of Am. Corp.*, Nos. 11-2390, 12-4009, 2014 WL 4273358 (N.D. Cal. Aug. 29, 2014) ........................................................................................................................................... 3

*Sheean v. Convergent Outsourcing, Inc.*, No. 218CV11532GCSRSW, 2019 WL 6039921 (E.D. Mich. Nov. 14, 2019) ................................................................................................... 13

*Siding & Insulation Co. v. Beachwood Hair Clinic, Inc.*, 279 F.R.D. 442 (N.D. Ohio 2012) ........ 4

*Slipchenko v. Brunel Energy, Inc.*, No. CIV.A. H-11-1465, 2015 WL 338358 (S.D. Tex. Jan. 23, 2015) ................................................................................................................................. 8

*Soto v. The Gallup Org.*, No. 13-cv-61747, Dkt. No. 95 (S.D. Fla. Nov. 24, 2015) .................... 13

*Spears v. First Am. Eappraiseit*, No. 08-CV-00868-RMW, 2015 WL 1906126 (N.D. Cal. Apr. 27, 2015) ............................................................................................................................... 6

*St. Louis Heart Cntr., Inc. v. Vein Cntrs. for Excellence, Inc.*, No. 12-174, 2013 WL 6498245 (E.D. Mo. Dec. 11, 2013) ....................................................................................................... 4

*Steinfeld v. Discover Fin. Servs.*, No. 12-cv-1118, 2014 WL 1309352 (N.D. Cal. Mar. 31, 2014) ..................................................................................................................................... 4

*Swift v. BancorpSouth Bank*, No. 1:10-CV-00090-GRJ, 2016 WL 11529613 (N.D. Fla. July 15, 2016) ..................................................................................................................................... 9

*Todd S. Elwert, Inc., DC v. All. Healthcare Servs., Inc.*, No. 3:15-CV-2673, 2018 WL 4539287 (N.D. Ohio Sept. 21, 2018) ................................................................................................... 13

*Torres v. Pick-A-Part Auto Wrecking*, No. 1:16-cv-01915-DAD-BAM, 2018 WL 3570238 (E.D. Cal. July 23, 2018) ...................................................................................................... 16

*Vendervort v. Balboa Capital Corp.*, 8 F. Supp. 3d 1200 (C.D. Cal. 2014) ................................. 13

*Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2002) .............................................. 2, 13

*Ward v. Flagship Credit Acceptance, LLC*, No. 17-2069, 2020 WL 759389 (E.D. Pa. Feb. 13, 2020) ..................................................................................................................................... 5

*West v. Cal. Serv. Bureau, Inc.*, Case No. 4:16-cv-03124-YGR, Dkt. No. 128 (N.D. Cal. Jan. 23, 2019) ............................................................................................................................. 12

*Wilkins v. HSBC Bank Nev., N.A.*, No. 14-190, 2015 WL 890566 (N.D. Ill. Feb. 27, 2015) .......... 3

*Williams v. Bluestem Brands, Inc.*, No. 17-1971, 2019 WL 1450090 (M.D. Fla. Apr. 2, 2019) .... 2

*Wright v. Nationstar Mortage LLC*, No. 14 C 10457, 2016 WL 4505169 (N.D. Ill. Aug. 29, 2016) ..................................................................................................................................... 3

**Other Authorities**

John J. Coffee, Jr., *Rescuing the Private Attorney General: Why the Model of the Lawyer as Bounty Hunter is Not Working*, MD. L. REV., 216, 225-26 (1983) ............................................ 15

Motion for Attorneys' Fees, Costs, Expenses, and an Incentive Award
Case No. 3:19-cv-01068-RS

### Introduction

Viann Bonoan ("Plaintiff") and Adobe, Inc. ("Defendant") agreed to resolve this matter for the benefit of a nationwide class. Specifically, the parties agreed that Defendant will create a non-reversionary common fund in the amount of $1 million to compensate approximately 12,000 potential class members for their claims under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Of note, the value of the parties' settlement—both on a per-class member basis, and on a per-claimant recovery basis—far exceeds that of many comparable TCPA class actions, and constitutes an objectively excellent result by any measure.

On October 9, 2020, this Court preliminarily approved the parties' settlement. ECF No. 83. The court-appointed claims administrator disseminated court-approved class notice on November 6, 2020. *See* Declaration of Aaron D. Radbil, ¶ 39, attached as Exhibit A.

In line with the class notice, class counsel seek an award of attorneys' fees equal to one-third of the common fund, or $333,333.33. Worth mentioning, class counsel accrued well over this amount in attorneys' fees litigating this matter, and the requested fee therefore represents a discount to class counsel's lodestar. As well, class counsel requests reimbursement of litigation costs and expenses totaling $14,290.10. This amount is much less than the once-anticipated $25,000 figure referenced by the class notice. Additionally, Plaintiff seeks an incentive award in the amount of $5,000.

Class counsel's and Plaintiff's requests are reasonable, justified, and in line with awards approved in analogous TCPA class actions. Moreover, following notice to class members, to date, no class member has objected to any part of the settlement or to the requests for attorneys' fees, costs, expenses, or an incentive award. The deadline for class members to object is January 7, 2021.

### Argument

**I.    Class counsel's request for attorneys' fees in the amount of one-third of the common fund is reasonable and justified.**

The Supreme Court "has recognized consistently that a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable

attorney's fee from the fund as a whole." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980).[1] In the Ninth Circuit, a district court has the discretion to award attorneys' fees as a percentage of the common fund. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002); *Couser v. Comenity Bank*, 125 F. Supp. 3d 1034, 1046 (S.D. Cal. 2015) ("Because this Settlement has produced a common fund for the benefit of the entire class, the Court elects to award fees under the percentage-of-recovery method."); *Carlin v. DairyAmerica, Inc.*, 380 F. Supp. 3d 998, 1023 (E.D. Cal. 2019) (awarding attorneys' fees of 33.3% of $40 million common fund); *In re Apollo Grp. Inc. Sec. Litig.*, No. CV 04-2147-PHX-JAT, 2012 WL 1378677, at *7 (D. Ariz. Apr. 20, 2012) ("Based on the Court's experience with this case, the seven years of history, and the unique and favorable settlement on behalf of Plaintiffs, the Court finds a fee award of 33.33% more than reasonable in this case.").

And while the benchmark for percentage-of-recovery awards is 25 percent of the total settlement, this amount can be adjusted upward or downward depending on (1) the result obtained; (2) the risk involved in the litigation; (3) the contingent nature of the fee; (4) counsel's efforts, experience, and skill; and (5) awards in similar cases. *Vizcaino*, 290 F.3d at 1048-50. Class counsel respectfully submits that the settlement here is not ordinary, but extraordinary, and that an evaluation of the *Vizcaino* factors supports their attorneys' fee award request.

**A. Class counsel obtained a tremendous result for the benefit of class members.**

In the face of many significant legal hurdles, *see infra* Argument § I.B, class counsel obtained an excellent result for class members. To be sure, the settlement compares quite favorably, on a per-class member basis, to similar and recently approved TCPA class action settlements. More particularly, the raw, per-class member value of the settlement—approximately $83 ($1 million / 12,000 class members)—exceeds, by multiples, the value of many analogous TCPA class action settlements. *See, e.g.*, *Williams v. Bluestem Brands, Inc.*, No. 17-1971, 2019 WL 1450090, at *2 (M.D. Fla. Apr. 2, 2019) (approximately $7 per class member); *Prather v. Wells Fargo Bank, N.A.*,

---

[1]     Internal citations and quotations are omitted, and emphasis is added, unless otherwise noted.

No. 15-4231, 2017 WL 770132 (N.D. Ga. Feb. 24, 2017) ($4.65 per class member); *Luster v. Wells Fargo Dealer Servs., Inc.*, No. 1:15-cv-01058, ECF No. 60 (N.D. Ga. Feb. 23, 2017) ($4.65 per class member); *James v. JPMorgan Chase Bank, N.A.*, No. 8:15-cv-02424, 2016 WL 6908118, at *1 (M.D. Fla. Nov. 22, 2016) ($5.55 per class member); *Cross v. Wells Fargo Bank, N.A.*, No. 15-cv-1270, 2016 WL 5109533 (N.D. Ga. Sept. 13, 2016) ($4.75 per class member); *Markos v. Wells Fargo Bank, N.A.*, 1:15-cv-01156, 2016 WL 4708028 (N.D. Ga. Sept. 7, 2016) ($4.95 per class member); *Wilkins v. HSBC Bank Nev., N.A.*, No. 1:14-cv-190, 2015 WL 890566, at *3 (N.D. Ill. Feb. 27, 2015) ($2.95 per class member); *Picchi v. World Fin. Network Bank*, No. 11-cv-61797 (S.D. Fla. Jan. 30, 2015) ($2.63 per class member); *Duke v. Bank of Am., N.A.*, No. 5:12-cv-04009, ECF Nos. 51, 59 (N.D. Cal. Feb., 19, 2014) (Davila, J.) ($4.15 per class member).

As well, the settlement far exceeds other similar and recently approved TCPA class action settlements on a per-claimant recovery basis. Indeed, class counsel estimates—based on historical claims rates—that after deducting the requested attorneys' fees, litigation costs and expenses, costs of notice and claims administration, and the requested incentive award to Plaintiff, participating class members who submit valid claims will receive between $400 and $800 each, and perhaps more—a figure at the top end of the spectrum of approved TCPA class settlements. *See, e.g.*, *Gehrich v. Chase Bank USA, N.A.*, 316 F.R.D. 215, 228 (N.D. Ill. 2016) ($52.50 per claimant); *Hashw v. Dep't Stores Nat'l Bank*, 182 F. Supp. 3d 935, 947 (D. Minn. 2016) ($33.20 per claimant); *Wright v. Nationstar Mortg. LLC*, No. 14-10457, 2016 WL 4505169, at *8 (N.D. Ill. Aug. 29, 2016) (approximately $45 per claimant); *In re Capital One Tel. Consumer Prot. Act Litig.*, 80 F. Supp. 3d 781, 789 (N.D. Ill. 2015) (finding that $34.60 per person falls "within the range of recoveries" in a TCPA class action); *Kolinek v. Walgreen Co.*, 311 F.R.D. 483, 493 (N.D. Ill. 2015) (noting that while "thirty dollars per claimant 'falls on the lower end of the scale,' it is nonetheless 'within the range of recoveries' in TCPA class actions"); *Couser*, 125 F. Supp. 3d at 1047 ("Class Members will receive approximately $13.75. As discussed above, this amount appears to be on the low end of monetary recovery for TCPA class action settlements."); *Rose v. Bank of Am. Corp.*, Nos. 11-2390, 12-4009, 2014 WL 4273358, at *10 (N.D. Cal. Aug. 29, 2014) (Davila, J.) (claimants

received between $20 and $40 each); *Steinfeld v. Discover Fin. Servs.*, No. 12-1118, 2014 WL 1309352, at *7 (N.D. Cal. Mar. 31, 2014) (White, J.) (approving a settlement that ultimately distributed less than $50 per claimant, *see* ECF No. 101).

Significant, then, is that the court in *Markos v. Wells Fargo Bank, N.A.* characterized a $24 per-claimant recovery in a comparable TCPA class action as "an excellent result when compared to the issues Plaintiffs would face if they had to litigate the matter." No. 15-1156, 2017 WL 416425, at *4 (N.D. Ga. Jan. 30, 2017).

Also important, the settlement provides class members with real monetary relief, despite the purely statutory damages at issue—damages that courts have deemed too small to incentivize individual actions. *See, e.g.*, *Palm Beach Golf Center-Boca, Inc. v. Sarris*, 311 F.R.D. 688, 699 (S.D. Fla. 2015) (noting that the small potential recovery in individual TCPA actions reduced the likelihood that class members will bring suit); *St. Louis Heart Cntr., Inc. v. Vein Cntrs. for Excellence, Inc.*, No. 12-174, 2013 WL 6498245, at *11 (E.D. Mo. Dec. 11, 2013) (explaining that because the statutory damages available to each individual class member are small, it is unlikely that the class members have interest in individually controlling the prosecution of separate actions); *Siding & Insulation Co. v. Beachwood Hair Clinic, Inc.*, 279 F.R.D. 442, 446 (N.D. Ohio 2012) (stating that since each class member is unlikely to recover more than a small amount, they are unlikely to bring individual suits under the TCPA). Therefore, because of the settlement, class members will receive money they otherwise would have likely never pursued on their own.

At bottom, the settlement constitutes an objectively excellent result for class members, and supports a request for an award of attorneys' fees in the amount of one-third of the common fund.

**B.  This matter posed novel, and substantial litigation-related risks.**

Plaintiff faced a number of significant merit-based hurdles in this case. For example, Defendant argued that the platform it used to place the calls at issue—the Genesys OB dialer—is not an automatic telephone dialing system ("ATDS") as defined by the TCPA. More specifically, Defendant suggested that the Genesys OB dialer cannot randomly or sequentially generate telephone numbers to be dialed, and is therefore not an ATDS. Of course, if the Genesys OB dialer

is not an ATDS, the TCPA does not govern the calls giving rise to this matter, and thus could not serve as a basis for which any class member could obtain relief under the TCPA. *See* 47 U.S.C. § 227(b)(1)(A)(iii).

Notably, Defendant based its argument on an interpretation of the TCPA about which circuit courts are divided. *Compare Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1053 (9th Cir. 2018), *cert. dismissed,* 139 S. Ct. 1289 (2019) (holding a device that makes calls from a stored list can be an ATDS); *Allan v. Pa. Higher Educ. Assistance Agency*, 968 F.3d 567, 580 (6th Cir. 2020) (same); and *Duran v. La Boom Disco, Inc.*, 955 F.3d 279, 281 n.5 (2d Cir. 2020) (same)*, with Gadelhak v. AT&T Servs., Inc.*, 950 F.3d 458 (7th Cir. 2020) (holding an ATDS must randomly or sequentially generate numbers called); and *Glasser v. Hilton Grand Vacations Co.*, 948 F.3d 1301 (11th Cir. 2020) (same). To address this split the Supreme Court recently granted a petition for certiorari in *Facebook, Inc. v. Duguid*, No. 19-511—*see* https://www.scotusblog.com/case-files/cases/facebook-inc-v-duguid/ (noting that the petition was granted on the question of "[w]hether the definition of ATDS in the TCPA encompasses any device that can 'store' and 'automatically[ dial' telephone numbers, even if the device does not 'us[e] a random or sequential number generator.'") —and will hear oral argument on December 8, 2020. *See id.*[2]

Furthermore, during the pendency of this case the Supreme Court, in *Barr v. Am. Ass'n of Political Consultants, Inc.*, considered the constitutionality of the TCPA as a whole. No. 19-631, 2020 WL 3633780 (U.S. July 6, 2020). And if the Court would have found the TCPA to be unconstitutional, Plaintiff's and class members' claims would have suddenly ceased to exist, thus extinguishing any hope of a recovery from this matter. *See Ward v. Flagship Credit Acceptance, LLC*, No. 17-2069, 2020 WL 759389, at *9 (E.D. Pa. Feb. 13, 2020) ("Depending on the approach the Supreme Court takes [in *Barr*], the general constitutionality of the TCPA may be in question.").

---

[2]     Likely meaningful, Justice Amy Coney Barret—recently appointed to the Supreme Court—authored the opinion in *Gadelhak*, through which she concluded: "The district court held that AT&T's system did not qualify as an 'automatic telephone dialing system' because it lacked the capacity to generate random or sequential numbers. Although we adopt a different interpretation of the statute, under our reading, too, the capacity to generate random or sequential numbers is necessary to the statutory definition." 950 F.3d at 469.

1    Ultimately, the Court found a portion of the TCPA unconstitutional, but rather than strike down the

2    law it severed a portion of the statute not at issue here. In other words, the Court "conclude[d] that

3    the entire 1991 robocall restriction should not be invalidated, but rather that the 2015 government-

4    debt exception must be invalidated and severed from the remainder of the statute." *Id*. at *2

5    (Kavanaugh, J.).

6         Additionally, Defendant argued that Plaintiff would not be able to certify her proposed

7    "wrong number" class. In support of it contention Defendant referenced a number of decisions,

8    including those from district courts within the Ninth Circuit, refusing to certify "wrong number"

9    classed under the TCPA. *See, e.g.*, *Revitch v. Citibank, N.A.*, No. C 18-06907 WHA, 2019 WL

10   1903247 (N.D. Cal. Apr. 28, 2019) (Alsup, J.); *Davis v. AT&T Corp.*, No. 15CV2342-DMS (DHB),

11   2017 WL 1155350, at *1 (S.D. Cal. Mar. 28, 2017).

12        No matter, in the face of these risks—concrete risks above those inherent in any contested

13   litigation—class counsel secured the remarkable settlement at bar. This supports the requested fee

14   award. *See Gutierrez-Rodriguez v. RM Galicia, Inc.*, No. 16-CV-00182-H-BLM, 2018 WL

15   1470198, at *7 (S.D. Cal. Mar. 26, 2018) ("The Court finds further support for an upward departure

16   in the substantial risks of continued litigation, as well as the high quality of representation by class

17   counsel, who brought this case on a contingency basis and received no compensation for their

18   efforts for the approximately two years this case has been pending."); *Spears v. First Am.

19   Eappraiseit*, No. 08-CV-00868-RMW, 2015 WL 1906126, at *2 (N.D. Cal. Apr. 27, 2015) (Whyte,

20   J.) (awarding 35% of $7,557,096.92 net settlement fund in a case where class counsel "faced at

21   least three significant novel issues of law").

22   **C. Class counsel litigated this matter on a contingent basis.**

23        Class counsel litigated this matter on a contingent basis. *See* Exhibit A, ¶ 40; Declaration

24   of Gary Klinger, attached as Exhibit, ¶ 54. Accordingly, they faced a substantial risk of nonpayment

25   for years of work on this case. And this is significant considering that class counsel accrued over

26   $380,000 in attorneys' fees litigating this matter, and incurred $14,290.10 in litigation costs and

27   expenses. *See infra* Argument §§ I.E, II.

28

The contingent nature of class counsel's work therefore supports the requested fee award. *See In re Anthem, Inc. Data Breach Litig.*, No. 15-MD-02617-LHK, 2018 WL 3960068, at *14 (N.D. Cal. Aug. 17, 2018) (Koh, J.) ("Fourth, this case was conducted on a contingent-fee basis against well-represented Defendants. To be sure, Class Counsel were capable of fronting the costs, but the financial risk of litigation was assumed by Class Counsel throughout the pendency of the action. Moreover, the representation has lasted for nearly three years and the case schedule was compressed, thereby requiring Class Counsel to forego work on other matters."); *Dakota Medical, Inc. v. RehabCare Grp., Inc.*, No. 1:14-cv-02081-DAD-BAM, 2017 WL 4180497, at *8 (E.D. Cal. Sept. 21, 2017) (awarding fees of 30% of common fund in TCPA class action and noting that "Class counsel here also faced a substantial risk of non-payment. As the court has already explained, this case was subjected to extensive and serious litigation, discovery, and motion practice. All three law firms representing the class here accepted the matter on a purely contingent basis. None would have been compensated at all absent a recovery for the class.").

To be sure, a contingent fee arrangement like that which class counsel entered into here "weighs in favor of the requested attorneys' fees award, because [s]uch a large investment of money [and time] place[s] incredible burdens upon . . . law practices and should be appropriately considered." *In re Thornburg Mortg., Inc. Sec. Litig.*, 912 F. Supp. 2d 1178, 1256 (D.N.M. 2012); *accord Been v. O.K. Indus., Inc.*, No. CIV–02–285–RAW, 2011 WL 4478766, at *9 (E.D. Okla. Aug. 16, 2011) ("Courts agree that a larger fee is appropriate in contingent matters where payment depends on the attorney's success."); *Allapattah Servs., Inc. v. Exxon Corp.*, 454 F. Supp. 2d 1185, 1215 (S.D. Fla. 2006) ("This factor weighs heavily in favor of a 31 and 1/3% percentage fee for Class Counsel because the fee in this action has been completely contingent."). Indeed, as one district court noted:

> Generally, the contingency retainment must be promoted to assure representation when a person could not otherwise afford the services of a lawyer . . . A contingency fee arrangement often justifies an increase in the award of attorney's fees. This rule helps assure that the contingency fee arrangement endures. If this "bonus" methodology did not exist, very few lawyers could take on the representation of a class client given the investment of substantial time, effort, and money, especially in light of the risks of recovering nothing.

1   *Behrens v. Wometco Enters., Inc.*, 118 F.R.D. 534, 548 (S.D. Fla. 1988), *aff'd*, 899 F.2d 21 (11th

2   Cir. 1990); *accord Clark v. City of L.A.*, 803 F.2d 987, 991 (9th Cir. 1986) ("The risk and delay

3   involved in contingent fee arrangements have long been seen as justifications for the relatively

4   large fees often resulting in contingency cases.").

5          And this is especially true here, where class counsel are two relatively small firms that each

6   include five full-time attorneys. *See* Exhibit A, ¶¶ 22-38; Exhibit B, ¶ 53. As such, the amount of

7   work class counsel can handle at any given time is limited, so the time devoted to this case

8   necessarily restricted their ability to accept other work. *See In re Online DVD-Rental Antitrust*

9   *Litig.*, 779 F.3d 934, 955 (9th Cir. 2015) (noting that the district court properly considered "the

10  burdens class counsel experienced while litigating the case (e.g., cost, duration, foregoing other

11  work"); *Gevaerts v. TD Bank, N.A.*, No. 11:14-cv-20744-RLR, 2015 WL 6751061, at *13 (S.D.

12  Fla. Nov. 5, 2015) ("It is uncontroverted that the attorney time spent on the Action was time that

13  could not be spent on other matters. Consequently, this factor supports the requested fee.");

14  *Slipchenko v. Brunel Energy, Inc.*, No. CIV.A. H-11-1465, 2015 WL 338358, at *21 (S.D. Tex.

15  Jan. 23, 2015) ("By accepting this case, class counsel necessarily limited their ability to work on

16  other cases. Four of Cohen Milstein's seven-lawyer Employee Benefits Practice Group spent more

17  than 50 hours on this case."); *Lucken Family Ltd. P'ship, LLLP v. Ultra Res., Inc.*, No. 09-CV-

18  01543-REB-KMT, 2010 WL 5387559, at *5 (D. Colo. Dec. 22, 2010) ("Because of the number of

19  hours that class counsel have been required to devote to this case, class counsel necessarily were

20  precluded from handling other litigation matters during that time.").

21         For these reasons, that class counsel litigated this matter on a contingent basis supports their

22  request for attorneys' fees in the amount of one-third of the settlement fund.

23     **D.  Class counsel used their unique experience and skill in connection with their**
       **significant efforts throughout this matter.**
24

25         "[T]he prosecution and management of a complex national class action requires unique

26  legal skills and abilities." *Columbus Drywall & Insulation, Inc. v. Masco Corp.*, No. 1:04-CV-

27  3066-JEC, 2012 WL 12540344, at *4 (N.D. Ga. Oct. 26, 2012) (internal citation omitted); *see also*

28

*Swift v. BancorpSouth Bank*, No. 1:10-CV-00090-GRJ, 2016 WL 11529613, at *17 (N.D. Fla. July 15, 2016) (same); *In re Omnivision Techs., Inc. Sec. Litig.*, No. 5:11-CV-05235-RMW, 2015 WL 3542413, at *2 (N.D. Cal. June 5, 2015) (Whyte, J.) (same); *In re MetLife Demutualization Litig.*, 689 F. Supp. 2d 297, 362 (E.D.N.Y. 2010) (same).

This action is no different, and class counsel relied on their skill and experience in litigating and negotiating the parties' settlement. Indeed, class counsel have a particular set of skills honed over years of practice, during which they were appointed as class counsel in 21 class actions under the TCPA alone. *See* Exhibit A, ¶ 9, Exhibit B, ¶¶ 8-12 (collecting cases). Of note, the combined recovery for consumers resulting from these TCPA matters well exceeds $100 million.

As well, in just the past several years, class counsel have been appointed as class counsel in over 3 dozen other consumer protection class actions across the country. *See* Exhibit A, ¶ 11, Exhibit B, ¶¶ 8-12 (collecting cases). Furthermore, class counsel's notable appellate decisions in the consumer protection context are numerous. *See, e.g.*, Exhibit A, ¶ 24 (collecting cases). And against this backdrop multiple district courts have commented on class counsel's useful knowledge and experience in connection with class action litigation. *See* Exhibit A, ¶¶ 12-20.

In sum, class counsel relied on a wealth of particular skill and experience in obtaining the excellent result they did for class members. And this substantial skill and experience support the requested fee award. *See In re Anthem, Inc. Data Breach Litig.*, 2018 WL 3960068, at *13 ("Moreover, the case presents complexities that required skill from the prosecuting attorneys. . . . This Court and other courts within this district have recognized that litigating complicated matters, especially unprecedented issues, is a circumstance that points in favor of a larger percentage.").

**E.  The requested attorneys' fee award amounts to a discount on class counsel's lodestar.**

The excellent result that class counsel obtained for class members did not come easy. Rather, class counsel devoted tremendous time—over 810 hours in all—and resources to this case, including:

a.  conducting an investigation into the underlying facts regarding Plaintiff's claims and class members' claims;

b.  researching law relevant to, and preparing, Plaintiff's class action complaint;

c.  researching law relevant to Defendant's defenses;

d.  researching law relevant to, and preparing an opposition in response to, Defendant's motion to stay;

e.  researching law relevant to, and preparing an opposition in response to, Defendant's motion to dismiss;

f.  preparing initial written discovery requests to Defendant;

g.  preparing Rule 37-related letters to Defendant regarding, and negotiating with Defendant regarding, its answers and responses to Plaintiff's written discovery requests; its amended answers and responses to Plaintiff's written discovery requests; its second amended answers and responses to Plaintiff's written discovery requests; and its third amended answers and responses to Plaintiff's written discovery requests;

h.  preparing Plaintiff's amended class action complaint;

i.  researching law relevant to, and preparing the parties' initial joint discovery dispute letter;

j.  responding to this Court's order with questions about the parties' initial joint discovery dispute letter;

k.  preparing the parties' joint letter requesting clarification of this Court's order on the parties' initial joint discovery dispute letter;

l.  researching law relevant to, and preparing the parties' second joint discovery dispute letter;

m.  negotiating the parties' proposed protective order;

n.  researching law relevant to, and preparing Plaintiff's statements to this Court regarding disputes over the parties' proposed protective order;

o.  researching law relevant to, and preparing the parties' third joint discovery dispute letter;

p.  preparing for and taking two separate corporate representative depositions of Defendant pursuant to Rule 30(b)(6);

q.  preparing answers, responses, and objections to Defendant's written discovery requests to Plaintiff;

r.  preparing for and defending Plaintiff's deposition;

s.  pursuing third party discovery to AT&T;

t.  preparing for and attending mediation with Judge James Holderman (Ret.), including researching and preparing a detailed mediation statement and reply memorandum, as well as attending pre-mediation conferences and calls with Judge Holderman;

u.  preparing, and then negotiating, the parties' class action settlement agreement, along with the proposed class notices and claim form;

v.  negotiating with class administration companies to secure the best notice plan practicable;

w.  researching and preparing Plaintiff's motion for preliminary approval of the class action settlement, and class counsel's detailed declarations in support;

x.  preparing the instant motion for attorneys' fees, costs, expenses, and an incentive award;

y.  closely monitoring evolving TCPA case law and its potential impacts on this case;

z.  closely monitoring decisions from the FCC and their potential impacts on this case;

aa. conferring with the class administrator to oversee the notice, claims, and administration process;

bb. repeatedly conferring with Plaintiff throughout this case; and

cc. conferring with class members to answer questions about the settlement process.

Exhibit A, ¶ 42; Exhibit B, ¶¶ 16-52.

In all, class counsel accrued over $380,000 in attorneys' fees litigating this matter as of the present date. *See* Exhibit A, ¶¶ 43-53; Exhibit B, ¶¶ 61-62. And that class counsel now seek an award of attorneys' fees in an amount significantly less that the amount they accrued supports their request for one-third of the settlement fund. *See Betancourt v. Advantage Human Resourcing, Inc.*, No. 14-CV-01788-JST, 2016 WL 344532, at *8 (N.D. Cal. Jan. 28, 2016) (Tigar, J.) (awarding 34.3% fee award where "Class counsel requests an award . . . which represents only 72 percent of their lodestar fees" and noting that "[t]his contrasts with the majority of class settlements, in which the fees awarded are typically greater than, or a multiple of, counsel's lodestar."); *Quezada v. Schneider Logistics Transloading & Distribution, Inc.*, No. CV122188CASDTBX, 2014 WL

12584436, at *10 (C.D. Cal. May 12, 2014) (approving 33.3% fee award, where lodestar approximately matched the fee request, but noting that "[b]y the time this case is finally resolved, the lodestar will likely exceed the requested fee amount of $1.56 million."); *McDonald v. Airport Terminal Servs., Inc.*, No. EDCV 11-1946VAP(SPX), 2013 WL 12251409, at *10 (C.D. Cal. Nov. 19, 2013) (awarding 33% fee award where "the lodestar calculation significantly exceeds the benchmark level of fees."); *Mora v. Cal W. Ag Servs., Inc.*, No. 115CV01490LJOEPG, 2019 WL 2084725, at *9 (E.D. Cal. May 13, 2019), *report and recommendation adopted,* No. 115CV01490LJOEPG, 2019 WL 3760402 (E.D. Cal. Aug. 9, 2019) (awarding 33.33% fee, noting that "[t]he requested fees of $61,661 is lower than the lodestar cross-check amount of $87,318. Under the circumstances of this case, and with this lodestar cross-check in mind, the Court finds that although the attorneys' fees requested by counsel exceed the 25% benchmark for this circuit, the requested fees are reasonable and accordingly should be approved."); *Flores v. ADT LLC*, No. 1:16-CV-0029-AWI-JLT, 2018 WL 1062854, at *16 (E.D. Cal. Feb. 27, 2018), *report and recommendation adopted as modified,* No. 116CV00029AWIJLT, 2018 WL 6981043 (E.D. Cal. Mar. 19, 2018) (awarding 33% fee where lodestar exceeds fee amount, even after reducing hourly rates for the attorneys); *see also Burnthorne-Martinez v. Sephora USA, Inc.*, No. 4:16-CV-02843-YGR, 2018 WL 5310833, at *3 (N.D. Cal. May 16, 2018) (Rogers, J.) (approving 33.33% fee award, noting that "the reasonableness of this fee is confirmed by the lodestar cross-check, which results in a multiplier of less than 1.3, well within the range of reasonableness.").

## F.  Courts often award as attorneys' fees one third of the settlement fund in TCPA class actions.

Courts in the Ninth Circuit have not shied away from awarding attorneys' fees in the amount of one-third of the settlement fund in TCPA class actions. *See, e.g.*, *West v. Cal. Serv. Bureau, Inc.*, Case No. 4:16-cv-03124-YGR, Dkt. No. 128 (N.D. Cal. Jan. 23, 2019) (Rogers, J.) (awarding 33.33% of the common fund); *Dakota Medical*, 2017 WL 4180497, at *9-10 ("Ultimately, class counsel request an award of one-third of the $25 million settlement fund, or $8,333,333. Thus, the lodestar multiplier is approximately 3.0. Multipliers of 3.65 have been approved by the Ninth

Circuit. *See Vizcaino*, 290 F.3d at 1051. 'Multipliers in the 3–4 range are common in lodestar awards for lengthy and complex class action litigation.' *Van Vranken*, 901 F.Supp. at 298 (citing *Behrens*, 118 F.R.D. at 549). The court finds a 3.0 lodestar multiplier reasonable here for purposes of a cross-check. Given the above facts as found by this court, an above benchmark award of attorneys' fees is warranted here. Therefore, the request that one-third of the settlement fund be awarded as attorneys' fees will be granted."); *Hageman v. AT & T Mobility LLC*, No. CV 13-50-BLG-RWA, 2015 WL 9855925, at *4 (D. Mont. Feb. 11, 2015) ("Class Counsel request an assessment of fees in the amount of $15 million, or one-third of the common fund recovery. . . . The application for fees is thus approved."); *Vendervort v. Balboa Capital Corp.*, 8 F. Supp. 3d 1200, 1210 (C.D. Cal. 2014) (awarding 33% of common fund).

Likewise, numerous courts outside the Ninth Circuit have awarded attorneys' fees in the amount of one-third of the settlement fund in TCPA class actions. *See, e.g.*, *Hanley v. Tampa Bay Sports & Entm't LLC*, No. 819CV00550CEHCPT, 2020 WL 2517766, at *6 (M.D. Fla. Apr. 23, 2020) (awarding "a slight increase from the one-third benchmark"); *Krakauer v. Dish Network, L.L.C.*, No. 1:14-CV-333, 2019 WL 7066834, at *7 (M.D.N.C. Dec. 23, 2019) (awarding one-third of the common fund); *Sheean v. Convergent Outsourcing, Inc.*, No. 218CV11532GCSRSW, 2019 WL 6039921, at *4 (E.D. Mich. Nov. 14, 2019) (awarding one-third of the TCPA and FDCPA common funds); *Charvat v. Valente*, No. 12-CV-05746, 2019 WL 5576932, at *11 (N.D. Ill. Oct. 28, 2019) (awarding attorney's fees of 33.99% of the common fund); *Gonzalez v. TCR Sports Broad. Holding, LLP*, No. 1:18-CV-20048-DPG, 2019 WL 2249941, at *6 (S.D. Fla. May 24, 2019) (awarding one-third of the common fund); *Todd S. Elwert, Inc., DC v. All. Healthcare Servs., Inc.*, No. 3:15-CV-2673, 2018 WL 4539287, at *4 (N.D. Ohio Sept. 21, 2018) (awarding one-third of the common fund); *In re Capital One Tel. Consumer Prot. Act Litig.*, 80 F. Supp. 3d 781, 807 (N.D. Ill. 2015) (awarding 36% of the first $10 million); *Kolinek v. Walgreen Co.*, 311 F.R.D. 483, 503 (N.D. Ill. 2015) (awarding 36% of the common fund); *Prater v. Medicredit, Inc.*, No. 4:14-CV-00159-ERW, 2015 WL 8331602, at *3 (E.D. Mo. Dec. 7, 2015) (awarding one-third of the common fund); *Soto v. The Gallup Org.*, No. 13-cv-61747, ECF No. 95 (S.D. Fla. Nov. 24, 2015)

(awarding one-third of the common fund, inclusive of costs); *Allen v. JPMorgan Chase Bank, N.A.*, No. 13-cv-8285, ECF No. 93 (N.D. Ill. Oct. 21, 2015) (awarding 33% of the common fund); *Guarisma v. ADCAHB Med. Coverages, Inc.*, No. 13-cv-21016, ECF No. 95 (S.D. Fla. June 24, 2015) (awarding one-third of the common fund); *Martin v. Dun & Bradstreet, Inc.*, No. 1:12–cv–215, 2014 WL 9913504, at *3 (N.D. Ill. Jan. 16, 2014*)* (awarding more than one-third of the common fund); *Cummings v Sallie Mae*, No. 1:12-cv-9984, ECF No. 91 (N.D. Ill. May 30, 2014) (awarding 33% of the common fund, inclusive of costs); *Hanley v. Fifth Third Bank*, No. 1:12-cv-01612, ECF No. 86 (N.D. Ill. Dec. 23, 2013) (awarding 33% of the common fund, inclusive of costs); *Desai v. ADT Sec. Servs., Inc.*, No. 1:11-cv-1925, ECF No. 243 (N.D. Ill. June 21, 2013) (awarding 33% of the common fund, inclusive of costs); *CE Design Ltd. v. Cy's Crab House N., Inc.*, No. 1:07-cv-5456, ECF No. 424 (N.D. Ill. Oct. 21, 2011) (awarding 33% of the common fund, plus costs); *Locklear Elec., Inc. v. Norma L. Lay*, No. 3:09-cv-00531, ECF No. 67 (S.D. Ill. Sept. 8, 2010) (awarding one-third of the common fund, plus costs); *Holtzman v. CCH*, No. 1:07-cv-7033, ECF No. 33 (N.D. Ill. Sept. 30, 2009) (awarding 33% of the common fund, inclusive of costs).

Awards in cases similar to this matter therefore support class counsel's request for attorneys' fees in an amount equal to one-third of the common fund.

**G. Additional factors support class counsel's request for an award of attorneys' fees in the amount of one-third of the common fund.**

"Attorneys who undertake the risk to vindicate legal rights that may otherwise go unredressed function as 'private attorneys general.'" *Allapattah Servs., Inc.*, 454 F. Supp. 2d at 1217. This is particularly important here, where, as previously noted, *see supra* Argument § I.A, damages awards under the TCPA—a statute that does not include a fee-shifting provision—are often too small to incentivize individual actions. And given such a circumstance, "courts treat successfully fulfilling [the private attorney general role] as a . . . factor when awarding class counsel attorneys' fees." *Allapattah Servs., Inc.*, 454 F. Supp. 2d at 1217 (citing *Ressler v. Jacobson*, 149 F.R.D. 651, 657 (M.D. Fla. 1992)) (noting that when class counsel act as private attorneys general,

"public policy favors the granting of counsel fees sufficient to reward counsel for bringing these actions and to encourage them to bring additional such actions").

The public policy fostered by the private attorney general role is, however, frustrated where a large defendant has the ability to overwhelm, for example, the small-firm plaintiff's lawyers who typically represent consumers in actions under the TCPA. This is a reality that results from the fact that, as noted above, *see supra* Argument § I.E, class counsel were required to risk a significant amount of time, as well as out-of-pocket costs and expenses, to reach the result obtained. And "[u]nless that risk is compensated with a commensurate reward, few firms, no matter how large or well financed, will have any incentive to represent the small stake holders in class actions against corporate America, no matter how worthy the cause or wrongful the defendant's conduct." *Allapattah Servs., Inc.*, 454 F. Supp. 2d at 1217.

Accordingly, a contingent attorneys' fee award that amounts to one-third of the common fund is appropriate where "absent an award of [such fees] . . . the entire purpose and function of class litigation under Rule 23 of the Federal Rules of Civil Procedure will be undermined and subverted to the interests of those lawyers who would prefer to take minor sums to serve their own self interest rather than obtaining real justice on behalf of their injured clients." *Id*. at 1217-18 (citing John J. Coffee, Jr., *Rescuing the Private Attorney General: Why the Model of the Lawyer as Bounty Hunter is Not Working*, MD. L. REV., 216, 225-26 (1983), for the principle that "the private attorney general provides an important mechanism 'to enforce the federal antitrust and securities laws, to challenge corporate self-dealing in derivative actions, and to protect a host of other statutory policies,' but in the absence of appropriate incentive structures, 'litigated judgments are few, cheap settlements are common, and . . . the private watchdog can be bought off by tossing him the juicy bone of a higher-than-ordinary fee award in return for his acceptance of an inadequate settlement'")).

With this is mind, and considering the circumstances of this matter—the lack of incentive for aggrieved consumers to bring individual suits, that Defendant is unquestionably an entity with

means to litigate, and that Defendant employed excellent legal counsel—class counsel's request for attorneys' fees is supported by the economics involved in litigating this matter.

## II.   This Court should approve the reimbursement of $14,290.10 in litigation costs and expenses.

"An attorney who has created a common fund for the benefit of the class is entitled to reimbursement of reasonable litigation costs from that fund." *Carlin*, 380 F. Supp. 3d at 1023; *see also Cabiness v. Educ. Fin. Sols., LLC*, No. 16-CV-01109-JST, 2019 WL 1369929, at *8 (N.D. Cal. Mar. 26, 2019) ("An attorney is entitled to recover as part of the award of attorney's fees those out-of-pocket expenses that would normally be charged to a fee paying client."). The award "should be limited to typical out-of-pocket expenses that are charged to a fee-paying client and should be reasonable and necessary." *In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1177 (S.D. Cal. 2007). These costs can include reimbursements for: (1) meals, hotels, and transportation; (2) photocopies; (3) postage, telephone, and fax; (4) filing fees; (5) messenger and overnight delivery; (6) online legal research; (7) class action notices; (8) experts, consultants, and investigators; and (9) mediation fees. *Torres v. Pick-A-Part Auto Wrecking*, No. 1:16-cv-01915-DAD-BAM, 2018 WL 3570238, at *9 (E.D. Cal. July 23, 2018).

Class counsel requests the reimbursement of $14,290.10 in litigation costs and expenses necessarily incurred to litigate and resolve this matter on behalf of class members. *See* Exhibit A, ¶¶ 56-58; Exhibit B, ¶¶ 64-65.

These expenses include case filing fees, *pro hac vice* application fees, service of process fees, travel costs, deposition and transcript-related costs, mediation fees, PACER fees, Zoom fees, and CourtCall fees. Because class counsel's litigation costs and expenses are eminently reasonable in a class action like this, and were necessary to the successful resolution of this action, *see Carlin*, 380 F. Supp. 3d at 1024, this Court should approve reimbursement for them.

## III.   This Court should approve an incentive award to Plaintiff in the amount of $5,000.

The Ninth Circuit has recognized that incentive awards "are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk

16

1   undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private

2   attorney general." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958-59 (9th Cir. 2009).

3          Here, Plaintiff respectfully requests that this Court approve an incentive award of $5,000 in

4   recognition of her contributions toward the successful resolution of this litigation. Without

5   Plaintiff's tenacious efforts, there would have been no lawsuit, let alone a class recovery for the

6   benefit of consumers nationwide. At bottom, Plaintiff's goal was to pursue this matter on a class-

7   wide basis to seek redress for consumers harmed by Defendant's calling practices, and there can be

8   no dispute that she succeeded in her efforts.

9          But obtaining the result at bar was no small feat. Plaintiff devoted considerable time and

10  energy to this case over approximately two years, which included approving two iterations of her

11  class action complaint, participating in many strategy conferences with class counsel, responding

12  to written discovery requests directed to her, being subjected to an invasive deposition, and

13  attending mediation. Exhibit A, ¶ 61. Plaintiff also assisted class counsel in protracted settlement

14  negotiations with Defendant for the good of the class before, during, and shortly after mediation.

15  *Id.*, ¶ 62. In short, Plaintiff was an ideal and dedicated class representative throughout this matter.

16  *Id.*, ¶¶ 59-60.

17         Given, therefore, Plaintiff's active participation in this matter, and as recognition for the

18  superb results she delivered to class members, an incentive award of $5,000 is justified. *See, e.g.*,

19  *Jones v. I.Q. Data Int'l, Inc.*, No. 1:14-CV-00130-PJK, 2015 WL 5704016, at *2 (D.N.M. Sept. 23,

20  2015) ($20,000 incentive award from a $1 million common fund); *Prater*, 2015 WL 8331602, at

21  *3 ($20,000 incentive award from a $6.75 million common fund); *Craftwood Lumber Co. v.

22  Interline Brands, Inc.*, No. 11-CV-4462, 2015 WL 1399367, at *6 (N.D. Ill. Mar. 23, 2015)

23  (collecting cases and approving a $25,000 service award to a TCPA class representative); *Ritchie

24  v. Van Ru Credit Corp.*, No. CV-12-1714-PHX-SMM, 2014 WL 956131, at *4 (D. Ariz. Mar. 12,

25  2014) ($12,000 incentive award from a $2.3 million common fund); *Martin*, 2014 WL 9913504, at

26  *3 (approving a $20,000 service award to a TCPA class representative).

27

28

1      This Court should accordingly approve an incentive award to Plaintiff in the amount of

2   $5,000.

3                                          **Conclusion**

4      Plaintiff respectfully requests that this Court award class counsel attorneys' fees amounting

5   to one-third of the $1 million common fund, approve the reimbursement of $14,290.10 in litigation

6   costs and expenses reasonably incurred by class counsel, and approve an incentive award of $5,000

7   for her service to the class.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2      DATED: December 2, 2020                    Respectfully submitted,

3                                                 */s/ Aaron D. Radbil*
                                                  Aaron D. Radbil (*pro hac vice*)
4                                                 Gary M. Klinger (*pro hac vice*)

5                                                 *Attorneys for Plaintiff and the class*

6

7                              **CERTIFICATE OF SERVICE**

8          I certify that a copy of the foregoing was filed electronically on December 2, 2020, via the

9      Court Clerk's CM/ECF system, which will provide notice to all counsel of record.

10                                                */s/ Aaron D. Radbil*
                                                  Aaron D. Radbil
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28