Gary M. Klinger (*pro hac vice*)
**MASON LIETZ & KLINGER LLP**
227 W. Monroe Street, Suite 2100
Chicago, Illinois 60606
Phone: 202-429-2290
gklinger@masonllp.com

Aaron D. Radbil (*pro hac vice*)
**GREENWALD DAVIDSON RABDIL PLLC**
401 Congress Avenue, Suite 1540
Austin, Texas 78701
Phone: (512) 803-1578
Fax: (561) 961-5684
aradbil@gdrlawfirm.com

*Attorneys for Plaintiff and the Class*
*(Additional Counsel Listed on Signature Page)*

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIANN BONOAN, individually and on behalf of others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>ADOBE, INC.,<br><br>        Defendant. | <u>**CLASS ACTION**</u><br><br>Case No. 3:19-cv-01068-RS<br><br>Hearing Date: February 18, 2021<br>Hearing Time: 1:30 p.m.<br>Hearing Place: Courtroom #3, 17th Floor<br>Judge: Hon. Richard Seeborg<br><br>**PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, NOTICE OF MOTION, AND MEMORANDUM IN SUPPORT** |

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT,
NOTICE OF MOTION, AND MEMORANDUM IN
SUPPORT - i

MASON LIETZ & KLINGER LLP
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290

# TABLE OF CONTENTS

**SECTION:**                                                                   **PAGE:**

NOTICE OF MOTION AND MOTION ................................................................. 1

MEMORANDUM OF POINTS AND AUTHORITIES .......................................... 2

I.     INTRODUCTION ................................................................................... 2

II.    SUMMARY OF CASE AND SETTLEMENT ...................................... 3

    a.  Plaintiff alleges Adobe violated the TCPA by placing autodialed calls without her consent. Adobe denies all wrong-doing. ...................................... 3

    b.  Despite facing significant obstacles to proving liability and obtaining and maintaining class certification, Plaintiff's efforts resulted in the $1,000,000 settlement now before this Court. ................................................... 3

    c.  The settlement requires Adobe to create a non-reversionary fund of $1,000,000 for the benefit of Settlement Class Members: participating Settlement Class Members will receive approximately $2,800 each. ................ 5

    d.  Notice and Claims Administration ............................................................. 5

III.   ARGUMENT ............................................................................................ 7

    a.  The settlement satisfies all requirements and merits approval. .................. 7

        i.  The strengths of Plaintiff's case and the risks inherent in continued litigation against Adobe favor final approval. ............................ 8

        ii.  The immediate, meaningful cash relief afforded by the Settlement— approximately $2,800 for each participating Settlement Class Member —favors final approval. ............................................................. 8

        iii. The posture of this case and experience and views of counsel favor final approval. ..................................................................... 10

        iv. The lack of a government participant supports final approval of the settlement. ........................................................................ 12

        v.  The reaction of Settlement Class Members strongly supports final approval of the settlement. .................................................... 12

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT,
NOTICE OF MOTION, AND MEMORANDUM IN
SUPPORT - ii

MASON LIETZ & KLINGER LLP
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290

vi.  The Settlement treats Settlement Class Members equitably....................................... 13

vii. Plaintiff and her counsel adequately represented the Settlement Class. ................... 14

  b.  Distribution of class notice more than satisfied due process requirements. ...................14

  c.  The Settlement Class should be finally certified. ...........................................................15

IV.   CONCLUSION............................................................................................................. 15

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT,
NOTICE OF MOTION, AND MEMORANDUM IN
SUPPORT - iii

MASON LIETZ & KLINGER LLP
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290

**TABLE OF AUTHORITIES**

**CASES:**                                                                      **PAGE(S):**

*Adams v. Allianceone Receivables Mgmt., Inc.*, No. 3:08-cv-00248-JAH-WVG
   (S.D. Cal. Apr. 23, 2012) ............................................................................. 9

*Agne v. Papa John's Int'l*, No. 2:10-cv-01139 (W.D. Wash. Oct. 22, 2013) .............................. 10

*Arthur v. SLM Corp.*, No. C10–0198 JLR (W.D. Wash. Aug. 8, 2012) ...................................... 12

*Barr v. Am. Ass'n of Pol. Consultants, Inc.*, 140 S. Ct. 2335 (2020) ................................ 4

*Bayat v. Bank of the W.*, No. C-13-2376 EMC, 2015 WL 1744342 (N.D. Cal.
   Apr. 15, 2015) .......................................................................................... 12

*Bykov v. DC Transp. Servs., Inc.*, No. 2:18-CV-1691 DB, 2019 WL 1430984
   (E.D. Cal. Mar. 29, 2019) ............................................................................. 11

*Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566 (9th Cir. 2004) ................................ 7

*Clark v. Payless ShoeSource, Inc.*, No. 2:09-cv-00915 (W.D. Wash. July 27, 2012) ................... 10

*Class Pls. v. City of Seattle*, 955 F.2d 1268 (9th Cir. 1992) ...................................... 7

*Couser v. Comenity Bank*, 125 F. Supp. 3d 1034 (S.D. Cal. 2015) ................................... 9

*Cross v. Wells Fargo Bank, N.A.*, No. 15-cv-1270, 2016 WL 5109533 (N.D.
   Ga. Sept. 13, 2016) ................................................................................... 9

*Cubbage v. The Talbots, Inc.*, No. 2:09-cv-00911 (W.D. Wash. Nov. 5, 2012) ........................ 10

*Davis v. AT&T Corp.*, No. 15CV2342-DMS (DHB), 2017 WL 1155350 (S.D.
   Cal. Mar. 28, 2017) ................................................................................... 4

*Duke v. Bank of Am., N.A.*, No. 12-4009 (N.D. Cal. Aug. 29, 2014) ................................. 9

*Facebook, Inc. v. Duguid*, No. 19-511 (U.S. filed Oct. 17, 2019),
   *https://www .scotus blog.com/case-files/cases/facebook-inc-v-duguid/* ............................. 3

*Franklin v. Kaypro Corp.*, 884 F.2d 1222 (9th Cir. 1989) .......................................... 7

*Garret v. Sharps Compliance, Inc.*, No. 1:10-cv-04030 (N.D. Ill. Nov. 5, 2012) .................... 9

*Gehrich v. Chase Bank USA, N.A.*, 316 F.R.D. 215, 228 (N.D. Ill. 2016) ............................ 9

*Hale v. State Farm Mut. Auto. Ins. Co.*, No. 12-0660-DRH, 2018 WL 6606079
   (S.D. Ill. Dec. 16, 2018) ............................................................................ 13

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT,
NOTICE OF MOTION, AND MEMORANDUM IN
SUPPORT - iv

**MASON LIETZ & KLINGER LLP**
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290

1   *Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998) ..................................... 7, 8, 10

2   *Hashw v. Dep't Stores Nat'l Bank*, 182 F. Supp. 3d 935 (D. Minn. 2016) ..................................... 9

3   *In re Cap. One Tel. Consumer Prot. Act Litig.*, 80 F. Supp. 3d 781 (N.D. Ill. 2015)..................... 9

4   *In re Google LLC St. View Elec. Commc'ns Litig.*, No. 10-md-02184 CR*, 2020

5      WL 1288377 (N.D. Cal. Mar. 18, 2020).................................................................... 13

6   *In re Jiffy Lube Int'l, Inc.*, No. 11-md-02261 (S.D. Cal. Feb. 20, 2013) ............................... 9

7   *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036 (N.D. Cal. 2007)................................. 11, 12

8   *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, No.

9      2672 CRB (JSC), 2016 WL 6442227 (N.D. Cal. Oct. 25, 2016) ............................................. 11

10  *James v. JPMorgan Chase Bank, N.A.*, No. 15-2424, 2016 WL 6908118 (M.D.

11     Fla. Nov. 22, 2016).................................................................................... 9, 14

12  *Knapp v. Art.com, Inc.*, 283 F. Supp. 3d 823 (N.D. Cal. Aug. 22, 2017)...................................... 12

13  *Knapper v. Cox Commc'ns, Inc.*, No. 2:17-cv-00913-SPL (D. Ariz. July 12, 2019) .................. 13

14  *Kolinek v. Walgreen Co.*, 311 F.R.D. 483 (N.D. Ill. 2015) ......................................... 9, 12

15  *Luster v. Wells Fargo Dealer Servs., Inc.*, No. 15-1058 (N.D. Ga. Feb. 23, 2017) ...................... 8

16  *Markos v. Wells Fargo Bank, N.A.*, No. 1:15-cv-01156-LMM, 2017 WL 416425

17     (N.D. Ga. Jan. 30, 2017).............................................................................. 9, 10

18  *Nat'l Rural Telecomms. Coop. v. DirecTV, Inc.*, 221 F.R.D. 523 (C.D. Cal. 2004) ............. 11, 12

19  *Perez v. Asurion Corp.*, 501 F. Supp. 2d 1360 (S.D. Fla. 2007) .................................... 12

20  *Picchi v. World Fin. Network Bank*, No. 11-CV-61797 (S.D. Fla. Dec. 18, 2015)...................... 8

21  *Poertner v. Gillette Co.*, 618 F. App'x 624 (11th Cir. 2015)....................................... 12

22  *Prather v. Wells Fargo Bank, N.A.*, No. 15-4231, 2017 WL 770132 (N.D. Ga.

23     Feb. 24, 2017)....................................................................................... 8

24  *Revitch v. Citibank, N.A.*, No. C 18-06907 WHA, 2019 WL 1903247 (N.D. Cal.

25     Apr. 28, 2019)....................................................................................... 4

26  *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948 (9th Cir. 2009)........................................ 11

27  *Rose v. Bank of Am. Corp.*, Nos. 11-2390, 12-4009, 2014 WL 4273358 (N.D. Cal.

28     Aug. 29, 2014)....................................................................................... 9

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT,
NOTICE OF MOTION, AND MEMORANDUM IN
SUPPORT - v

MASON LIETZ & KLINGER LLP
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290

*Russell v. Kohl's Dep't Stores, Inc.*, 755 F. App'x 605 (9th Cir. 2018) ........................................ 6

*Schuchardt v. Law Off. of Rory W. Clark*, 314 F.R.D. 673 (N.D. Cal. 2016) ............................. 11

*Spillman v. RPM Pizza, LLC*, No. 10-349, 2013 WL 2286076 (M.D. La.

    May 23, 2013) ........................................................................................................................ 9

*Steinfeld v. Discover Fin. Servs.*, No. 12-cv-1118, 2014 WL 1309352 (N.D. Cal.

    Mar. 31, 2014) ....................................................................................................................... 9

*Sullivan v. DB Invs., Inc.*, 667 F.3d 273 (3d Cir. 2011) ............................................................. 12

*Ward v. Flagship Credit Acceptance, LLC*, No. 17-2069, 2020 WL 759389

    (E.D. Pa. Feb. 13, 2020) ....................................................................................................... 4

*Wilkins v. HSBC Bank Nev., N.A.*, No. 14-190, 2015 WL 890566 (N.D. Ill.

    Feb. 27, 2015) ....................................................................................................................... 9

*Williams v. Bluestem Brands, Inc.*, No. 17-1971, 2019 WL 1450090 (M.D. Fla.

    Apr. 2, 2019) .................................................................................................................. 8, 14

*Wilson v. Gateway, Inc.*, No. CV 09-7560-GW(VBKX), 2014 WL 12704846 (C.D.

    Cal. Oct. 6, 2014) ................................................................................................................ 10

*Wright v. Nationstar Mortg. LLC*, No. 14 C 10457, 2016 WL 4505169 (N.D. Ill.

    Aug. 29, 2016) ....................................................................................................................... 9

**STATUTES:**                                                                                                          **PAGE(S):**

Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715. ..................................................... 6, 11

Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 ..................................... passim

**OTHER AUTHORITIES:**                                                                                        **PAGE(S):**

4 *Newberg on Class Actions* § 11.41 (4th ed. 2002) ....................................................................... 7

**RULES:**                                                                                                               **PAGE(S):**

Fed. R. Civ. P. 23(b) .................................................................................................................... 5

Fed. R. Civ. P. 23(e) ................................................................................................... 6, 7, 12, 13

Fed. R. Civ. P. 23(e), advisory comm.'s note (2018). ............................................................. 12

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT,
NOTICE OF MOTION, AND MEMORANDUM IN
SUPPORT - vi

MASON LIETZ & KLINGER LLP
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>**NOTICE OF MOTION AND MOTION**</u>

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

NOTICE IS HEREBY GIVEN that on **February 18, 2021 at 1:30 p.m**. or as soon thereafter as the matter may be heard, in the Courtroom of Honorable Richard Seeborg of the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California 94102, Courtroom #3, 17th Floor, Plaintiff Viann Bonoan ("Plaintiff"), on behalf of herself and all others similarly situated, by and through her undersigned counsel, request that this Court grant final certification of the settlement class under Fed. R. Civ. P. 23(b)(3) and final approval of the proposed class action settlement. Defendant Adobe, Inc. ("Defendant" or "Adobe"), does not oppose this motion.

This motion is based on this Notice of Motion; the Memorandum of Points and Authorities in Support thereof and the Exhibits thereto including but not limited to the Declaration of Settlement Administrator Michelle Robinson of KCC, LLC; the Order Granting Preliminary Approval of Class Action Settlement; the pleadings and papers filed in this case; and any oral argument this Court permits.

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, NOTICE OF MOTION, AND MEMORANDUM IN SUPPORT - 1

**MASON LIETZ & KLINGER LLP**
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

### I.    INTRODUCTION

3

4

5

6

7

8

After approximately a year and one-half of vigorously contested litigation, and as a result of extensive arm's-length negotiations following mediation before the Hon. James Holderman (Ret.), the Parties reached an agreement to resolve this class action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A). In short, the settlement requires Defendant Adobe, Inc. ("Adobe") to pay $1,000,000 for the benefit of individuals nationwide who received autodialed or prerecorded calls from Adobe but who were never Adobe customers.

9

10

11

12

13

On October 9, 2020, this Court preliminarily approved the settlement and authorized distribution of notice and claim forms to potential Settlement Class Members.[1] ECF No. 83. In turn, KCC, LLC ("KCC")—the Court-appointed class administrator, *see id.* at 3–5—distributed class notice in accordance with this Court's preliminary approval order, and Settlement Class Members were provided until January 7, 2021 to submit claims, requests for exclusion, or to object.

14

15

16

17

18

19

20

As of January 12, 2021, 184 Settlement Class Members submitted timely claims for their *pro rata* share of the settlement fund. After deducting notice and administration fees, as well as attorneys' fees, litigation costs and expenses, and a service award to Ms. Bonoan—which are subject to this Court's approval and which Ms. Bonoan addressed in a separate filing, *see* ECF No. 84—each participating Settlement Class Member will receive approximately $2,800. This tremendous per-claimant recovery far exceeds that in most TCPA class action settlements that have garnered final approval, and represents a remarkable result for Settlement Class Members.

21

22

23

24

Moreover, only one potential Settlement Class Members opted out of the settlement, while none objected to any aspect of it. Given this excellent result, and considering the favorable reaction from Settlement Class Members, Ms. Bonoan respectfully requests that this Court finally approve the settlement and enter a final judgment and order in the form agreed to by the Parties.

25

Notably, neither Adobe nor any Settlement Class Members oppose this relief.

26

27

28

---

[1] Plaintiff Viann Bonoan previously filed the Settlement Agreement ("Agreement" or "Agr.") with the Court. ECF No. 79-1. Capitalized terms herein have the same definitions as in the Agreement. *See* Agr. § 2.

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, NOTICE OF MOTION, AND MEMORANDUM IN SUPPORT - 2

MASON LIETZ & KLINGER LLP
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## II.     SUMMARY OF CASE AND SETTLEMENT

### a.     Plaintiff alleges Adobe violated the TCPA by placing autodialed calls without her consent. Adobe denies all wrong-doing.

Plaintiff filed her Complaint on February 27, 2019 in the Northern District of California alleging violations of the TCPA on behalf of herself and all similarly situated individuals. Decl. of Gary M. Klinger in Supp. of Pl.'s Unopposed Mot. for Prelim. App., ECF No. 79-2 ¶ 13 ("Klinger MPA Decl."). Specifically, Plaintiff alleged that Adobe made multiple calls to her cell phone through an automatic telephone dialing system ("ATDS"), and with an artificial or prerecorded voice, without her consent. *Id.* at ¶ 14. At issue is whether these calls, and those made to similarly situated persons, violate the TCPA. Adobe maintains that it did not violate the TCPA.

### b.     Despite facing significant obstacles to proving liability and obtaining and maintaining class certification, Plaintiff's efforts resulted in the $1,000,000 settlement now before this Court.

While Plaintiff strongly believes in the merits of her claims, Adobe vehemently disputes that it violated the TCPA, and has raised a host of defenses both on the merits and as to class certification:

- Adobe claimed Plaintiff and any putative Class Members are barred from making claims to the extent they provided prior consent; and that the system used to make the calls is not an ATDS covered by the statute. Klinger MPA Decl. ¶ 25. The definition of an ATDS under the TCPA is currently before the Supreme Court in *Facebook, Inc. v. Duguid*, No. 19-511 (U.S. filed Oct. 17, 2019), *see https://www .scotus blog.com/case-files/cases/facebook-inc-v-duguid/* (noting that the petition was granted on the question of "[w]hether the definition of ATDS in the TCPA encompasses any device that can 'store' and 'automatically dial' telephone numbers, even if the device does not 'us[e] a random or sequential number generator.'"), and oral argument was heard on December 8, 2020;
- Adobe maintained Plaintiff would not be able to certify her proposed "wrong number" Class, referencing a number of decisions including those from district

---

**MASON LIETZ & KLINGER LLP**
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290

courts within the Ninth Circuit, refusing to certify "wrong number" classes under the TCPA. *See, e.g., Revitch v. Citibank, N.A.*, No. C 18-06907 WHA, 2019 WL 1903247 (N.D. Cal. Apr. 28, 2019) (Alsup, J.); *Davis v. AT&T Corp.*, No. 15CV2342-DMS (DHB), 2017 WL 1155350, at *1 (S.D. Cal. Mar. 28, 2017);

- Moreover, during the pendency of this case the Supreme Court, in *Barr v. Am. Ass'n of Pol. Consultants, Inc.*, considered the constitutionality of the TCPA's robocall prohibition. 140 S. Ct. 2335 (2020). Ultimately, while the Court did find an exemption to the robocall prohibition unconstitutional, it severed that exemption from the statute—an exemption not at issue here. That is, the Court "conclude[d] that the entire 1991 robocall restriction should not be invalidated, but rather that the 2015 government-debt exception must be invalidated and severed from the remainder of the statute." *Id.* at 2343 (Kavanaugh, J.). If, however, the Supreme Court would have found the TCPA to be unconstitutional, Plaintiff's and Class Members' claims would have ceased to exist, thus extinguishing any hope of a recovery from this matter. *See Ward v. Flagship Credit Acceptance, LLC*, No. 17-2069, 2020 WL 759389, at *9 (E.D. Pa. Feb. 13, 2020) ("Depending on the approach the Supreme Court takes [in Barr], the general constitutionality of the TCPA may be in question.").

Despite these substantial obstacles—and only after Plaintiff survived a motion to dismiss, the Parties engaged in extensive written discovery, and both Plaintiff and Adobe's 30(b)(6) representative were deposed—the Parties mediated the case with Hon. James Holderman (Ret.) of JAMS on June 23, 2020. Klinger MPA Decl. ¶¶ 19–50. At the end of a full day of negotiations, and with the assistance of Judge Holderman, the Parties reached a tentative Settlement Agreement which was finalized on August 14, 2020, after more than a month additional drafting and negotiations. *Id.* at ¶ 54.

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, NOTICE OF MOTION, AND MEMORANDUM IN SUPPORT - 4

**MASON LIETZ & KLINGER LLP**
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290

1

2

3

      **c.**      **The settlement requires Adobe to create a non-reversionary fund of $1,000,000 for the benefit of Settlement Class Members: participating Settlement Class Members will receive approximately $2,800 each.**

4

5

The Settlement Agreement negotiated on behalf of Plaintiff and the proposed Settlement Class requires Adobe to create a non-reversionary common fund of $1,000,000. *Id.* at ¶ 49.

6

The Settlement Class is defined under Rule 23(b)(3) as:

7

8

9

10

> All persons in the United States (1) who are not current or former Adobe, Inc. customers, and (2) to whom Adobe, Inc. placed a call, (3) by using the Genesys OB dialer, (4) directed to a number assigned to a cellular telephone service, (5) from February 27, 2015 through March 9, 2020.

11

The Class is estimated to comprise approximately 12,000 individuals. Klinger MPA Decl. at ¶ 52.

12

13

14

15

16

17

18

Participating Settlement Class Members who averred that they received wrong-number calls from Adobe and were never Adobe customers will receive approximately $2,800.00 each, which constitutes a pro-rata share of the $1,000,000 settlement fund after deducting notice and administration costs, attorneys' fees, litigation costs and expenses, and an incentive award to Plaintiff—all of which are subject to Court approval. In exchange, Settlement Class Members will release claims arising out of calls made by Adobe using the Genesys OB dialer to their cellular telephones during the class period. *Id.* at ¶ 82; *see also* Agr., ECF No. 79-1.

19

      **d.**      **Notice and Claims Administration**

20

21

22

KCC successfully delivered notice to Settlement Class Members in accordance with this Court's Preliminary Approval Order. *See* Decl. of Michelle Robinson Re: Notice Procedures, ("Robinson Decl."), attached as Exhibit 1. The notice plan was successfully implemented.

23

24

25

26

27

28

*Direct Mail Notice*: After performing reverse telephone number look-ups on the telephone numbers provided it to it by Adobe as belonging to potential Settlement Class Members who could have received calls, KCC sent postcard notice to Settlement Class Members, which included summary notice of the settlement and a detachable claim form. *See* Robinson Decl. ¶ 5. Out of the postcards mailed, 851 were returned undeliverable. *Id.* at ¶ 7. None were returned with forwarding addresses. *Id.* As a result, KCC performed advanced address searches to locate updated addresses, and promptly re-mailed postcards to the 144 updated addresses obtained by this process. *Id.*

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, NOTICE OF MOTION, AND MEMORANDUM IN SUPPORT - 5

MASON LIETZ & KLINGER LLP
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290

*Reminder Notice:* In addition to the notice process specifically approved by the Court, at the direction of settlement class counsel KCC also performed searches to identify email addresses associated with class members. *Id.* at ¶ 8. As a result of this effort KCC identified 2,830 email addresses for potential class members, all of which were sent a reminder notice via email on December 31, 2020. That same day, KCC also sent a reminder notice via postal mail to 5,529 potential class members. *Id*. at ¶ 9.

*Publication Notice*: To supplement the robust direct mail notice program, KCC caused summary notice of the settlement to be published in the November 12, 2020 edition of *USA Today*. *Id*. at ¶ 11. Additionally, KCC purchased 41,100,000 impressions to be distributed in the form of banner advertisements via the Google Display Network, Facebook, and Instagram. *Id*. at ¶ 12. The impressions appeared on both mobile and desktop devices from November 7, 2020 through January 6, 2021. *Id.* A total of 41,822,414 impressions were delivered. *Id.*

*Settlement Website*: KCC established and maintains a website dedicated to the settlement— http://www.BonoanTCPAClassActionSettlement.com/—that includes information pertinent to Settlement Class Members such as court filings, as well as answers to frequently asked questions. *Id*. at ¶ 13. Settlement Class Members were able to download copies of notice and file claims via the settlement website. *Id*. As of the week of filing, the website had received 31,425 visits. *Id*.

*Toll-Free Information Line*: KCC established and maintains a toll-free telephone number— (855) 786-0917—for Settlement Class Members to obtain information about the settlement. *Id*. at ¶ 14. The telephone hotline was operational 24 hours per day, 7 days per week since November 6, 2020. *Id.*

*Claims*: As of January 12, 2021, 184 persons submitted timely claims. *Id*. at ¶ 15.

*Exclusions*: One person submitted a potentially valid exclusion request from the settlement. *Id*. at ¶ 17.

*Objections*: No Settlement Class Member objected to the settlement. *Id*. at ¶ 18.

*Class Action Fairness Act Notice*: KCC timely served notice required by the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715. *Id*. at ¶ 1. No government official, state or federal, objected to or raised an issue regarding the settlement. *Id.*

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, NOTICE OF MOTION, AND MEMORANDUM IN SUPPORT - 6

**MASON LIETZ & KLINGER LLP**
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290

1

III.     **ARGUMENT**

2

    a.     **The settlement satisfies all requirements and merits approval.**

3

      Under Rule 23(e) of the Federal Rules of Civil Procedure, a class action settlement may be

4

approved if it is "fair, reasonable, and adequate." *Russell v. Kohl's Dep't Stores, Inc.*, 755 F. App'x

5

605, 608 (9th Cir. 2018).[2] To that end, the Ninth Circuit has identified eight factors to consider in

6

analyzing the fairness, reasonableness, and adequacy of a class settlement: (1) the strength of the

7

plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the

8

risk of maintaining class action status throughout the trial; (4) the amount offered in settlement;

9

(5) the extent of discovery completed and the stage of the proceedings; (6) the views of counsel;

10

(7) the presence of a governmental participant; and (8) the reaction of the class members to the

11

proposed settlement. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998); *see also*

12

*Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004). Rule 23(e) also requires a

13

court to consider several additional factors, including that the class representative and class counsel

14

have adequately represented the class, and that the settlement treats class members equitably

15

relative to one another. Fed. R. Civ. P. 23(e).

16

      In applying these factors, this Court should be guided foremost by the general principle

17

that federal courts favor settlements of class actions. *See Franklin v. Kaypro Corp.*, 884 F.2d 1222,

18

1229 (9th Cir. 1989) ("It hardly seems necessary to point out that there is an overriding public

19

interest in settling and quieting litigation. This is particularly true in class action suits"); *Class Pls.*

20

*v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992) (noting the "strong judicial policy that favors

21

settlements, particularly where complex class action litigation is concerned"); *see also* 4 *Newberg*

22

*on Class Actions* § 11.41 (4th ed. 2002) (citing cases). Here, the relevant factors firmly support the

23

conclusion that the settlement is fundamentally fair, reasonable, and adequate, and that this Court

24

should approve it.

25

26

27

28

---

[2] Unless otherwise indicated, all internal citations and quotations are omitted, and all emphasis is added.

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT,
NOTICE OF MOTION, AND MEMORANDUM IN
SUPPORT - 7

MASON LIETZ & KLINGER LLP
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290

i.      The strengths of Plaintiff's case and the risks inherent in continued litigation against Adobe favor final approval.

The first, second, and third *Hanlon* factors support final approval. Of course, every class action involves some level of uncertainty, both on the merits and on the appropriateness of certification. This case is no different, as there is no guarantee that Plaintiff would be able to obtain certification of the Class and maintain certification through trial, or that this Court, or the trier of fact, would find in her favor as to liability.

Plaintiff and Class Counsel strongly believe in the strength of Plaintiff's claims, and note that the TCPA allows a plaintiff to bring "an action to recover for actual monetary loss from [a violation of the TCPA], or to receive $500 in damages for each such violation, whichever is greater." 47 U.S.C. § 227(b)(3)(B). Damages are trebled where a plaintiff can show the violation as knowing or willful. 47 U.S.C. § 227(b)(3)(C). Adobe, however, vigorously denies its liability. *See* Summary of the Case and Settlement, Section II, *supra*. In addition to the defenses Adobe raised pertaining to the merits of the claims, it would surely fight any motion for certification filed by Plaintiff. Inability to obtain certification of a litigation class or pretrial decertification would lead to class members being unable to recover anything at all.

Given these substantial risks and uncertainties, there can be little question that Plaintiff faced real difficulties in prevailing on her claims, obtaining certification and maintaining it through trial. The $1,000,000 Settlement Fund viewed in light of these risks, underscores the reasonableness of the settlement, and supports its approval.

ii.     The immediate, meaningful cash relief afforded by the Settlement— approximately $2,800 for each participating Settlement Class Member—favors final approval.

The fourth *Hanlon* factor—the amount offered in the settlement—also favors approval. To reiterate, Adobe will pay $1,000,000 to resolve this matter, an amount that is significant in its own right. Importantly, no amount of this fund will revert to Adobe.

Despite the obstacles Plaintiff faced, she and Class Counsel, with the assistance of a highly respected mediator, negotiated a settlement that far exceeds many analogous TCPA class action

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT,
NOTICE OF MOTION, AND MEMORANDUM IN
SUPPORT - 8

**MASON LIETZ & KLINGER LLP**
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290

1   settlements. Specifically, dividing the settlement payment ($1,000,000) by 12,000[3] (the estimated

2   maximum number of Settlement Class Members who may have received wrong number calls from

3   Adobe) amounts to just over $83.00 per person.

4        In comparison, in *Picchi v. World Fin. Network Bank*, No. 11-CV-61797, ECF Nos. 131,

5   161 (S.D. Fla. Jan. 30, 2015 & Dec. 18, 2015), the court granted final approval in a similar wrong-

6   number TCPA class action for $2.63 per person—a small fraction of the amount Settlement Class

7   Members will receive here. *See also, e.g.*, *Williams v. Bluestem Brands, Inc.*, No. 17-1971, 2019

8   WL 1450090 (M.D. Fla. Apr. 2, 2019) (approximately $7 per class member); *Prather v. Wells*

9   *Fargo Bank, N.A.*, No. 15-4231, 2017 WL 770132 (N.D. Ga. Feb. 24, 2017) ($4.65 per class

10   member); *Luster v. Wells Fargo Dealer Servs., Inc.*, No. 15-1058, ECF No. 60 (N.D. Ga. Feb. 23,

11   2017) ($4.65 per class member); *James v. JPMorgan Chase Bank, N.A.*, No. 15-2424, 2016 WL

12   6908118 (M.D. Fla. Nov. 22, 2016) ($5.55 per class member); *Cross v. Wells Fargo Bank, N.A.*,

13   No. 15-cv-1270, 2016 WL 5109533 (N.D. Ga. Sept. 13, 2016) ($4.75 per class member); *Markos*

14   *v. Wells Fargo Bank, N.A.*, No. 15-1156, 2016 WL 4708028 (N.D. Ga. Sept. 7, 2016) ($4.95 per

15   class member); *Wilkins v. HSBC Bank Nev., N.A.*, No. 14-190, 2015 WL 890566 (N.D. Ill. Feb.

16   27, 2015) ($2.95 per class member); *Adams v. Allianceone Receivables Mgmt., Inc.*, No. 3:08-cv-

17   00248-JAH-WVG, ECF No. 113 (S.D. Cal. Apr. 23, 2012) (approving settlement equal to

18   approximately $1.48 per TCPA class member); *Duke v. Bank of Am., N.A.*, No. 12-4009, ECF Nos.

19   51, 59 (N.D. Cal. Feb. 19, 2014 & Aug. 29, 2014) ($4.15 per class member).

20        After deducting the requested attorneys' fees, litigation costs and expenses, costs of notice

21   and claims administration, and incentive award, *see* ECF No. 121, participating Settlement Class

22   Members here will each receive approximately $2,800, which far surpasses the high end of TCPA

23   class action settlement recoveries generally. *See Rose v. Bank of Am. Corp.*, Nos. 11-2390, 12-

24   4009, 2014 WL 4273358, at *10 (N.D. Cal. Aug. 29, 2014) (between $20 and $40 per claimant);

25   *Steinfeld v. Discover Fin. Servs.*, No. 12-1118, 2014 WL 1309352, at *7 (N.D. Cal. Mar. 31, 2014)

26   (less than $50 per claimant); *Couser v. Comenity Bank*, 125 F. Supp. 3d 1034, 1044–45 (S.D. Cal.

27
28

[3] While the Parties do not know the exact number of *bona fide* Settlement Class Members, they estimate a maximum of 12,000. *See* Klinger MPA Decl. ¶ 59. To ensure that all potential Settlement Class Members received notice, notice was disseminated directly by way of postcard and more broadly, including via publication and online. *See* Robinson Decl. ¶¶ 5–14.

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT,
NOTICE OF MOTION, AND MEMORANDUM IN
SUPPORT - 9

MASON LIETZ & KLINGER LLP
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290

2015) (approving TCPA settlement in which class members received $13.75 each); *In re Cap. One Tel. Consumer Prot. Act Litig.*, 80 F. Supp. 3d 781, 789 (N.D. Ill. 2015) (finding that $34.60 per claimant falls "within the range of recoveries" in a TCPA class action); *Kolinek v. Walgreen Co.*, 311 F.R.D. 483, 493 (N.D. Ill. 2015) (noting that while "thirty dollars per claimant 'falls on the lower end of the scale,' it is nonetheless 'within the range of recoveries' in TCPA class actions"); *Hashw v. Dep't Stores Nat'l Bank*, 182 F. Supp. 3d 935, 947 (D. Minn. 2016) ($33.20 per claimant); *Gehrich v. Chase Bank USA, N.A.*, 316 F.R.D. 215, 228 (N.D. Ill. 2016) ($52.50 per claimant); *Wright v. Nationstar Mortg. LLC*, No. 14-10457, 2016 WL 4505169, at *8 (N.D. Ill. Aug. 29, 2016) (approximately $45 per claimant).[4]

In comparison, the settlement here constitutes a tremendous result. *See Markos v. Wells Fargo Bank, N.A.*, No. 1:15-cv-01156-LMM, 2017 WL 416425, at *4 (N.D. Ga. Jan. 30, 2017) (finding that the cash recovery of $24 per claimant in a TCPA class action—far less than the expected recovery here—is "an excellent result when compared to the issues Plaintiffs would face if they had to litigate the matter").

Because this settlement provides superior results to many other approved TCPA settlements, the fourth *Hanlon* factor strongly favors final approval.

      iii.    <u>The posture of this case and experience and views of counsel favor final approval.</u>

Next, the fifth and sixth *Hanlon* factors likewise support final approval of the settlement. After over nearly a year and one-half of contested litigation—which included written discovery, depositions, and significant motion practice, *see* Klinger MPA Decl. ¶¶ 19–50—the settlement here was achieved with a clear view as to the strengths and weaknesses of Plaintiff's claims. In

---

[4] *See also Spillman v. RPM Pizza, LLC*, No. 10-349, 2013 WL 2286076, at *4 (M.D. La. May 23, 2013) (approving a TCPA class action settlement that provided up to $15 cash payment); *In re Jiffy Lube Int'l, Inc.*, No. 11-md-02261, ECF No. 97 (S.D. Cal. Feb. 20, 2013) (class members entitled to vouchers for services valued at $17.29 or a cash payment of $12.97); *Garret v. Sharps Compliance, Inc.*, No. 1:10-cv-04030, ECF No. 74 (N.D. Ill. Nov. 5, 2012) ($28.13 recovery per claimant); *Agne v. Papa John's Int'l*, No. 2:10-cv-01139, ECF No. 389 (W.D. Wash. Oct. 22, 2013) ($50 cash recovery plus $13 in merchandise per claimant); *Clark v. Payless ShoeSource, Inc.*, No. 2:09-cv-00915, ECF No. 72 (W.D. Wash. July 27, 2012) ($10 merchandise certificate per claimant); *Cubbage v. The Talbots, Inc.*, No. 2:09-cv-00911, ECF No. 114 (W.D. Wash. Nov. 5, 2012) ($40 or $80 merchandise certificate per claimant).

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, NOTICE OF MOTION, AND MEMORANDUM IN SUPPORT - 10

**MASON LIETZ & KLINGER LLP**
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290

fact, at the time the Parties reached their settlement, they had completed significant written discovery and depositions of both Parties, and briefed a motion to dismiss. *See id.* Moreover, Class Counsel is well versed in class action litigation generally, and TCPA actions in particular. *See id*. at ¶¶ 5–18; Decl. of Aaron D. Radbil in Supp. of Mot. for Att'ys Fees, Costs, Expenses and an Incentive Award, ECF No. 84-1 ("Radbil Decl."); Decl. of Gary M. Klinger in Supp. of Mot. for Att'ys Fees, Costs, Expenses and an Incentive Award, ECF No. 84-2 ¶¶ 3–15 ("Klinger Fees Decl."). As a result, the Parties were thoroughly informed of the claims—and the risks associated with them—before they reached a settlement.

Thus, both Class Counsel and this Court are adequately informed to evaluate the fairness of the settlement. Moreover, both Plaintiff and Class Counsel strongly believe that the settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class. *See Wilson v. Gateway, Inc.*, No. CV 09-7560-GW(VBKX), 2014 WL 12704846, at *5 (C.D. Cal. Oct. 6, 2014) ("Class Counsel's experience and recommendation thus weigh in favor of finding the settlement fair.") (citing *Nat'l Rural Telecomms. Coop. v. DirecTV, Inc.*, 221 F.R.D. 523, 528 (C.D. Cal. 2004) ("Great weight is accorded to the recommendation of counsel . . . because parties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in the litigation.")); *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2007) ("The recommendations of plaintiffs' counsel should be given a presumption of reasonableness.").

Further, the Parties' arm's-length settlement negotiations through experienced counsel, and after attending mediation with Judge Holderman (Ret.), demonstrate the fairness of the settlement, and that the settlement is not a product of collusion. *See Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009) ("We put a good deal of stock in the product of an arms-length, non-collusive, negotiated resolution."); *see also Bykov v. DC Transp. Servs., Inc.*, No. 2:18-CV-1691 DB, 2019 WL 1430984, at *5–6 (E.D. Cal. Mar. 29, 2019) ("participation in mediation tends to support the conclusion that the settlement process was not collusive"); *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, No. 2672 CRB (JSC), 2016 WL 6442227, at *4 (N.D. Cal. Oct. 25, 2016) (same).

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, NOTICE OF MOTION, AND MEMORANDUM IN SUPPORT - 11

**MASON LIETZ & KLINGER LLP**
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290

As a result, Plaintiff and her counsel submit that the substantial value of the recovery here—$1,000,000 for a Class numbering a maximum of approximately 12,000—reflects their confidence in Plaintiff's claims and the fairness of the settlement. *See Schuchardt v. Law Off. of Rory W. Clark*, 314 F.R.D. 673, 685 (N.D. Cal. 2016) ("Given Class Counsel's extensive experience in this field, and their assertion that the settlement is fair, adequate, and reasonable, this factor supports final approval of the Settlement Agreement."). Given that these opinions were informed by thorough discovery, these factors support final approval of the settlement.

       iv.      <u>The lack of a government participant supports final approval of the settlement.</u>

While no governmental agency is a party to this lawsuit, the Settlement Administrator notified all pertinent government officials of the settlement as required by CAFA. Robinson Decl. ¶ 1. No governmental entity raised objections or concerns about the settlement. *Id*. This factor therefore supports final approval.

       v.      <u>The reaction of Settlement Class Members strongly supports final approval of the settlement.</u>

After a robust notice program approved by this Court, approximately 184 Settlement Class Members submitted claims as of January 12, 2021[5], while only one person submitted a potentially valid exclusion request. Robinson Decl. ¶¶ 15, 17. No Settlement Class Members objected to any

---

[5] While KCC may still receive additional claims, the claims rate of more than 1.5% to date falls in line with other consumer class action settlements, including TCPA settlements, in the Ninth Circuit and elsewhere. *See, e.g., Grannan v. Alliant Law Grp., P.C.*, No. C10-02803 HRL, 2012 WL 216522, *3–4, *7–8 (N.D. Cal. Jan. 24, 2012) (granting final approval of TCPA class settlement with claims rate of approximately 1.44%); *Poertner v. Gillette Co.*, 618 F. App'x 624 (11th Cir. 2015) (approving 7.26 million-member settlement class when just 55,346—less than 1%—filed claims); *Bayat v. Bank of the W.*, No. C-13-2376 EMC, 2015 WL 1744342, at *1 (N.D. Cal. Apr. 15, 2015) (approving TCPA settlement with approximately 1% claims rate); *Perez v. Asurion Corp.*, 501 F. Supp. 2d 1360, 1377 (S.D. Fla. 2007) (approving 10.3 million-member settlement class when less than 119,000—approximately 1.1%—filed claims); *Abante Rooter and Plumbing, Inc. v. Pivotal Payments, Inc.*, No. 3:16-cv-05486-JCS, 2018 WL 8949777, *4 (N.D. Cal. Oct. 15, 2018) (granting final approval of TCPA class settlement with claims rate of approximately 2% and noting that claims rate "is not a reason to deny approval of the settlement"); *Schneider v. Chipotle Mexican Grill, Inc.*, No. 16-CV-02200-HSG, 2020 WL 6484833, at *9 (N.D. Cal. Nov. 4, 2020) (recognizing that claims rate of 0.83% "is on par with other consumer cases, and does not otherwise weigh against approval."); *Kolinek v. Walgreen Co.*, 311 F.R.D. 483, 493 (N.D. Ill. 2015) (approving TCPA settlement with 2% claims rate); *Arthur v. SLM Corp.*, No. C10–0198 JLR, ECF No. 249 at 2–3 (W.D. Wash. Aug. 8, 2012) (claims rate of approximately 2%); *Sullivan v. DB Invs., Inc.*, 667 F.3d 273, 329 n.60 (3d Cir. 2011) (en banc) (noting evidence that claims rates in consumer class settlements "rarely" exceed 7%, "even with the most extensive notice campaigns").

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, NOTICE OF MOTION, AND MEMORANDUM IN SUPPORT - 12

MASON LIETZ & KLINGER LLP
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290

aspect of the settlement. *Id*. at ¶ 18. The lack of objections and small number of exclusions strongly support approval of the settlement. *See Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.* 221 F.R.D. at 528–29 ("It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members"); *Knapp v. Art.com, Inc.*, 283 F. Supp. 3d 823, 833–34 (N.D. Cal. Aug. 22, 2017) (finding the reaction of class members weighed in favor of settlement where .03 percent of the class opted out, and 14 individuals objected) (W. Orrick); *see also In re Omnivision Techs., Inc.*, 559 F. Supp. 2d at 1043–44.

Accordingly, this positive reaction supports final approval of the settlement.

vi.    The Settlement treats Settlement Class Members equitably.

Rule 23(e)(2)(D) requires that this Court confirm that the settlement treats all class members equitably. The Advisory Committee's Note to Rule 23(e)(2)(D) advises that courts should consider "whether the apportionment of relief among class members takes appropriate account of differences among their claims, and whether the scope of the release may affect class members in different ways that bear on the apportionment of relief." Fed. R. Civ. P. 23(e), advisory comm.'s note (2018).

Here, each Settlement Class Member has been and will continue to be treated equitably. Each participating Settlement Class Member will receive an equal portion of the $1,000,000 common fund after deducting attorneys' fees, costs, expenses, an incentive award to Plaintiff, and the costs of class notice and administration. ECF No. 79-1 ¶ 3.5. The Released Claims are also identical across all Settlement Class Members. *Id.* at ¶ 2.32. As such, this factor supports final approval of the settlement. *See In re Google LLC Str. View Elec. Commc'ns Litig.*, No. 10-md-02184 CR*, 2020 WL 1288377, at *15 (N.D. Cal. Mar. 18, 2020) (C. Breyer) (finding class members treated equitable where all received identical relief); *Hale v. State Farm Mut. Auto. Ins. Co.*, No. 12-0660-DRH, 2018 WL 6606079, at *5 (S.D. Ill. Dec. 16, 2018) ("This proposal is fair and equitable because the class members' interests in the Avery judgment were undivided when they were lost and, thus, each class member's damages were identical. The proposed Settlement therefore entitles each class member to an equal, pro-rata share of the Settlement fund.").

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, NOTICE OF MOTION, AND MEMORANDUM IN SUPPORT - 13

**MASON LIETZ & KLINGER LLP**
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290

vii.     <u>Plaintiff and her counsel adequately represented the Settlement Class.</u>

Lastly, Rule 23(e)(2)(A) requires that this Court determine that "the class representatives and class counsel have adequately represented the class." This Court previously found that Plaintiff and her counsel adequately represented the Class in its order preliminarily approving the settlement. ECF No. 83 at 2. Based on the excellent results obtained for Settlement Class Members and the high-quality work necessary to do so—as well as the successful completion of the notice campaign—Plaintiff and her counsel have demonstrated that they adequately represented the Class, and this Court should grant final approval to the settlement.

**b.     Distribution of class notice more than satisfied due process requirements.**

Pursuant to Rule 23(e), in granting preliminary approval this Court directed that KCC initiate the proposed notice plan, finding that it was "the best notice practicable under the circumstances, and constitutes due and sufficient notice to all persons and entities entitled to the notice" by the proposed settlement. ECF No. 83 at 4. Such a finding is consistent with approval of near identical notice plans in similar cases. *See, e.g.*, *Knapper v. Cox Commc'ns, Inc.*, No. 2:17-cv-00913-SPL, ECF No. 120 (D. Ariz. July 12, 2019) (approving materially identical notice plan in wrong-number TCPA class action); *Williams*, 2019 WL 1450090, at *5 (same); *James*, 2016 WL 6908118, at *2 (same).

Following this guidance, KCC distributed notice in a manner that exceeded this standard. In particular, KCC used all reasonable efforts to provide direct mail notice to each potential Settlement Class Member where the telephone number called was known. *See generally* Ex. 1. KCC supplemented this direct mail notice through publication notice, a dedicated settlement website, and toll-free telephone number. *Id.* Further, near the end of the claims period in an attempt to enhance notice to the Class, Class Counsel authorized and worked with KCC to send additional notice via mail and e-mail to potential Settlement Class Members, reminding them of impending deadlines and the ways by which they could make a claim, opt-out, or object to the settlement. Robinson Decl. ¶¶ 8–10.

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, NOTICE OF MOTION, AND MEMORANDUM IN SUPPORT - 14

**MASON LIETZ & KLINGER LLP**
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290

In summary, the notice plan amply protected Settlement Class Members' due process rights, and was the best practicable under the circumstances. Moreover, additional claims may still arrive.

**c.      The Settlement Class should be finally certified.**

In its Preliminary Approval Order, the Court conditionally approved certification of the Settlement Class. ECF No. 83 at 2. For all the reasons set forth in Plaintiff's preliminary approval briefing (ECF No. 79), the Preliminary Approval Order (ECF No. 83), and described above, this Court should certify the class, appoint Plaintiff as Class Representative and Settlement Class Counsel as Class Counsel, and grant final approval of the Settlement.

## IV.   CONCLUSION

Plaintiff respectfully submits that the settlement—which requires Adobe to pay $1,000,000 into an all-cash, non-reversionary common fund—constitutes an excellent result for Settlement Class Members. Settlement Class Members have been provided notice of the Settlement, and out of approximately 12,000 potential Members, only one submitted an exclusion request, and *zero* have objected. For the foregoing reasons, for the arguments for certification and appointment of Class Representative and Counsel set forth in Plaintiff's Motion for Preliminary Approval, Plaintiff respectfully requests that this Court finally approve the settlement and enter a final judgment and order in the form agreed to by the Parties and submitted concurrently to this Court.[6]

Dated: January 14, 2021

*/s/ Gary M. Klinger*

Gary M. Klinger (*admitted pro hac vice*)
**MASON LIETZ & KLINGER LLP**
227 W. Monroe St., Ste. 2100
Chicago, Illinois 60606
Tel: (202) 975-0477
Fax: (202) 429-2294
gklinger@masonllp.com

---

[6] The proposed Final Approval Order was also submitted with Plaintiff's Unopposed Motion for Preliminary Approval. ECF No. 79-8.

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, NOTICE OF MOTION, AND MEMORANDUM IN SUPPORT - 15

MASON LIETZ & KLINGER LLP
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290

Aaron D. Radbil (*pro hac vice*)
**GREENWALD DAVIDSON RABDIL PLLC**
401 Congress Avenue, Suite 1540
Austin, Texas 78701
Phone: (512) 803-1578
Fax: (561) 961-5684
aradbil@gdrlawfirm.com

Michael Morrison
**ALEXANDER KRAKOW & GLICK LLP**
401 Wilshire Boulevard, Suite 1000
Santa Monica, California 90401
Phone: (310) 394-0888
Fax: (310) 394-0811
mmorrison@akgllp.com

*Counsel for Plaintiff and the Class*

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of January 2021, a true and correct copy of the foregoing was filed electronically via the Court's CM/ECF system, which will provide notice to all counsel of record.

/s/ Gary M. Klinger
Gary M. Klinger (*admitted pro hac vice*)

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, NOTICE OF MOTION, AND MEMORANDUM IN SUPPORT - 16

MASON LIETZ & KLINGER LLP
227 W. MONROE STREET, STE. 2100
CHICAGO, IL 60606
PHONE.: (202) 429-2290