# EXHIBIT 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

VIANN BONOAN, *on behalf of herself and others similarly situated,*

Plaintiff,

v.

ADOBE, INC.,

Defendant.

Case No. 3:19-CV-01068-RS

**DECLARATION OF MICHELLE ROBINSON RE: NOTICE PROCEDURES**

I, MICHELLE ROBINSON declare and state as follows:

I am a Project Manager with KCC Class Action Services, LLC ("KCC"), located at 462 S. 4th Street, Louisville, KY 40202. KCC was appointed as the Settlement Administrator in this matter and is not party to this action. I have personal knowledge of the matters stated herein and, if called upon, could and would testify thereto.

**CAFA**

1. In compliance with the Class Action Fairness Act ("CAFA"), 28 U.S.C. Section 1715, KCC compiled a CD-ROM containing the following documents: Class Action Complaint, Amended Class Action Complaint, Second Amended Class Action Complaint, Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement, Declaration of Aaron D. Radbil in Support of Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement, Declaration of Viann Bonoan in Support of her Unopposed Motion for Preliminary Approval of Class Action Settlement, [Proposed] Order Preliminarily Approving Settlement, Claim Form, Long-Form Notice, Mail Notice, Settlement Agreement and Release, and [Proposed] Final Order and Judgment which accompanied a cover letter (collectively, the "CAFA Notice Packet"). A copy of the cover letter is attached hereto as Exhibit A.

2. On August 28, 2020, KCC caused sixty-two CAFA Notice Packets to be mailed via Priority Mail from the U.S. Post Office in Memphis, Tennessee to the parties listed on Exhibit B, i.e., the U.S. Attorney General, the Attorneys General of each of the fifty States and the District of Columbia, the Attorneys General of the five recognized U.S. Territories, as well as parties of interest to this Action.

3. As of the date of this declaration, KCC has received no response to the CAFA Notice Packet

from any of the recipients identified in paragraph 3 above.

**CLASS LIST**

4. On October 23, 2020 KCC received a list of 5,197 unique telephone numbers. Of the 5,197 unique telephone numbers available, KCC utilized a vendor to determine that 3,996 unique telephone numbers were considered to be a cellular telephone number. KCC utilized a vendor to conduct reverse directory searches for these 3,996 unique phone numbers in order to identify mailing addresses associated with these telephone numbers. As a result, KCC received 5,693 addresses, leaving 796 unique telephone numbers for which KCC did not have an address. After removing duplicates, 5,663 addresses remained for use for purposes of direct mail notice. KCC formatted the list for mailing purposes and processed the names and addresses through the National Change of Address Database ("NCOA") to update any addresses on file with the United States Postal Service ("USPS"). KCC updated its proprietary database with the list.

**DISSEMINATION OF NOTICE**

5. On November 6, 2020 KCC caused the Mail Notice to be printed and mailed to the 5,663 potential class members for which an address was available. A true and correct copy of the Mail Notice is attached hereto as Exhibit C.

6. Since mailing the Mail Notice to the potential class members, KCC has received zero Mail Notices returned by the USPS with forwarding addresses for the settlement class.

7. Since mailing the Mail Notices to the potential class members, KCC has received 851 Mail Notices returned by the USPS due to undeliverable addresses. Through credit bureau and/or other public source databases, KCC performed address searches for these undeliverable Mail Notices and was able to find updated addresses for 144 potential class members. KCC promptly re-mailed Mail Notices to the found new addresses.

8. At the direction of counsel, KCC also performed searches to identify email addresses associated with potential class members. As a result of this effort, KCC identified 2,830 email addresses for potential class members.

9. On December 31, 2020, KCC sent a reminder Mail Notice via postal mail to 5,529 potential class members. See Exhibit C.

10. On December 31, 2020, KCC sent an Email Notice to 2,830 potential class members that had an available email address. A true and correct copy of the Email Notice is attached hereto as Exhibit D.

**MEDIA NOTICE**

11. KCC caused the Summary Notice to be published in the November 12, 2020 national edition of *USA Today*. A true and correct copy of the Summary Notice as it appeared in the newspaper is attached hereto as Exhibit E.

12. In addition, KCC purchased 41,100,000 impressions to be distributed in the form of banner advertisements via the Google Display Network, Facebook, and Instagram. The impressions appeared on both mobile and desktop devices from November 7, 2020 through January 6, 2021. A total of 41,822,414 impressions were delivered, resulting in an additional 722,414 impressions at no extra charge. Confirmation of the digital notices as they appeared on a variety of websites and in social media are attached hereto as Exhibit F.

**SETTLEMENT WEBSITE**

13. On or about November 4, 2020, KCC established the settlement class website at www.BonoanTCPAClassActionSettlement.com to provide information to potential class members and to answer frequently asked questions. The website URL was set forth in the Mail Notice, Email Notice, Long-Form Notice, Claim Form, and Summary Notice and banner advertisements. Visitors to the website can download copies of the Long-Form Notice, Claim Form, and other case-related

documents, as well as file claims. True and correct copies of the Long-Form Notice and Claim Form can be found in Exhibits G and H. As of the date of this declaration, the settlement website has received 31,425 visits.

**TELEPHONE HOTLINE**

14. KCC established and continues to maintain a toll-free telephone number at 1-855-786-0917. Potential class members can call and obtain information about the Settlement or request a Claim Form and Long-Form Notice. The telephone hotline became operational by November 6, 2020 and is accessible 24 hours a day, 7 days a week. As of the date of this declaration, KCC has received a total of 38 calls to the hotline.

**CLAIM FORMS**

15. The postmark deadline for potential class members to file claims in this matter was January 7, 2021. To date, KCC has received 48 claim forms via the website and 136 paper claims, for a total of 184 claims. **Additional timely-postmarked paper claim forms could arrive over the next few weeks.**

16. After deducting notice and administration costs ($125,000), the requested attorneys' fees ($333,333.33) and costs ($14,290.10), and class representative incentive award ($5,000), KCC projects that claimants will receive approximately $2,839 each. This calculation assumes that the Court grants the requested fees, costs, expenses, and incentive award, and that additional claims are not received.

**EXCLUSION REQUESTS RECEIVED TO DATE**

17. The Mail Notice instructs that requests for exclusion from the settlement class must be postmarked no later than January 7, 2021. As of the date of this declaration, KCC has received one exclusion request. A true and correct copy of the class member's name is attached hereto as Exhibit I.

**OBJECTIONS TO THE SETTLEMENT**

18. The postmark deadline to object to the settlement was January 7, 2021. As of the date of this declaration, KCC has not received any objections to the settlement.

**ADMINISTRATION COSTS**

19. As of date of this declaration, KCC expects that its notice and administration costs to conclude this administration will not exceed $125,000. This amount includes costs to date as well as through the completion of this matter.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on Janaury 14th, 2021 at Louisville, Kentucky.

Michelle Robinson
MICHELLE ROBINSON

# EXHIBIT A

   

August 28, 2020

Bobbie J. Wilson
BWilson@perkinscoie.com
D. +1.415.344.7166
F. +1.415.344.7050

**VIA PRIORITY MAIL**

Kevin Clarkson
Office of the Alaska Attorney General
P.O. Box 110300
Diamond Courthouse
Juneau, AK 99811-0300

**Re: Notice of Proposed Class Action Settlement Pursuant to 28 U.S.C. § 1715**

Dear Kevin Clarkson,

Perkins Coie LLP represents Adobe, Inc. ("Adobe") in a putative class action lawsuit entitled *Bonoan v. Adobe, Inc.*, No. 3:19-cv-01068-RS. The lawsuit is pending before the Honorable Richard Seeborg in the United States District Court for the Northern District of California, San Francisco Division. This letter is to advise you that Plaintiff filed a Motion for Preliminary Approval of Class Action Settlement in connection with this class action lawsuit on August 18, 2020.

| | |
|---|---|
| **Case Name:** | *Bonoan v. Adobe, Inc.* |
| **Case Number:** | 3:19-cv-01068-RS |
| **Jurisdiction:** | United States District Court<br>Northern District of California, San Francisco Division |
| **Date Settlement Filed with Court:** | August 18, 2020 |

Adobe denies any wrongdoing or liability whatsoever but has decided to settle this action solely in order to eliminate the burden, expense, and uncertainties of further litigation. In compliance with 28 U.S.C. § 1715(b), the following documents referenced below are included on the CD that is enclosed with this letter:

1. **28 U.S.C. § 1715(b)(1) – Complaint and Related Materials:** A copy of the *Class Action Complaint for Damages and Injunctive Relief*, *Defendant Adobe Inc.'s Notice of Motion and Motion to Dismiss Plaintiff's Complaint and/or Stay the Case*, *[Proposed] Order Granting Defendant Adobe Inc.'s Motion to Dismiss Plaintiff's Complaint and/or Stay the Case*, *Defendant Adobe Inc.'s Request for*

parties do not presently know the names or current addresses of all the proposed settlement class members and will not learn this information until the settlement is preliminarily approved and the Court authorizes dissemination of information about the settlement through the class notice process. Pursuant to 28 U.S.C. § 1715(b)(7)(B), based on records Adobe keeps, it is estimated that there are approximately 12,000 individuals in the class.

8. **28 U.S.C. § 1715(b)(8) – Judicial Opinions Related to the Settlement:** The proposed settlement is still pending final approval by the Court. As of August 28, 2020, there has been no written judicial opinion related to the settlement.

If for any reason you believe the enclosed information does not fully comply with 28 U.S.C. § 1715, please contact me immediately so that Adobe can address any concerns or questions you may have.

Very truly yours,

Bobbie J. Wilson

Enclosure – CD Rom

# EXHIBIT B

| **Last** | **First** | **Company** |
|---|---|---|
| Clarkson | Kevin | Office of the Alaska Attorney General |
| Marshall | Steve | Office of the Alabama Attorney General |
| Rutledge | Leslie | Arkansas Attorney General Office |
| Ale | Talauega Eleasalo V. | American Samoa Attorney General |
| Brnovich | Mark | Office of the Arizona Attorney General |
| CAFA Coordinator | | Office of the Attorney General |
| Weiser | Phil | Office of the Colorado Attorney General |
| Tong | William | State of Connecticut Attorney General's Office |
| Racine | Karl A. | District of Columbia Attorney General |
| Barr | William | Attorney General of the United States |
| Jennings | Kathy | Delaware Attorney General |
| Moody | Ashley | Office of the Attorney General of Florida |
| Carr | Christopher | Office of the Georgia Attorney General |
| Taitano-Cmacho | Leevin | Attorney General Office |
| Connors | Clare E. | Office of the Hawaii Attorney General |
| Miller | Tom | Iowa Attorney General |
| Wasden | Lawrence | State of Idaho Attorney General's Office |
| Raoul | Kwame | Illinois Attorney General |
| Hill, Jr. | Curtis T. | Indiana Attorney General's Office |
| Schmidt | Derek | Kansas Attorney General |
| Cameron | Daniel | Office of the Kentucky Attorney General |
| Landry | Jeff | Office of the Louisiana Attorney General |
| Healey | Maura | Office of the Attorney General of Massachusetts |
| Frosh | Brian | Office of the Maryland Attorney General |
| Mills | Janet | Office of the Maine Attorney General |
| Nessel | Dana | Office of the Michigan Attorney General |
| Ellison | Keith | Attention: CAFA Coordinator |
| Schmitt | Eric | Missouri Attorney General's Office |
| Manibusan | Edward | Northern Mariana Islands Attorney General |
| Hood | Jim | Mississippi Attorney General's Office |
| Fox | Tim | Office of the Montana Attorney General |
| Stein | Josh | Office of the North Carolina Attorney General |
| Stenehjem | Wayne | North Dakota Office of the Attorney General |
| Peterson | Doug | Office of the Nebraska Attorney General |
| McDonald | Gordon | New Hampshire Attorney General |
| Grewal | Gurbir S. | Office of the New Jersey Attorney General |
| Balderas | Hector | Office of the New Mexico Attorney General |
| Ford | Aaron | Nevada Attorney General |
| James | Letitia A. | Office of the New York Attorney General |
| Yost | David | Ohio Attorney General |
| Hunter | Mike | Oklahoma Office of the Attorney General |
| Rosenblum | Ellen F. | Office of the Oregon Attorney General |
| Shapiro | Josh | Pennsylvania Office of the Attorney General |
| Longo Quinones | Dennise | Puerto Rico Attorney General |

| Neronha | Peter | Rhode Island Office of the Attorney General |
|---|---|---|
| Wilson | Alan | South Carolina Attorney General |
| Jackley | Marty J. | South Dakota Office of the Attorney General |
| Slatery, III | Herbert H. | Tennessee Attorney General and Reporter |
| Paxton | Ken | Attorney General of Texas |
| Reyes | Sean | Utah Office of the Attorney General |
| Herring | Mark | Office of the Virginia Attorney General |
| George-Counts | Denise | Department of Justice |
| Donovan | TJ | Office of the Attorney General of Vermont |
| Ferguson | Bob | Washington State Office of the Attorney General |
| Kaul | Josh | Office of the Wisconsin Attorney General |
| Morrisey | Patrick | West Virginia Attorney General |
| Gordon | Mark | Office of the Wyoming Attorney General |
| CAFA Coordinator | | Office of the Attorney General Rep of Marshall Islands |
| Wesley Smith | Dana | Office of the Micronesia Attorney General |
| | | Office of the Attorney General |
| Wilson | Bobbie J. | Perkins Coie LLP |
| Castillejos | Orlando | KCC |

# EXHIBIT C

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

This is a notice of a settlement of a class action lawsuit.

This is not a notice of a lawsuit against you.

If you received an automated or artificial voice or prerecorded voice call from Adobe, Inc. ("Adobe") on your cellular telephone from February 27, 2015 through March 9, 2020, and you are not a current or former customer of Adobe, you may be entitled to compensation as a result of the settlement of this class action:

*Bonoan v. Adobe, Inc.*
Case No. 3:19-cv-01068-RS (N.D. Cal.)

A federal court authorized this notice. This is not a solicitation from a lawyer.

Please read this notice carefully. It summarily explains your rights and options to participate in a class action settlement.

**BNB**

*Bonoan v. Adobe, Inc.*
Settlement Administrator
c/o KCC Class Action Services
P.O. Box 43501
Providence, RI 02940-3501

Postal Service: Please Do Not Mark Barcode

Claim: BNB-«Claim8»-«ChkDig»

Claim ID: «Claim8»
PIN: «PIN»

«FirstNAME» «LastNAME»
«Addr1» «Addr2»
«City», «State»«FProv» «Zip»«FZip»
«FCountry»

# Claim Form

**CHANGE OF ADDRESS (ONLY IF DIFFERENT FROM BELOW):**

Primary Address:

City:

State:

ZIP:

Telephone number on which I received the call(s): — —

2D

«FirstNAME» «LastNAME»
«Addr1» «Addr2»
«City», «State»«FProv» «Zip»«FZip»
«FCountry»

Email:

I received one or more automated or artificial voice or prerecorded voice calls from Adobe to my cellular telephone number from February 27, 2015 through March 9, 2020. I am not a current or former Adobe customer. I wish to participate in this settlement.

Signature

Date of signature (mm/dd/yyyy)

**IF YOU MOVE, send your CHANGE OF ADDRESS to the Settlement Administrator at the address on the backside of this form.**

**To receive a payment, you must enter all requested information above, sign, and mail this Claim Form, postmarked on or before January 7, 2021. If permitted, and depending on your cellular telephone number at issue, you may be able to submit a claim electronically at www.BonoanTCPAClassActionSettlement.com, or by calling 1-855-786-0917.**

**To exclude yourself from the class action settlement, you must mail a written request for exclusion to the Settlement Administrator, postmarked on or before January 7, 2021. Your request must include the information required by the Court's October 9, 2020 Order.**

**To object to the class action settlement, you must mail a written objection to the Settlement Administrator, postmarked on or before January 7, 2021. Your objection must include the information required by the Court's October 9, 2020 Order.**

BNB-«Claim8»-«ChkDig»

**What is this lawsuit about?** Ms. Bonoan filed this lawsuit against Adobe alleging that Adobe violated the Telephone Consumer Protection Act ("TCPA") when it called consumers, who were not current or former customers of Adobe, on their cellular telephones, via an automatic telephone dialing system or with an artificial or prerecorded voice. Adobe denies the allegations, denies that it used an automatic telephone dialing system to place calls to class members, and denies that it violated the TCPA. The Court did not decide who is right or wrong. The parties have agreed to a settlement.

**Why did you receive this notice?** You received this notice because Adobe's records identified you as a potential member of the following class: "All persons in the United States (1) who are not current or former Adobe, Inc. customers, and (2) to whom Adobe, Inc. placed a call, (3) by using the Genesys OB dialer, (4) directed to a number assigned to a cellular telephone service, (5) from February 27, 2015 through March 9, 2020."

**What does the settlement provide?** Adobe will establish a settlement fund of $1 million. Out of the settlement fund will be paid: (1) settlement compensation to participating class members; (2) an award of attorneys' fees not to exceed one-third of the settlement fund, subject to the Court's approval; (3) litigation costs and expenses incurred by class counsel litigating claims in this matter not to exceed $25,000, subject to the Court's approval; (4) costs of notice and administration not to exceed $125,000; and (5) an incentive award to Ms. Bonoan not to exceed $5,000, subject to the Court's approval. It is estimated that each valid claimant will receive between $400 and $800, depending on the number of class members who participate.

**What are your legal rights and options?** You have four options. First, if you received an automated or artificial voice or prerecorded voice call from Adobe on your cellular telephone from February 27, 2015 through March 9, 2020, and you are not a current or former customer of Adobe, you may timely complete and return the Claim Form found on the back of this postcard, or if permitted timely submit a claim online at www.BonoanTCPAClassActionSettlement.com or by calling 1-855-786-0917, in which case you will receive a proportionate share of the settlement fund after deducting the above-listed fees, costs, and expenses, and will release any TCPA claim(s) you have against Adobe. Second, you may do nothing, in which case you will not receive a share of the settlement fund, but, if you are a class member, you will release any TCPA claim(s) you have against Adobe. Third, you may exclude yourself from the settlement, in which case you will neither receive a share of the settlement fund, nor release any TCPA claim(s) you have against Adobe. Or fourth, class members may object to the settlement. To obtain additional information about your legal rights and options, or to access the class notice, motions for approval, motion for attorneys' fees, and any other important documents in the case, visit www.BonoanTCPAClassActionSettlement.com, or contact the Settlement Administrator by writing to: *Bonoan v. Adobe, Inc.* Settlement Administrator, c/o KCC Class Action Services, P.O. Box 43501, Providence, RI 02940-3501 or by calling 1-855-786-0917.

**When is the final fairness hearing?** The Court will hold a final fairness hearing on February 18, 2021 at 1:30 p.m. The hearing will take place at the United States District Court for the Northern District of California, San Francisco Courthouse, Courtroom 3 – 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102. At the final fairness hearing, the Court will consider whether the settlement is fair, reasonable, and adequate and, if so, whether it should be granted final approval. The Court will hear objections to the settlement, if any. The Court may make a decision at that time, postpone a decision, or continue the hearing.

NO POSTAGE NECESSARY IF MAILED IN THE UNITED STATES

**BUSINESS REPLY MAIL**

FIRST-CLASS MAIL PERMIT NO. 1810 PROVIDENCE, RI

POSTAGE WILL BE PAID BY ADDRESSEE

BONOAN V ADOBE INC
SETTLEMENT ADMINISTRATOR
C/O KCC CLASS ACTION SERVICES
PO BOX 43501
PROVIDENCE RI 02940-9878

BNB

# EXHIBIT D

Claim ID: <Claim8>

PIN: <PIN>

UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA

This is a notice of a settlement of a class action lawsuit.

This is not a notice of a lawsuit against you.

If you received an automated or artificial voice or prerecorded voice call from Adobe, Inc. ("Adobe") on your cellular telephone from February 27, 2015 through March 9, 2020, and you are not a current or former customer of Adobe, you may be entitled to compensation as a result of the settlement of this class action:

*Bonoan v. Adobe, Inc.* Case No. 3:19-cv-01068-RS (N.D. Cal.)

**To receive a payment you must enter all requested information and submit a claim here, on or before January 7, 2021. Or you may visit the settlement website, www.BonoanTCPAClassActionSettlement.com, or call 1-855-786-0917, for additional information about how to submit a claim on or before January 7, 2021.**

A federal court authorized this notice. This is not a solicitation from a lawyer.

Please read this notice carefully. It summarily explains your rights and options to participate in a class action settlement.

**You may have received a similar notice postcard in the mail. If you have already submitted a claim in response to that notice, you are not required to take any further action as a result of this email.**

**What is this lawsuit about?** Ms. Bonoan filed this lawsuit against Adobe alleging that Adobe violated the Telephone Consumer Protection Act ("TCPA") when it called consumers, who were not current or former customers of Adobe, on their cellular telephones, via an automatic telephone dialing system or with an artificial or prerecorded voice. Adobe denies the allegations, denies that it used an automatic telephone dialing system to place calls to class members, and denies that it violated the TCPA. The Court did not decide who is right or wrong. The parties have agreed to a settlement.

**Why did you receive this notice?** You received this notice because Adobe's records identified you as a potential member of the following class: "All persons in the United States (1) who are not current or former Adobe, Inc. customers, and (2) to whom Adobe, Inc. placed a call, (3) by using the Genesys OB dialer, (4) directed to a number assigned to a cellular telephone service, (5) from February 27, 2015 through March 9, 2020."

**What does the settlement provide?** Adobe will establish a settlement fund of $1 million. Out of the settlement fund will be paid: (1) settlement compensation to participating class members; (2) an award of attorneys' fees not to exceed one-third of the settlement fund, subject to the Court's approval; (3) litigation costs and expenses incurred by class counsel litigating claims in this matter not to exceed $25,000, subject to the Court's approval; (4) costs of notice and administration not to exceed $125,000; and (5) an incentive award to Ms. Bonoan not to exceed $5,000, subject to the Court's approval. It is estimated that each valid claimant will receive between $400 and $800, depending on the number of class members who participate.

**What are your legal rights and options?** You have four options. First, if you received an automated or artificial voice or prerecorded voice call from Adobe on your cellular telephone from February 27, 2015 through March 9, 2020, and you are not a current or former customer of Adobe, you may timely complete and return the Claim Form found at www.BonoanTCPAClassActionSettlement.com or by calling 1-855-786-0917, in which case you will receive a proportionate share of the settlement fund after deducting the above-listed fees, costs, and expenses, and will release any TCPA claim(s) you have against Adobe. Second, you may do nothing, in which case you will not receive a share of the settlement fund, but, if you are a class member, you will release any TCPA claim(s) you have against Adobe. Third, you may exclude yourself from the settlement, in which case you will neither receive a share of the settlement fund, nor release any TCPA claim(s) you have against Adobe. Or fourth, class members may object to the settlement. To obtain additional information about your legal rights and options, or to

access the class notice, motions for approval, motion for attorneys' fees, and any other important documents in the case, visit www.BonoanTCPAClassActionSettlement.com, or contact the Settlement Administrator by writing to: *Bonoan v. Adobe, Inc.* Settlement Administrator, c/o KCC Class Action Services, P.O. Box 43501, Providence, RI 02940-3501 or by calling 1-855-786-0917.

**When is the final fairness hearing?** The Court will hold a final fairness hearing on February 18, 2021 at 1:30 p.m. The hearing will take place at the United States District Court for the Northern District of California, San Francisco Courthouse, Courtroom 3 – 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102. At the final fairness hearing, the Court will consider whether the settlement is fair, reasonable, and adequate and, if so, whether it should be granted final approval. The Court will hear objections to the settlement, if any. The Court may make a decision at that time, postpone a decision, or continue the hearing.

# EXHIBIT E

Case 3:19-cv-01068-RS Document 86-1 Filed 01/14/21 Page 21 of 44

COLLEGE FOOTBALL QUARTERBACK RANKINGS

# Trask ascends into top-flight NFL prospect

Paul Myerberg
USA TODAY

Kyle Trask threw for 474 yards and four TDs in Florida's win over Georgia. BRAD MCCLENNY/THE GAINESVILLE (FLA.) SUN

The average draft class is lucky to have one franchise quarterback. This year's cycle includes at least two: Clemson's Trevor Lawrence and Ohio State's Justin Fields.

Quarterback play is as good as ever in the Football Bowl Subdivision, with draft-eligible passers and underclassmen from Power Five and Group of Five leagues lining up behind Lawrence and Fields to battle for all-conference and even All-American accolades.

Here's a look at the best of the best: the 10 best FBS quarterbacks during a season when two dozen or more passers are under consideration.

### 1. Justin Fields, Ohio State

Fields played deeper into Ohio State's 49-27 win Saturday against Rutgers than expected, as an expected romp against one of the weaker teams in the Big Ten turned tighter in the second half. After throwing for 314 yards and five scores, Fields now has as many touchdown passes (11) as incompletions through three games. With Lawrence missing two games following his COVID-19 diagnosis, Fields rises to the top of the list.

### 2. Trevor Lawrence, Clemson

Lawrence was playing at an obscenely high level before being sidelined for the Tigers' past two games, including Saturday's memorable 47-40 double-overtime loss at Notre Dame. Scheduled to return for the Tigers' next game, against Florida State on Nov. 21, it might be too late for Lawrence to reclaim his place at the front of the line in the Heisman Trophy race.

### 3. Kyle Trask, Florida

Trask set history in Florida's 44-28 win Saturday against Georgia in becoming the first Southeastern Conference quarterback to throw at least four touchdown passes in five consecutive games. (The SEC hasn't always been known for elite quarterback play, but that's an incredible achievement.) Although Trask was overlooked, underrated and simply under-used before last season, his ascension into a top-flight NFL prospect is a terrific success story.

### 4. Mac Jones, Alabama

He provided a glimpse as the replacement for an injured Tua Tagovailoa last season, but Jones' production as the Crimson Tide's full-time starter has taken the entire SEC by surprise. Heading into this week's game against LSU, the junior has 16 touchdowns against two interceptions while averaging 12.4 yards per attempt, the most of any passer with multiple starts.

### 5. Zach Wilson, Brigham Young

Much like his team, which has soared into the championship mix after years of mixed results, Wilson's production is impossible to ignore. After keying the Cougars' 51-17 win Friday night at Boise State, the junior is completing an even 75% of his attempts with 21 touchdowns against just two interceptions. The argument held before Friday – that Wilson and BYU were feeding on overmatched competition – no longer holds water.

### 6. D'Eriq King, Miami

King will resurface in the Heisman race after accounting for 535 yards of offense and five touchdowns in the Hurricanes' 44-41 win against North Carolina State. While Miami has been overshadowed by Clemson and Notre Dame in the Atlantic Coast Conference, King has the Hurricanes headed for a major bowl.

### 7. Dillon Gabriel, Central Florida

No quarterback in the country might throw a prettier deep ball than Gabriel, who has fine-tuned his game and largely avoided mistakes after struggling at times with turnovers as a freshman in 2019. While UCF has been a slight disappointment, Gabriel leads the FBS in yards per game (417.7) and is tied with Wilson for first in touchdown passes.

### 8. Sam Howell, North Carolina

Howell has been terrific in spurts after a spotty start in wins against Syracuse and Boston College. While UNC has been far from perfect since, with close losses to Florida State and Virginia, Howell has 14 touchdowns and two interceptions in his last five games. He's a year away from meeting his potential.

### 9. Grayson McCall, Coastal Carolina

McCall threw for 209 yards and a touchdown without an interception in the Chanticleers' 23-6 win against South Alabama, giving the freshman 16 TDs with just one turnover.

### 10. D.J. Uiagalelei, Clemson

That he's made only two starts shouldn't be a disqualifier – Fields has played in only three, you know. The five-star freshman has been outstanding as Lawrence's replacement, leading the Tigers past Boston College in his starting debut and then throwing for 439 yards in the double-overtime loss at Notre Dame, the most the Irish have ever allowed in a game.

## MARKETPLACE TODAY

To view more Classified listings, visit: classifieds.usatoday.com

For advertising information: 1.800.397.0070 www.russelljohns.com/usat

NOTICES

LEGAL NOTICE

LEGAL NOTICE

**If you received an automated or artificial voice or prerecorded voice call from Adobe on your cellular telephone from February 27, 2015 through March 9, 2020, and you are not a current or former customer of Adobe, you may be entitled to compensation as a result of the settlement of this class action.**

**What is this lawsuit about?** Ms. Bonoan filed this lawsuit against Adobe alleging that Adobe violated the Telephone Consumer Protection Act ("TCPA") when it called consumers, who were not current or former customers of Adobe, on their cellular telephones, via an automatic telephone dialing system or with an artificial or prerecorded voice. Adobe denies the allegations, denies that it used an automatic telephone dialing system to place calls to class members, and denies that it violated the TCPA. The Court did not decide who is right or wrong. The parties have agreed to a settlement.

**Who is included in this settlement?** "All persons in the United States (1) who are not current or former Adobe, Inc. customers, and (2) to whom Adobe, Inc. placed a call, (3) by using the Genesys OB dialer, (4) directed to a number assigned to a cellular telephone service, (5) from February 27, 2015 through March 9, 2020."

**What does the settlement provide?** Adobe will establish a settlement fund of $1 million. Out of the settlement fund will be paid: (1) settlement compensation to participating class members; (2) an award of attorneys' fees not to exceed one-third of the settlement fund, subject to the Court's approval; (3) litigation costs and expenses incurred by class counsel litigating claims in this matter not to exceed $25,000, subject to the Court's approval; (4) costs of notice and administration not to exceed $125,000; and (5) an incentive award to Ms. Bonoan not to exceed $5,000, subject to the Court's approval. It is estimated that each valid claimant will receive between $400 and $800, depending on the number of class members who participate.

**What are your legal rights and options?** If you are a member of the class, you have four options. First, if you received an automated or artificial voice or prerecorded voice call from Adobe on your cellular telephone from February 27, 2015 through March 9, 2020, and you are not a current or former customer of Adobe, you may timely submit a claim online at www.BonoanTCPAClassActionSettlement.com or by mail, in which case you will receive a proportionate share of the settlement fund after deducting the above-listed fees, costs, and expenses, and will release any TCPA claim(s) you have against Adobe. Claim forms must be submitted online or by mail with a postmark on or before **January 7, 2021**. Second, you may do nothing, in which case you will not receive a share of the settlement fund, but you will release any TCPA claim(s) you have against Adobe. Third, you may exclude yourself from the settlement, in which case you will neither receive a share of the settlement fund, nor release any TCPA claim(s) you have against Adobe. The deadline to ask to be excluded from the settlement is **January 7, 2021**. Or fourth, you may object to the settlement. The deadline to object to the settlement is **January 7, 2021**. To obtain additional information about your legal rights and options, or to access the class notice, motions for approval, motion for attorneys' fees, and any other important documents in the case, visit www.BonoanTCPAClassActionSettlement.com, or contact the Settlement Administrator by writing to: *Bonoan v. Adobe, Inc*. Settlement Administrator, P.O. Box 43501, Providence, RI 02940 or by calling 1-855-786-0917.

**When is the final fairness hearing?** The Court will hold a final fairness hearing on February 18, 2021, at 1:30 p.m. PST. The hearing will take place at the United States District Court for the Northern District of California, San Francisco Courthouse, Courtroom 3 – 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102. At the final fairness hearing, the Court will consider whether the settlement is fair, reasonable, and adequate and, if so, whether it should be granted final approval. The Court will hear objections to the settlement, if any. The Court may make a decision at that time, postpone a decision, or continue the hearing.

ONE CALL DOES IT ALL!

Your Ad in Print, Online Marketplace, Video & Internet Banners Too!

Call Today! (800) 397-0070

LEGAL NOTICE

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| **CEC ENTERTAINMENT, INC., *et al.*,** | § | **Case No. 20-33163 (MI)** |
| **Debtors.[1]** | § | **(Jointly Administered)** |

**NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT, (II) ESTABLISHMENT OF VOTING RECORD DATE, (III) HEARING ON CONFIRMATION OF PLAN, (IV) PROCEDURES FOR OBJECTING TO CONFIRMATION OF PLAN, (V) CURE PROCEDURES, AND (VI) PROCEDURES AND DEADLINE FOR VOTING ON PLAN**

**TO PARTIES IN INTEREST IN THE CHAPTER 11 CASES OF:**

**Debtor, Case Number:** CEC Entertainment, Inc., Case No. 20-33163; Peter Piper Texas, LLC, Case No. 20-33162; Peter Piper, Inc., Case No. 20-33164; BHC Acquisition Corporation, Case No. 20-33165; CEC Entertainment Concepts, L.P., Case No. 20-33166; CEC Entertainment Holdings, LLC, Case No. 20-33167; CEC Entertainment International, LLC, Case No. 20-33168; CEC Entertainment Leasing Company, Case No. 20-33169; CEC Leaseholder, LLC, Case No. 20-33170; CEC Leaseholder #2, LLC, Case No. 20-33171; Hospitality Distribution Incorporated, Case No. 20-33172; Peter Piper Holdings, Inc., Case No. 20-33173; Peter Piper Mexico, LLC, Case No. 20-33174; Queso Holdings Inc., Case No. 20-33175; SB Hospitality Corporation, Case No. 20-33176; SPT Distribution Company, Inc., Case No. 20-33177; Texas PP Beverage, Inc., Case No. 20-33178

**PLEASE TAKE NOTICE THAT:**

1. **Approval of Disclosure Statement**. On November 4, 2020, the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**") held a hearing at which it approved the *Disclosure Statement for Second Amended Joint Chapter 11 Plan of CEC Entertainment, Inc. and Its Debtor Affiliates*, dated November 3, 2020 (Docket No. 1247) (the "**Disclosure Statement**")[2] of CEC Entertainment, Inc. and its affiliated debtors in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), and thereafter entered an order (Docket No. 1244) (the "**Disclosure Statement Order**") with respect thereto. The Disclosure Statement Order, among other things, authorizes the Debtors to solicit votes to accept the *Second Amended Joint Chapter 11 Plan of CEC Entertainment, Inc. and Its Debtor Affiliates*, dated November 3, 2020 (Docket No. 1246) (as may be further amended or supplemented, the "**Plan**").

2. **Confirmation Hearing**. A hearing to consider confirmation of the Plan (the "**Confirmation Hearing**") has been scheduled for **December 15, 2020 at 11:15 a.m. (Prevailing Central Time)**, before the Honorable Marvin Isgur, United States Bankruptcy Judge, in the Bankruptcy Court. The Confirmation Hearing may be adjourned or continued from time to time by the Bankruptcy Court without further notice other than by a Bankruptcy Court announcement providing for such adjournment or continuation on its agenda. The Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing.

3. **Voting Record Date**. Holders of Claims against the Debtors in Class 3 (First Lien Debt Claims), Class 4 (Senior Unsecured Notes Claims), and Class 5 (General Unsecured Claims), as of **November 4, 2020** (the "**Voting Record Date**"), are eligible to vote to accept or reject the Plan.

4. **Voting Deadline**. All votes to accept or reject the Plan must be **actually received** by the Debtors' voting and tabulation agent, Prime Clerk LLC ("**Prime Clerk**"), by no later than **December 8, 2020 at 4:00 p.m. (Prevailing Central Time)** (the "**Voting Deadline**"). **ANY FAILURE TO FOLLOW THE VOTING INSTRUCTIONS INCLUDED WITH YOUR BALLOT MAY DISQUALIFY YOUR BALLOT AND YOUR VOTE.**

5. **Parties in Interest Not Entitled to Vote**. Holders of Unimpaired Claims, Subordinated Claims, and Existing Queso Interests are not entitled to vote on the Plan and will not receive a Ballot. If all or a portion of your Claim has been disallowed for voting purposes and you believe that you should be entitled to vote on the Plan in a different amount or class, then, by **December 2, 2020 at 4:00 p.m. (Prevailing Central Time)**, you must file with the Bankruptcy Court a motion (a "**Rule 3018(a) Motion**") for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing your Claim in a different amount or in a different Class for purposes of voting to accept or reject the Plan. Rule 3018(a) Motions that are not timely filed and served in the manner set forth above shall not be considered.

6. **Objections to Confirmation**. The deadline to object or respond to confirmation of the Plan is **December 8, 2020 at 4:00 p.m. (Prevailing Central Time)** (the "**Plan Objection Deadline**").

7. **Form and Manner of Objections to Confirmation**. Objections and responses, if any, to confirmation of the Plan, if any, must: (i) be in writing; (ii) conform to the Bankruptcy Rules and the Local Rules; (iii) set forth the name of the objecting party and the nature and amount of Claims or Interests held or asserted by such party against the Debtors' estates or property; (iv) provide the basis for the objection and specific grounds thereof; and (v) be filed with the Bankruptcy Court via ECF or by mailing to the Bankruptcy Court at United States Bankruptcy Court Clerk's Office, Bob Casey United States Courthouse, 515 Rusk Avenue, Courtroom 404, 4th Floor, Houston, Texas 77002, so as to be **actually received** by the Plan Objection Deadline.

8. **IF ANY OBJECTION TO CONFIRMATION OF THE PLAN IS NOT FILED STRICTLY AS PRESCRIBED HEREIN, THE OBJECTING PARTY WILL BE BARRED FROM OBJECTING TO CONFIRMATION OF THE PLAN AND WILL NOT BE HEARD AT THE CONFIRMATION HEARING.**

9. **Additional Information**. Any party in interest wishing to obtain information about the solicitation procedures or copies of the Disclosure Statement, the Plan, or other Solicitation Materials should contact Prime Clerk by email at cecentertainmentinfo@primeclerk.com, or by telephone at (877) 930-4313 (Toll-Free) or (347) 899-4582 (if calling from outside the U.S.). Interested parties may also review the Disclosure Statement and the Plan free of charge at https://cases.primeclerk.com/cecentertainment/Home-Index. In addition, the Disclosure Statement and Plan are on file with the Bankruptcy Court and may be reviewed by accessing the Bankruptcy Court's website: https://www.txs.uscourts.gov/page/bankruptcy-court. Note that a PACER password and login are needed to access documents on the Bankruptcy Court's website. A PACER password can be obtained at https://www.pacer.uscourts.gov.

**NOTICE REGARDING CERTAIN RELEASE PROVISIONS IN PLAN. If you (i) vote to accept the Plan, (ii) are entitled to vote to accept or reject the Plan but do not vote either to accept or to reject the Plan, (iii) vote, or are deemed, to reject the Plan but do not opt out of granting the releases set forth in the Plan, or (iv) are otherwise given notice of the opportunity to opt out of granting the releases set forth in the Plan but do not opt out, you shall be deemed to have consented to the Third-Party Releases contained in Section 10.7(b) of the Plan.**

***10.7 Releases.***

**(b) RELEASES BY HOLDERS OF CLAIMS AND INTERESTS. AS OF THE EFFECTIVE DATE, EXCEPT FOR THE RIGHTS AND REMEDIES THAT REMAIN IN EFFECT FROM AND AFTER THE EFFECTIVE DATE TO ENFORCE THE PLAN AND THE OBLIGATIONS CONTEMPLATED BY THE DEFINITIVE DOCUMENTS, AND THE DOCUMENTS IN THE PLAN SUPPLEMENT OR AS OTHERWISE PROVIDED IN ANY ORDER OF THE BANKRUPTCY COURT, ON AND AFTER THE EFFECTIVE DATE, THE RELEASED PARTIES SHALL BE DEEMED CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED BY THE RELEASING PARTIES, FROM ANY AND ALL CLAIMS AND CAUSES OF ACTION WHATSOEVER (INCLUDING ANY DERIVATIVE CLAIMS, ASSERTED OR ASSERTABLE ON BEHALF OF THE DEBTORS, THE REORGANIZED DEBTORS, OR THEIR ESTATES), WHETHER LIQUIDATED OR UNLIQUIDATED, FIXED OR CONTINGENT, MATURED OR UNMATURED, KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, CONTRACT, TORT, OR OTHERWISE BY STATUTE, VIOLATIONS OF FEDERAL OR STATE SECURITIES LAWS OR OTHERWISE, THAT SUCH HOLDERS OR THEIR ESTATES, AFFILIATES, HEIRS, EXECUTORS, ADMINISTRATORS, SUCCESSORS, ASSIGNS, MANAGERS, ACCOUNTANTS, ATTORNEYS, REPRESENTATIVES, CONSULTANTS, AGENTS, AND ANY OTHER PERSONS CLAIMING UNDER OR THROUGH THEM WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN THEIR OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) OR ON BEHALF OF THE HOLDER OF ANY CLAIM OR INTEREST OR OTHER PERSON, BASED ON OR RELATING TO, OR IN ANY MANNER ARISING FROM, IN WHOLE OR IN PART, THE DEBTORS, THE REORGANIZED DEBTORS, THEIR ESTATES, THE CHAPTER 11 CASES, THE RESTRUCTURING, THE PURCHASE, SALE, OR RESCISSION OF THE PURCHASE OR SALE OF ANY SECURITY OF THE DEBTORS OR THE REORGANIZED DEBTORS, THE SUBJECT MATTER OF, OR THE TRANSACTIONS OR EVENTS GIVING RISE TO, ANY CLAIM OR INTEREST THAT IS TREATED IN THE PLAN, THE BUSINESS OR CONTRACTUAL ARRANGEMENTS OR INTERACTIONS BETWEEN ANY DEBTOR AND ANY RELEASED PARTY, THE RESTRUCTURING, THE RESTRUCTURING OF ANY CLAIMS OR INTERESTS BEFORE OR DURING THE CHAPTER 11 CASES, THE NEGOTIATION, FORMULATION, PREPARATION, OR CONSUMMATION OF THE PLAN, THE ORIGINAL PSA, THE AMENDED AND RESTATED PSA, THE SECOND AMENDED AND RESTATED PSA, AN ACQUISITION AGREEMENT (IF ANY), THE PURCHASE TRANSACTION (IF APPLICABLE), THE DEFINITIVE DOCUMENTS AND THE DOCUMENTS IN THE PLAN SUPPLEMENT, OR RELATED AGREEMENTS, INSTRUMENTS, OR OTHER DOCUMENTS, RELATING THERETO, OR THE SOLICITATION OF VOTES WITH RESPECT TO THE PLAN, IN ALL CASES BASED UPON ANY ACT OR OMISSION, TRANSACTION, AGREEMENT, EVENT, OR OTHER OCCURRENCES TAKING PLACE ON OR BEFORE THE EFFECTIVE DATE.**

**ENTRY OF THE CONFIRMATION ORDER BY THE BANKRUPTCY COURT SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, PURSUANT TO BANKRUPTCY RULE 9019, OF THE RELEASES IN SECTION 10.7(b) OF THE PLAN (THE "THIRD-PARTY RELEASE"), WHICH INCLUDES, BY REFERENCE, EACH OF THE RELATED PROVISIONS AND DEFINITIONS UNDER THE PLAN, AND, FURTHERMORE, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THE THIRD-PARTY RELEASE IS (I) CONSENSUAL, (II) ESSENTIAL TO THE CONFIRMATION OF THE PLAN, (III) GIVEN IN EXCHANGE FOR THE GOOD AND VALUABLE CONSIDERATION PROVIDED BY THE RELEASED PARTIES, (IV) A GOOD FAITH SETTLEMENT AND COMPROMISE OF THE CLAIMS RELEASED BY THE THIRD-PARTY RELEASE, (V) IN THE BEST INTERESTS OF THE DEBTORS AND THEIR ESTATES, (VI) FAIR, EQUITABLE AND REASONABLE, (VII) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR HEARING, AND (VIII) A BAR TO ANY OF THE RELEASING PARTIES ASSERTING ANY CLAIM OR CAUSE OF ACTION RELEASED PURSUANT TO THE THIRD-PARTY RELEASE.**

**Relevant Definitions Related to Release**

"***Released Parties***" means, collectively, and in each case, solely in their respective capacities as such, (i) the Debtors, (ii) the Reorganized Debtors, (iii) the Consenting Creditors, (iv) the members of the Ad Hoc Lender Group, (v) the Exit Facility Agent, (vi) the Exit Facility Lenders, (vii) the Exit Facility Backstop Parties (viii) the DIP Agent, (ix) the DIP Facility Lenders, (x) the First Lien Administrative Agent, (xi) the Senior Unsecured Notes Trustee; (xii) AcquisitionCo (if applicable), (xiii) CEC Holdings (if applicable), (xiv) the Creditors' Committee, (xv) each member of the Creditors' Committee in its capacity as such, and (xvi) with respect to each of the foregoing Persons, in clauses (i) through (xv), each of their affiliates, predecessors, successors, assigns, and subsidiaries, as well as each of the current and former officers and directors, principals, equity holders, members, partners, managers, employees, agents, advisory board members, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, management companies, fund advisors, and other professionals of each of the foregoing, and such Persons' respective heirs, executors, estates, and nominees, in each case in their respective capacities as such.

"***Releasing Parties***" means collectively, and in each case, solely in their respective capacities as such, (i) the holders of all Claims that vote to accept the Plan, (ii) the holders of all Claims whose vote to accept or reject the Plan is solicited but that do not vote either to accept or to reject the Plan, (iii) the holders of all Claims that vote, or are deemed, to reject the Plan but do not opt out of granting the releases set forth in the Plan, (iv) the holders of all Claims and Interests that were given notice of the opportunity to opt out of granting the releases set forth in the Plan but did not opt out, and (v) the Released Parties.

**Notice of Assumption of Executory Contracts and Unexpired Leases of Debtors and Related Procedures**

10. Any monetary amounts by which any executory contract or unexpired lease to be assumed under the Plan (an "**Assumed Contract**") is in default (a "**Cure Amount**") shall be satisfied pursuant to section 365(b)(1) of the Bankruptcy Code by payment of the Cure Amount, as reflected in the notice of proposed Cure Amounts (the "**Cure Notice**") annexed as Exhibit 1 to the Debtors' Notice of Confirmation Hearing filed on November 6, 2020 [Docket No. 1253], in Cash on the Effective Date, subject to the limitations described in Section 8.2 of the Plan, or on such other terms as the parties to such executory contracts or unexpired leases and the Debtors may otherwise agree. Any counterparty to an executory contract or unexpired lease entered into with one or more of the Debtors should review the Cure Notice carefully. If a counterparty to any executory contract or unexpired lease is not listed on the applicable Cure Notice, the proposed Cure Amount for such executory contract or unexpired lease shall be deemed to be zero dollars ($0).[3]

11. To the extent that you object to the assumption or the assumption and assignment of an Assumed Contract on any basis, including the proposed Cure Amount or the Debtors' satisfaction of the requirement under section 365(b) of the Bankruptcy Code to provide adequate assurance of future performance under an Assumed Contract, you must file with the Bankruptcy Court a written objection (the "**Objection**") that complies with the Bankruptcy Rules and Local Rules and sets forth (i) the basis for such objection and specific grounds therefor and (ii) the name and contact information of the person authorized to resolve such objection and that is actually received no later than **December 8, 2020 at 4:00 p.m. (Prevailing Central Time)**. Counterparties that previously filed an objection to proposed Cure Amounts may, but are not required to, file an additional objection on that basis.

WEIL, GOTSHAL & MANGES LLP, Alfredo R. Pérez (15776275), Clifford W. Carlson (24090024), Rodney Square, 700 Louisiana Street, Suite 1700, Houston, Texas 77002, Telephone: (713) 546-5000, Facsimile: (713) 224-9511, Email: Alfredo.Perez@weil.com, Clifford.Carlson@weil.com -and- WEIL, GOTSHAL & MANGES LLP, Matthew S. Barr (admitted *pro hac vice*), Ryan Preston Dahl (admitted *pro hac vice*), Scott R. Bowling (admitted *pro hac vice*), 767 Fifth Avenue, New York, New York 10153, Telephone: (212) 310-8000, Facsimile: (212) 310-8007, Email: Matt.Barr@weil.com, Ryan.Dahl@weil.com, Scott.Bowling@weil.com, *Attorneys for Debtors and Debtors in Possession*

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are BHC Acquisition Corporation (0947); CEC Entertainment Concepts, L.P. (3011); CEC Entertainment Holdings, LLC (9147); CEC Entertainment, Inc. (5805); CEC Entertainment International, LLC (8177); CEC Entertainment Leasing Company (4517); CEC Leaseholder, LLC (N/A); CEC Leaseholder #2, LLC (N/A); Hospitality Distribution Incorporated (5502); Peter Piper Holdings, Inc. (6453); Peter Piper, Inc. (3407); Peter Piper Texas, LLC (6904); Peter Piper Mexico, LLC (1883); Queso Holdings Inc. (1569); SB Hospitality Corporation (4736); SPT Distribution Company, Inc. (8656); and Texas PP Beverage, Inc. (6895). The Debtors' corporate headquarters and service address is 1707 Market Place Boulevard #200, Irving, TX 75063.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Disclosure Statement or the Plan, as applicable.

[3] The inclusion of any agreement on the Cure Notice attached hereto does not constitute an admission that a particular contract is an executory contract or unexpired lease within the meaning of the Bankruptcy Code or require or guarantee that such agreement will ultimately be assumed. All rights of the Debtors with respect thereto are reserved.

# EXHIBIT F

# *Bonoan v. Adobe, Inc.*

# Digital Media Screenshots

*Bonoan v. Adobe, Inc.* : 728x90
Placement: cnet.com

engadget
Sections
Login
Popular Now
Nasal spray might prevent COVID-19 infections
11.07.2020
Virgin Galactic's first spaceflight from Spaceport America will launch soon
11.07.2020
Apple iPhone 12 Pro Max review: Better, not just bigger
An exceptional (and exceptionally big) smartphone.
By C. Velazco, 5 hours ago
If you received an automated or artificial voice or prerecorded voice call from Adobe, you may be entitled to compensation from a class action settlement.
Unknown Call
LEARN MORE
BonoanTCPAClassActionSettlement.com
AdChoices
84

KCC

*Bonoan v. Adobe, Inc.* : 300x250
Placement: ESPN.com

EXPLORE
Entertainment
Your Profile
Login
SUBSCRIBE
HOME > TV
Watch Alex Trebek's TV and movie appearances: *Cheers*, *Simpsons*, *SNL*, *X-Files*, and more
The longtime *Jeopardy!* host made memorable appearances on *Cheers*, *The Golden Girls*, *The Simpsons*, *SNL*, *The X-Files*, *Arthur*, and many more.
By Tyler Aquilina | Updated November 09, 2020 at 12:49 PM EST
Save
FB
Tweet
More
If you received an automated or artificial voice or prerecorded voice call from Adobe, you may be entitled to compensation from a class action settlement.
Unknown Call
LEARN MORE
BonoanTCPAClassActionSettlement.com
STEP UP COLORADO

KCC

If you received an automated or artificial voice or prerecorded voice call from Adobe, you may be entitled to compensation from a class action settlement.
LEARN MORE
BonoanTCPAClassActionSettlement.com

People

Your Account Login Sweepstakes Subscribe

EXPLORE News Entertainment 2020 Election Royals Lifestyle PeopleTV Shopping

**Salt Life Founder Said He Shot 18-Year-Old by Accident — and Victim Was Girlfriend: Affidavit**

**Sean Connery's Ashes to Be Scattered in His Beloved Scotland: 'That Was His Final Wish,' Says**

## Ivana Trump Reacts to Ex-Husband Donald Losing to Biden: 'I Just Want This Whole Thing to Be Over'

"He hates to be a loser, that I'm sure of," the president's first ex-wife says, "but if he loses, he loses"

## Trending Now

- The Absolute Best Thanksgiving Side Dishes
- The Most Gorgeous Celebrity Engagement Rings of 2020
- 'Alex Was Looking for a Jean, and He Found Her': Alex & Jean Trebek's Love Story in Photos
- How President-Elect Joe Biden Paid Tribute to Late Son Beau During His Victory Celebration

KCC





USA TODAY
BREAKING NEWS: US hits 10 million COVID-19 cases, another dark milestone in its struggle with the coronavirus pandemic
News Sports Entertainment Life Money Tech Travel Opinion Subscribe Sign In
US hits another milestone with 10M COVID cases; states impose new restrictions – virus updates
President-elect Joe Biden will take a different approach to the virus. New Jersey closing restaurants early. US hits 10M cases. Latest COVID news.
HEALTH 1:49 p.m. ET Nov. 9
Trump fires Defense Secretary Mark Esper
Trump firing his Defense Secretary on Monday is a signal that the president plans to be active until President-elect Biden takes office in 2021.
POLITICS 1:31 p.m. ET Nov. 9
Top Headlines
Notre Dame AD addresses 'mass incoming' after Clemson game
How Pfizer vaccine could help revive economy
Arkansas police chief resigns after threats to Democrats
Younger, more diverse voters could reshape the South
NY honeymooners drown in Turks and Caicos
Why pancreatic cancer is so deadly
Pence says election 'AIN'T over' as President-elect Biden warns of 'dark winter' - election updates
Al Roker thanks fans after cancer diagnosis
Get the Daily Briefing in your inbox
Biden pledges to cut taxes, college tuition
PERSONAL FINANCE 11:43 a.m. ET Nov. 9
What if Trump refuses to concede?
On Saturday, Trump's attorney Rudy Giuliani said flatly: 'He's not going to concede." And Trump's campaign touted plans to challenge the election results in the courts.
ELECTIONS 11:25 a.m. ET Nov. 9
Advertisement
Ben Carson tests positive for COVID-19
Ben Carson joins a growing list of Trump administration officials, including President Donald Trump, who have contracted the highly contagious virus.
POLITICS 1:47 p.m. ET Nov. 9
Biden's COVID-19 task force includes Trump whistleblower
What's next for soon-to-be ex-first

If you received an automated or artificial voice or prerecorded voice call from Adobe, you may be entitled to compensation from a class action settlement.
LEARN MORE
BonoanTCPAClassActionSettlement.com

KCC

*Bonoan v. Adobe, Inc.* : Desktop News Feed Ad
Placement: Facebook.com

*Bonoan v. Adobe, Inc.* : Mobile News Feed Ad
Placement: m.facebook.com

Instagram
Search
Bonoan v. Adobe, Inc.
Unknown Caller
If you received an automated or artificial voice or prerecorded voice call from Adobe on your cellular telephone between February 27, 2015 and March 9, 2020, and you are not a current or former customer of Adobe, you may be entitled to compensation as a result of the settlement of this class action.
2d
Be the first to like this
2 DAYS AGO
Add a comment...
Post

KCC

*Bonoan v. Adobe, Inc.* : Mobile Feed Ad
Placement: Instagram App

*Bonoan v. Adobe, Inc.* : Stories Ad
Placement: Instagram App

# EXHIBIT G

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

VIANN BONOAN, on behalf of herself and others similarly situated,

Plaintiff,

v.

ADOBE, INC.,

Defendant.

Case No. 3:19-cv-01068-RS

WEBSITE Q & A NOTICE

**This is a notice of a settlement of a class action lawsuit.**

**This is not a notice of a lawsuit against you.**

**If you received an automated or artificial voice or prerecorded voice call on your cellular telephone from Adobe, Inc. ("Adobe") from February 27, 2015 through March 9, 2020, and you were never an Adobe customer, you may be entitled to compensation as a result of the settlement in the class action lawsuit captioned:**

*Bonoan v. Adobe, Inc.*, Case No. 3:19-cv-01068 (N.D. Cal.)

**A federal court authorized this notice.**

**This is not a solicitation from a lawyer.**

**Please read this notice carefully.**

**It explains your rights and options to participate in a class action settlement.**

- A consumer sued Adobe alleging that it made calls to cellular telephone numbers of consumers who were not Adobe customers, in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.
- A settlement will result in a $1 million fund to fully settle and release claims of persons to whom Adobe placed a call by using an automatic telephone dialing system, or an artificial or prerecorded voice, from February 27, 2015 through March 9, 2020, directed to a number assigned to a cellular telephone service, but not assigned to a current or former Adobe customer.
- The settlement fund will be used to pay settlement amounts to class members who elect to participate, after deducting the costs of settlement notice and administration, attorneys' fees, costs, and expenses, and an incentive award to the consumer who sued Adobe.
- Your legal rights are affected, and you now have a choice to make:

| | |
|---|---|
| **SUBMIT A TIMELY CLAIM FORM** | If you submit a valid Claim Form by **January 7, 2021**, you will receive a share of the settlement fund after expenses are deducted, and you will release TCPA claims you may have against Adobe. |
| **DO NOTHING** | If you do nothing, you will not receive a share of the settlement fund, but if you are a class member you will release TCPA claims you may have against Adobe. |
| **EXCLUDE YOURSELF** | If you exclude yourself from the settlement, you will not receive a share of the settlement fund, and you will not release any TCPA claims you have against Adobe. The deadline for excluding yourself is **January 7, 2021**. |
| **OBJECT** | Write to the Court about why you do not like the settlement. The deadline to object is **January 7, 2021**. |

**Why is this notice available?**

This is a notice of a proposed settlement in a class action lawsuit. The settlement would resolve the lawsuit Viann Bonoan filed against Adobe. Please read this notice carefully. It explains the lawsuit, the settlement, and your legal rights, including the process for receiving a settlement check, excluding yourself from the settlement, or objecting to the settlement.

**What is this lawsuit about?**

Ms. Bonoan filed this lawsuit against Adobe alleging that Adobe violated the TCPA when it called consumers, who were not current or former customers of Adobe, on their cellular telephones, via an automatic telephone dialing system or with an artificial or prerecorded voice. Adobe denies the allegations, denies that it used an automatic telephone dialing system to place calls to class members, and denies that it violated the TCPA. The Court did not decide who is right or wrong. The parties have agreed to a settlement.

**Why is this a class action?**

In a class action, one or more people called "class representatives" file a lawsuit on behalf of people who have similar claims. All of these people together are a "class" or "class members." The Court accordingly resolves claims for all class members, except for those who exclude themselves from the class.

**Why is there a settlement?**

Ms. Bonoan, on the one hand, and Adobe, on the other, have agreed to settle the lawsuit to avoid the time, risk, and expense associated with it, and to achieve a final resolution of the disputed claims. The proposed settlement was reached after Ms. Bonoan and Adobe attended mediation with retired Judge James Holderman. Under the settlement, class members will obtain a payment in settlement of the claims Ms. Bonoan raised in the lawsuit. Ms. Bonoan and her attorneys think the settlement is fair and reasonable.

**How do you know if your claims are included in the settlement?**

This settlement resolves claims on behalf of the following proposed class:

All persons in the United States (1) who are not current or former Adobe, Inc. customers, and (2) to whom Adobe, Inc. placed a call, (3) by using the Genesys OB dialer, (4) directed to a number assigned to a cellular telephone service, (5) from February 27, 2015 through March 9, 2020.

**What does the settlement provide?**

Adobe will establish a settlement fund in the amount of $1 million to compensate members of the class. Out of the settlement fund will be paid:

a. Settlement compensation to class members;

b. Notice and administration costs not to exceed $125,000;

c. An award of attorneys' fees not to exceed one-third of the settlement fund, subject to the Court's approval;

d. Costs and expenses incurred litigating the TCPA claims in this matter not to exceed $25,000, subject to the Court's approval; and

e. An incentive award to Ms. Bonoan not to exceed $5,000, subject to the Court's approval.

Each class member who submits a timely and valid Claim Form will be entitled, subject to the provisions of the settlement agreement, to his or her equal share of the $1 million settlement fund as it exists after deducting:

a. Notice and administration costs;

b. An award of attorneys' fees;

c. Costs and expenses incurred litigating the claims in this matter; and

d. An incentive award to Ms. Bonoan.

It is estimated that each participating class member will receive between $400 and $800. The actual amount each participating class member will receive may be more or less, depending on the number of class members who submit timely, valid claims.

**How can you get a payment?**

You must mail a valid Claim Form to the *Bonoan v. Adobe, Inc.* Settlement Administrator, c/o KCC Class Action Services, P.O. Box 43501, Providence, RI 02940-3501 postmarked by **January 7, 2021**. Or you must submit a valid claim, if allowed, through www.BonoanTCPAClassActionSettlement.com by **January 7, 2021**.

**When will you be paid?**

If the Court grants final approval of the settlement, settlement checks will be mailed to class members who timely mailed or submitted valid Claim Forms no later than 30 days after the judgment in the lawsuit becomes final. If there is an appeal of the settlement, payment may be delayed.

**What rights are you giving up in this settlement?**

If you fall within the class, and unless you exclude yourself from the settlement, you will give up your right to sue or continue a lawsuit against Adobe over the released claims. Giving up your legal claims is called a release. Unless you formally exclude yourself from the settlement, you will release your TCPA claims against Adobe.

For more information on the release, released parties, and released claims, you may obtain a copy of the class action settlement agreement on the settlement website, www.BonoanTCPAClassActionSettlement.com or from the Clerk of the United States District Court for the Northern District of California.

*Judicial Notice in Support of Motion to Dismiss Plaintiff's Complaint and/or Stay the Case*, *[Proposed] Order Granting Defendant Adobe Inc.'s Request for Judicial Notice in Support of Motion to Dismiss Plaintiff's Complaint and/or Stay the Case*, *Plaintiff's Response in Opposition to Defendant's Motion to Dismiss or Stay*, *Defendant Adobe Inc.'s Reply Brief in Support of Its Motion to Dismiss Plaintiff's Complaint and/or Stay the Case*, *Plaintiff's Statement of Recent Decision in Support of Her Opposition to Defendant's Motion to Dismiss or Stay*, *Defendant's Statement of Recent Decision*, *Order Granting Defendant's Motion to Dismiss*, *Amended Class Action Complaint for Damages and Injunctive Relief*, and *Defendant Adobe Inc.'s Answer and Affirmative Defenses to Plaintiff's First Amended Complaint* are included on the enclosed CD Rom.

2. **28 U.S.C. § 1715(b)(2) – Notice of Any Scheduled Judicial Hearing:** As of August 28, 2020, the Court has not yet scheduled a final fairness hearing in this matter. Plaintiff filed *Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement, Notice of Motion, and Memorandum in Support of Motion* and requested that a hearing on that motion take place on September 24, 2020, at 1:30 p.m. in Courtroom 3, 17th Floor of the United States District Court for the Northern District of California located at 450 Golden Gate Avenue, San Francisco, California before the Honorable Richard Seeborg. A copy of *Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement, Notice of Motion, and Memorandum in Support of Motion* and its supporting exhibits are included on the enclosed CD Rom.

3. **28 U.S.C. § 1715(b)(3) – Notification to Class Members:** A copy of the *Postcard Notice*, *Website Q&A Notice*, and *Claim Form* to be provided to the class are included on the enclosed CD Rom.

4. **28 U.S.C. § 1715(b)(4) – Class Action Settlement Agreement:** A copy of the *Class Action Settlement Agreement* is included on the enclosed CD Rom.

5. **28 U.S.C. § 1715(b)(5) – Any Settlement or Other Agreement:** As of August 28, 2020, no other settlement or agreement has been entered into by the parties to this action.

6. **28 U.S.C. § 1715(b)(6) – Final Judgmen**t: No final judgment has been reached as of August 28, 2020, nor have any notices of dismissal been granted at this time.

7. **28 U.S.C. § 1715(b)(7)(A)-(B) – Names of Class Members/Estimate of Class Members:** Adobe is in the process of gathering information on this issue, pursuant to 28 U.S.C. § 1715(b)(7)(A), but at this time a complete list of names of class members as well as each State of residence is not available because the

**How can you exclude yourself from the settlement?**

You may exclude yourself from the settlement, in which case you will not receive a payment, and you will not release your claims against Adobe. If you wish to exclude yourself from the settlement, you must mail a written request for exclusion to the Settlement Administrator at the following address, postmarked by **January 7, 2021**:

***Bonoan v. Adobe, Inc.***
Settlement Administrator
ATTN: EXCLUSION REQUEST
P.O. Box 43501
Providence, RI 02940-3501

You must include in your request for exclusion your:

a. Full name;

b. Address;

c. Telephone number called by Adobe demonstrating that you are a member of the class; and

d. A clear and unambiguous statement that you wish to be excluded from the settlement, such as "I request to be excluded from the settlement in the *Bonoan v. Adobe, Inc.* action."

You must sign the request personally. If any person signs on your behalf, that person must attach a copy of the power of attorney authorizing that signature.

**When and where will the Court decide whether to approve the settlement?**

The Court will hold a final fairness hearing on **February 18, 2021 at 1:30 p.m.** The hearing will take place in the United States District Court for the Northern District of California, San Francisco Courthouse, Courtroom 3 – 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102. At the final fairness hearing, the Court will consider whether the settlement is fair, reasonable, and adequate and, if so, whether final approval of the settlement should be granted. The Court will hear objections to the settlement, if any. The Court may make a decision at that time, postpone a decision, or continue the hearing.

The date of the final fairness hearing may change without further notice. Class members should check this settlement website, www.BonoanTCPAClassActionSettlement.com, or the Court's PACER site to confirm that the date has not changed.

**Do you have to attend the hearing?**

No, there is no requirement that you attend the hearing. However, you are welcome to attend the hearing at your own expense. You cannot speak at the hearing if you have excluded yourself from the class settlement because the settlement no longer affects your legal rights.

**What if you want to object to the settlement?**

If you do not exclude yourself from the settlement, you can object to the settlement, or any part of it, if you do not believe it is fair, reasonable, and adequate. If you wish to object, you must mail a written notice of objection, postmarked by **January 7, 2021**, to the Court, at the following address:

Court:

Class Action Clerk
U.S. District Court
Northern District of California
450 Golden Gate Ave.
San Francisco, CA 94102

You must include in your objection:

a. Your full name;

b. Your address;

c. The cellular telephone number(s) called by Defendant and a statement that Objector is not a current or former Adobe customer, to demonstrate that the objector is a member of the settlement class;

d. A statement of the objection such as "I object to the settlement in the *Bonoan v. Adobe, Inc.* action"; and

e. A statement noting whether the member intends to appear at the final fairness hearing.

You can ask the Court to deny approval by filing an objection. You can't ask the Court to order a different settlement; the Court can only approve or reject the settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

Any objection to the proposed settlement must be in writing. If you file a timely written objection, you may, but are not required to, appear at the final fairness hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney.

**By when must you enter an appearance?**

Any class member who objects to the settlement and wishes to enter an appearance must do so by **January 7, 2021**. To enter an appearance, you must file with the Clerk of the Court a written notice of your appearance and you must serve a copy of that notice, by U.S. mail or hand delivery, upon class counsel and Adobe's attorneys, at the addresses set forth below.

**What if you do nothing?**

If you are a member of the class, you do nothing, and the Court approves the settlement agreement, you will not receive a share of the settlement fund, but you will release any TCPA claim you have against Adobe. Unless you exclude yourself from the settlement, you will not be able to sue or continue a lawsuit against Adobe over the released TCPA claims.

**What will happen if the Court does not approve the settlement?**

If the Court does not finally approve the settlement, or if it finally approves the settlement and the approval is reversed on appeal, or if the settlement does not become final for some other reason, you will receive no benefits from this settlement and the lawsuit will continue.

**Who are Ms. Bonoan's attorneys?**

Ms. Bonoan's attorneys are:

Aaron D. Radbil
Greenwald Davidson Radbil PLLC
401 Congress Ave.
Ste. 1540
Austin, TX 78701

Gary M. Klinger
Mason Lietz & Klinger, LLP
227 W. Monroe St.
Ste. 2100
Chicago, IL 60606

The Court has appointed Ms. Bonoan's attorneys to act as class counsel. You do not have to pay class counsel. If you want to be represented by your own lawyer, and have that lawyer appear in Court for you in this case, you must hire one at your own expense.

**Who are Adobe's attorneys?**

Adobe's attorneys are:

Bobbie J. Wilson
Sunita Bali
Perkins Coie LLP
505 Howard St.
Ste. 1000
San Francisco, CA 94105

**Before what Court is this matter pending?**

Ms. Bonoan filed her class action lawsuit in the following Court:

U.S. District Court for Northern District of California
450 Golden Gate Ave.
San Francisco, CA 94102

**Where can you get additional information?**

This notice summarizes the proposed settlement. For the precise terms and conditions of the settlement, please see the settlement agreement available at www.BonoanTCPAClassActionSettlement.com, by contacting class counsel, by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 450 Golden Gate Ave., San Francisco, CA 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.

Or, to obtain additional information about this matter, please contact:

***Bonoan v. Adobe, Inc.***
Settlement Administrator
c/o KCC Class Action Services
P.O. Box 43501
Providence, RI 02940-3501

Please do not call the Judge about this case. The Judge will not be able to give you advice about this case. Furthermore, neither Adobe nor Adobe's attorneys represent you, and they cannot give you legal advice.

# EXHIBIT H

*Bonoan v. Adobe, Inc.*
Settlement Administrator
c/o KCC Class Action Services
P.O. Box 43501
Providence, RI 02940-3501

*Bonoan v. Adobe, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Case No. 3:19-cv-01068-RS (N.D. Cal.)

**Must Be Postmarked No Later Than January 7, 2021**

# Claim Form

This is a notice of a settlement of a class action lawsuit.
This is not a notice of a lawsuit against you.

If you received an automated or artificial voice or prerecorded voice call from Adobe, Inc. ("Adobe") on your cellular telephone from February 27, 2015 through March 9, 2020, and you are not a current or former customer of Adobe, you may be entitled to compensation as a result of the settlement of this class action.

A federal court authorized this notice. This is not a solicitation from a lawyer.

Please read this notice carefully. It summarily explains your rights and options to participate in a class action settlement.

## CLAIMANT INFORMATION

First Name | M.I. | Last Name

Primary Address

Primary Address Continued

City | State | ZIP Code

— —

Telephone number on which I received the call(s)

Email

I received one or more automated or artificial voice or prerecorded voice calls from Adobe to my cellular telephone number from February 27, 2015 through March 9, 2020. I am not a current or former Adobe customer. I wish to participate in this settlement.

Signature

Date of signature (mm/dd/yyyy)

**IF YOU MOVE, send your CHANGE OF ADDRESS to the Settlement Administrator at the address on the top of this form.**

**To receive a payment, you must enter all requested information above, sign, and mail this Claim Form, postmarked on or before January 7, 2021. If permitted, and depending on your cellular telephone number at issue, you may be able to submit a claim electronically at www.BonoanTCPAClassActionSettlement.com, or by calling 1-855-786-0917.**

**To exclude yourself from the class action settlement, you must mail a written request for exclusion to the Settlement Administrator, postmarked on or before January 7, 2021. Your request must include the information required by the Court's October 9, 2020 Order.**

**To object to the class action settlement, you must mail a written objection to the Settlement Administrator, postmarked on or before January 7, 2021. Your objection must include the information required by the Court's October 9, 2020 Order.**

| FOR CLAIMS PROCESSING ONLY | OB | CB | DOC LC REV | RED A B |
|---|---|---|---|---|

# EXHIBIT I

**David Arrington**

5828 W Round Rock Dr

Herriman, UT 84096-8202