UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

VIANN BONOAN, on behalf of herself and others similarly situated,

    Plaintiff,

v.

ADOBE, INC.,

    Defendant.

Case No. 3:19-cv-01068-RS

(PROPOSED) ORDER FINALLY APPROVING SETTLEMENT

On February 27, 2019, Viann Bonoan ("Plaintiff" or "Class Representative") filed a Class Action Complaint (the "Lawsuit") against Adobe, Inc. ("Defendant") in the United States District Court for the Northern District of California, Case No. 5:19-cv-01068, asserting class claims under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. ECF No. 1. Plaintiff filed an Amended Class Action Complaint on July 29, 2019. ECF No. 40. Defendant has denied any and all liability alleged in the Lawsuit.

On or around August 14, 2020, after extensive arms-length negotiations, Plaintiff and Defendant (the "Parties") entered into a written Class Action Settlement Agreement (the "Agreement"), ECF No. 79-1, which is subject to review under Fed. R. Civ. P. 23.

On August 18, 2020, the Parties filed the Agreement, along with Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement (the "Preliminary Approval Motion"). ECF No. 79.

In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(D), 1453, and 1711–1715, Defendant, through the settlement administrator, served written notice of the proposed class settlement as directed.

On October 9, 2020, upon consideration of Plaintiff's Preliminary Approval Motion and the record, this Court entered an Order of Preliminary Approval of Class Action Settlement ("Preliminary Approval Order"). Pursuant to the Preliminary Approval Order, this Court, among

1  other things, (i) conditionally approved the proposed settlement and (ii) set the date and time of the
2  Final Approval Hearing. ECF No. 83.
3       On December 2, 2020, Plaintiff filed her Motion for Attorneys' Fees, Costs, Expenses, and
4  an Incentive Award. ECF No. 84.
5       On January 14, 2021, Plaintiff filed her Motion for Final Approval of Class Action
6  Settlement (the "Final Approval Motion"). ECF No. __.
7       On February 18, 2021, a Final Approval Hearing was held pursuant to Fed. R. Civ. P. 23 to
8  determine whether the claims asserted in the Lawsuit satisfy the applicable prerequisites for class
9  action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate,
10 and in the best interest of the Settlement Class Members and should be approved by this Court.
11      The Parties now request final certification of the Settlement Classes under Fed. R. Civ. P. 23
12 (b)(3) and final approval of the proposed class action settlement.
13      This Court has read and considered the Agreement, Final Approval Motion, and the record
14 of these proceedings.
15      NOW, THEREFORE, IT IS HEREBY ORDERED:
16 The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties.
17      Pursuant to Fed. R. Civ. P. 23(b)(3), the Lawsuit is finally certified, for settlement purposes
18 only, as a class action on behalf of the following Settlement Class Members with respect to the
19 claims asserted in the Lawsuit:

> All persons in the United States (1) who are not current or former Adobe, Inc.
> customers, and (2) to whom Adobe, Inc. placed a call, (3) by using the Genesys OB
> dialer, (4) directed to a number assigned to a cellular telephone service, (5) from
> February 27, 2015 through March 9, 2020.

23      Pursuant to Fed. R. Civ. P. 23, this Court finally certifies Viann Bonoan as the Class
24 Representative, and Aaron D. Radbil, of Greenwald Davidson Radbil PLLC, and Gary M. Klinger,
25 of Mason Lietz & Klinger, LLP, as Class Counsel.
26      Pursuant to this Court's Preliminary Approval Order, the approved class action notices were
27 mailed and published. The form and method for notifying the Settlement Class Members of the
28 settlement and its terms and conditions was in conformity with this Court's Preliminary Approval

1  Order and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances. This Court finds that the notice was clearly designed to advise Settlement Class Members of their rights.

This Court finds that the Settlement Classes satisfy the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

    A.    The Settlement Class numbers approximately 12,000 individuals. As such the Settlement Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable.

    B.    There are questions of law and fact common to the Settlement Class Members, which predominate over any individual questions. This case pertains to Defendant's alleged use of an automated dialing system to call Class Members and as such the central questions are common to all Class Members. Commonality is regularly found in TCPA class actions. *See e.g.*, *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1041-42 (9th Cir. 2012) (upholding finding of commonality in TCPA action).

    C.    Plaintiff's claims are typical of the claims of the Settlement Class Members. Plaintiff's claims that Defendant's systematic use of an automated dialing system to are reasonably coextensive with absent Class Members. *See Meyer*, 707 F.3d at 1041–42 (9th Cir. 2012).

    D.    Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all Settlement Class Members. Plaintiff has no interests antagonistic of conflicting with other Class Members in this matter, and in negotiating a $1,000,000 non-reversionary common fund, Class Counsel have achieved a significant benefit for Settlement Class Members.

    E.    Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy. Common issues in this matter regarding Adobe's use of the automated dialing system

predominate over individualized ones, making a class action superior to other methods of adjudication. Because the claims are being certified for purposes of settlement, there are no issues with manageability, and the resolution of thousands of claims in one action is far superior to individual lawsuits. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

This Court finds that the settlement of this action, on the terms and conditions set forth in the Agreement is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Settlement Class Members, when considering, in their totality, the following factors: "the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement." *See In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, 895 F.3d 597, 610 n.18 (9th Cir. 2018) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)).

The Court has also considered the following factors in finding that the settlement of this action, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Settlement Class Members:

*Approval of the Proposal*. If the proposal would bind Class Members, the Court may approve it only after a hearing and only on finding that it is fair, reasonable, and adequate after considering whether:

(A) the Class Representatives and Class Counsel have adequately represented the Class;

(B) the proposal was negotiated at arm's length;

(C) the relief provided for the Class is adequate, taking into account:

    (i) the costs, risks, and delay of trial and appeal;

    (ii) the effectiveness of any proposed method of distributing relief to the Class, including the method of processing Class Member claims;

(iii) the terms of any proposed award of attorney's fees, including timing of payment; and

(iv) any agreement required to be identified under Rule 23(e)(3); and

(D) the proposal treats Class Members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

The Agreement, which is deemed incorporated into this order, is finally approved and must be consummated in accordance with its terms and provisions, except as amended by any order issued by this Court. The material terms of the Agreement include, but are not limited to, the following:

A. <u>Settlement Fund</u> – Defendant will establish a $1 million fund (the "Settlement Fund").

B. <u>Deductions</u> – The following are to be deducted from the Settlement Fund before any other distributions are made:

a. The costs and expenses for the administration of the settlement and class notice, including expenses necessary to identify potential Settlement Class Members;

b. Plaintiff's attorneys' fees, in the amount of $333,333.33, and the reimbursement of Class Counsel's litigation costs and expenses in the amount of $14,290.10; and

c. The Incentive Payment to Plaintiff. Viann Bonoan will receive $5,000 from the TCPA settlement fund as acknowledgment of her role in prosecuting claims on behalf of Settlement Class Members.

C. <u>Settlement Payments to Class Members</u> – Each Settlement Class Member who has submitted a valid and timely claim form will receive compensation as set forth in the Agreement. Each settlement check will be void one-hundred twenty days after issuance.

The Settlement Class Members were given an opportunity to object to the settlement. Zero Settlement Class Members objected to the settlement or the requests for attorneys' fees, costs, expenses, or an incentive award. One Settlement Class Member made a valid and timely request for exclusion.

This Order is binding on all Settlement Class Members, except the following individuals who made valid and timely requests for exclusion:

- David Arrington

Plaintiff, Settlement Class Members, and their successors and assigns are permanently barred from pursuing, either individually or as a class, or in any other capacity, any of the released claims against any of the released parties, as set forth in the Agreement. Pursuant to the release contained in the Agreement, the released claims are compromised, settled, released, and discharged, by virtue of these proceedings and this order.

This Final Order and Judgment bars and permanently enjoins Plaintiff and all Members of the Settlement Classes from (a) filing, commencing, prosecuting, intervening in or participating as a plaintiff, claimant or class member in any other lawsuit, arbitration or individual or class action proceeding in any jurisdiction (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), relating to the released claims, and (b) attempting to effect opt-outs of a class of individuals in any lawsuit or arbitration proceeding based on the released claims, except that Settlement Class Members are not precluded from addressing, contacting, dealing with, or complying with requests or inquiries from any governmental authorities relating to the issues raised in this Lawsuit or class action settlement.

The Lawsuit is hereby dismissed with prejudice in all respects.

This Order, the Agreement, and any and all negotiations, statements, documents, and proceedings in connection with this settlement are not, and will not be construed as, an admission by Adobe of any liability or wrongdoing in this or in any other proceeding.

This Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Lawsuit or Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order, including the award of attorneys' fees, costs, disbursements, and expenses to Class Counsel.

For the reasons set forth in Plaintiff's Unopposed Motion for Attorneys' Fees, Costs, Expenses, and an Incentive Award, ECF No. 84, Class Counsel's request for an award of attorneys' fees of $333,333.33 of the settlement funds, is approved.

Class Counsel's request for reimbursement of reasonable litigation costs and expenses in the total amount of $14,290.10 is approved. *See id*.

Plaintiff's request for an incentive award of $5,000.00 is approved. *See id*.

IT IS SO ORDERED.

DATED: _____

_____
UNITED STATES DISTRICT JUDGE